# Exhibit 1

FILED DATE: 12/20/2018 11:11 PM    2017CH09323

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement" or "Settlement Agreement") is entered into by and between Denis Zhirovetskiy ("Plaintiff") both individually and on behalf of the Settlement Class, and Zayo Group, LLC, ("Defendant"), in the case of *Zhirovetskiy et al v. Zayo Group, LLC,* Case No. 17-CH-09323 (Cir. Ct. Cook Cnty.) currently pending in the Circuit Court of Cook County, Illinois, Chancery Division. Plaintiff and Defendant are each referred to as a "Party" and are collectively referred to herein as the "Parties."

### I.    FACTUAL BACKGROUND AND RECITALS

1.    On July 6, 2017, Plaintiff filed a proposed class action lawsuit in the Circuit Court of Cook County, Illinois against Defendant alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA"). On August 11, 2017, Defendant removed the lawsuit to the United States District Court for the Northern District of Illinois where it was assigned to Judge Sharon Johnson Coleman.

2.    On September 18, 2017, Defendant moved to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, alternatively, to strike the prayer for liquidated damages pursuant to Rule 12(f), primarily relying on the argument that Plaintiff did not allege any injury or harm to render him "aggrieved" by the alleged technical violation of BIPA's notice and consent provisions.

3.    On October 10, 2017, Plaintiff filed his first Amended Complaint alleging violations of BIPA and negligence. On December 14, 2017, Defendant filed another motion to dismiss seeking dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) or, alternatively, to strike Plaintiff's claim for liquidated damages under BIPA pursuant to Rule 12(f). In moving to dismiss, Defendant again argued in part that Plaintiff did not allege any injury or harm to render him "aggrieved" by the alleged technical violation of BIPA's notice and consent provisions.

4.    On January 12, 2018, Plaintiff filed a motion to remand, seeking to remand the case to state court on the basis that Defendant had effectively conceded that the federal court lacked Article III jurisdiction. On March 7, 2018, Judge Coleman granted Plaintiff's motion to remand, ordered that the case return to state court, and ordered Defendant to pay Plaintiff's costs and attorneys' fees associated with the additional litigation resulting from Defendant's removal to federal court (the "Remand Order").

5.    On May 24, 2018, Plaintiff filed his Second Amended Complaint in the Circuit Court of Cook County, Illinois, Chancery Division, asserting claims for violation of BIPA, as well as common law claims for negligence and intrusion upon seclusion. On June 29, 2018, Defendant filed its motion to dismiss pursuant to Section 2-619.1 of the Illinois Code of Civil Procedure, again seeking dismissal or, alternatively, to strike Plaintiff's prayer for liquidated damages.

6.    On July 11, 2018, the Parties participated in a formal, full-day mediation session with the Honorable Stuart E. Palmer (Ret.) of JAMS in Chicago, Illinois.

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

7.     Following arms-length negotiations, the Parties have negotiated a settlement with the assistance of Judge Palmer by which the Parties agree and hereby wish to resolve all matters pertaining to, arising from, or associated with the Litigation, including all claims Plaintiff and Settlement Class Members have or may have had against Defendant, its direct or indirect parents, subsidiaries and affiliates, brands, divisions, owners, members, shareholders, directors, officers, agents, managers, employees, vendors, successors, assignors, assignees, representatives, and all other related and affiliated parent, subsidiary and affiliated companies and divisions, through the date on which the Parties sign this Agreement.

8.     The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time and expense.

9.     Defendant denies all charges of wrongdoing, misconduct, or liability of any kind whatsoever that Plaintiff or Settlement Class Members have alleged in this Litigation or may in the future allege. Despite Defendant's belief that it is not liable for, and has defenses and affirmative defenses to, the claims alleged in the Litigation, Defendant desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled and finally put to rest in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement, or any negotiation or discussion thereof, is or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing, misconduct, or liability in connection with the Litigation or otherwise.

10.    Following arms-length negotiations, including mediation before an experienced mediator, the Parties now seek to enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) the Plaintiff's determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

11.    Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

12. In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the Parties that the Litigation be settled and compromised, that the Releasors release the Releasees of the Released Claims, and that the Litigation be dismissed with prejudice, without costs as to Releasees, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.    DEFINITIONS

As used in this Agreement, the following terms have the meanings specified below:

13. "Administrative Expenses" shall mean expenses associated with the Settlement Administrator, including but not limited to costs in providing notice, communicating with Settlement Class Members, establishing the Settlement Website, and disbursing payments to the proposed Settlement Class Members.

14. "Approved Claims" shall mean complete and timely claims, submitted by Settlement Class Members, that have been approved for payment by the Settlement Administrator.

15. "Biometric Security System" shall mean the security and controlled access technology used by Defendant during the Class Period which utilizes in part a scan of a portion of Plaintiff's and the Settlement Class Members' hand, palm or finger, or other biometric identifier, information, or data, to identify or verify such persons for security and access purposes in one or more of Defendant's colocations or facilities.

16. "Claim Form" shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement.

17. "Claims Deadline" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date approximately 90 (ninety) days after entry of the Preliminary Approval Order, or such other date ordered by the Court. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

18. "Class," "Settlement Class," "Class Member," or "Settlement Class Member" shall mean each member of the settlement class, as defined in Section III of this Agreement, who does not timely elect to be excluded from the Settlement Class.

19. "Class Counsel" shall mean Myles McGuire, Evan M. Meyers, David L. Gerbie and Jad Sheikali of McGuire Law, P.C.

20. "Counsel" or "Counsel for the Parties" means both Class Counsel and Defendant's Counsel, collectively.

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

FILED DATE: 12/20/2018 11:11 PM 2017CH09323

21. "Court" shall mean Judge Peter Flynn of the Circuit Court of Cook County, Illinois, or any other judge who shall have jurisdiction over the pending Litigation.

22. "Defendant" or "Zayo Group" shall mean Zayo Group, LLC.

23. "Defendant's Counsel" shall mean Joseph A. Strubbe, Frederic T. Knape, and Zachary J. Watters of Vedder Price P.C.

24. "Effective Date" shall mean the date when the Settlement Agreement becomes Final.

25. "Fee and Expense Application" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, costs, and expenses.

26. "Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

27. "Final" means the Final Approval Order has been entered on the docket, and (a) the time to appeal from such order has expired and no appeal has been timely filed; (b) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (c) the Court following the resolution of the appeal enters a further order or orders approving settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

28. "Final Approval Hearing" means the hearing before the Court where the Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and approving an Incentive Award to the Class Representative.

29. "Final Approval Order" or "Final Approval of the Settlement" shall mean an order entered by the Court that:

    a. Certifies the Settlement Class pursuant to 735 ILCS 5/2-801;

    b. Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Agreement;

    c. Dismisses the Plaintiff's claims pending before it with prejudice and without costs, except as explicitly provided for in this Agreement;

    d. Approves the Release provided in Section VIII and orders that, as of the Effective Date, the Released Claims will be released as to Releasees;

    e. Reserves jurisdiction over the Settlement and this Agreement; and

4

f.     Finds that, pursuant to 735 ILCS 5/2-1301, there is no just reason for delay of entry of final judgment with respect to the foregoing.

30.     "Incentive Award" shall have the meaning ascribed to it as set forth in Section XV of this Agreement.

31.     "Initially Approved Claims" shall mean those Claims Forms initially approved by the Settlement Administrator within fourteen (14) days of the Claims Deadline.

32.     "Initially Rejected Claims" shall mean those Claims Forms initially not approved by the Settlement Administrator within fourteen (14) days of the Claims Deadline.

33.     "Litigation" shall mean both the action pending in the Circuit Court of Cook County, Illinois, Chancery Division, captioned *Zhirovetskiy et al v. Zayo Group, LLC,* Case No. 18-CH-02140 (Cir. Ct. Cook Cnty.), and the action removed to the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Zhirovetskiy et al v. Zayo Group, LLC,* Case No. 17-cv-05876 (N.D. Ill.).

34.     "Notice" means the direct notice of this proposed settlement, which is to be provided substantially in the manner set forth in this Agreement and Exhibits C through E, and is consistent with the requirements of Due Process.

35.     "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date approximately sixty (60) days after entry of the Preliminary Approval Order, or such other date as ordered by the Court.

36.     "Parties" shall mean Defendant and Plaintiff, collectively.

37.     "Plaintiff" or "Class Representative" shall mean the named class representative, Denis Zhirovetskiy.

38.     "Preliminary Approval Order" or "Preliminary Approval of the Settlement" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the settlement to the Settlement Class substantially in the form of the Notice set forth in this Agreement.

39.     "Related Actions" shall mean any proceedings, other than the Litigation, that allege that Defendant violated BIPA or any related or similar statutes or common law claims, that were or could have been brought by a plaintiff who alleged they had their biometrics taken by Defendant.

40.     "Released Claims" shall mean any and all causes of action or claims against Releasees whatsoever arising out of, relating to, or connected with the alleged capture, collection, storage, possession, transmission, purchase, receipt through trade, sale, lease, trade, profit, disclosure, re-disclosure, dissemination,

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

FILED DATE: 12/20/2018 11:11 PM 2017CH09323

transmission, protection, conversion, and/or use of biometric identifiers, biometric information or other biometric data in connection with Defendant's Biometric Security System, including but not limited to causes of action or claims brought under BIPA or any related or similar statutes or common law. "Released Claims" also include without limitation all causes of action or claims that arise from, are connected or associated with, or are related to the claims (whether common law and/or statutory) that were or could have been asserted in the Litigation or Related Actions, regardless of whether such claims are known or unknown, filed or unfiled, asserted or as yet unasserted, existing or contingent, whether in contract, tort, or otherwise, including statutory, common law, property, employment related, and any additional constitutional, common law and/or statutory claims. For the avoidance of doubt, "Released Claims" includes any current or future claim that is based on the same or a series of related or repeated acts, errors or omissions, or from any continuing acts, errors or omissions, that were alleged in the Litigation.

41.     "Releasees" shall refer, jointly and severally, and individually and collectively, to Defendant and its past, present and future parents, subsidiaries, affiliates, predecessors, successors, assigns, holding companies, brands, divisions, shareholders, principals, owners, members, directors, officers, managers, employees, independent contractors, agents, board members, , partners, attorneys, insurers, reinsurers, accountants, financial and other advisors, investment bankers, underwriters, and lenders, as well as any vendors, contractors and joint venturers of Defendant's Biometric Security System and each of their respective parents, subsidiaries, affiliates, employees, and agents.

42.     "Releasors" shall refer, jointly and severally, and individually and collectively, to Plaintiff, the Settlement Class Members, and to each of their respective predecessors, successors, affiliates, spouse, heirs, executors, administrators, agents and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

43.     "Settlement Administrator" means, subject to Court approval, KCC, LLC, the entity mutually selected and supervised by the Parties to administer the settlement.

44.     "Settlement Fund" means or refers to the settlement fund in the amount of Nine Hundred Ninety Thousand Dollars ($990,000.00).

45.     "Settlement Website" means a website established and administered by the Settlement Administrator, which shall contain information about the settlement, including electronic copies of Exhibits C-E (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the settlement. The URL of the Settlement Website shall be www.ZayoBIPASettlement.com or such other URL as Class Counsel and Defendant's Counsel may subsequently agree to in writing. Settlement Class Members shall be able to submit Claim Forms via the Settlement Website.

## III. SETTLEMENT CLASS CERTIFICATION

46. For the purposes of this Settlement Agreement only, the Parties stipulate and agree that: (a) the Class shall be certified in accordance with the definition contained in Paragraph 48 below; (b) Plaintiff shall represent the Class for settlement purposes and shall be the Class representative; and (c) Plaintiff's Counsel shall be appointed as Class Counsel.

47. Defendant does not consent to certification of the Class for any purpose other than to effectuate this Settlement Agreement. If the Court does not enter the Final Approval Order, or if for any other reason Final Approval of the Settlement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into. In the event that the Court does not enter the Final Approval Order, or if for any other reasons Final Approval of the Settlement does not occur, is successfully objected to, or challenged on appeal: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that Defendant did not oppose the certification of a Class under this Agreement, or that the Court entered a Preliminary Approval Order or otherwise preliminarily approved the certification of a Class, shall not be used or cited thereafter by any person or entity in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

48. Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

"All individuals whose hand, palm or finger scan(s) and/or associated biometric identifier, information, or data was captured, obtained, stored, transferred and/or used by Defendant's Biometric Security System in one or more of Defendant's colocations or other facilities located within the state of Illinois between July 6, 2012 and December 27, 2017."

49. Excluded from the Settlement Class are all persons who timely elect to exclude themselves from the Settlement Class, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family. Defendant has represented to Plaintiff that there are approximately 2,200 members of the Settlement Class.

50. If for any reason the settlement is not granted preliminary and/or final approval, Defendant's agreement to certification of the Settlement Class shall not be used for any purpose, including but not limited to in any request for class certification in the Litigation, Related Actions, or any other proceeding.

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

## IV. SETTLEMENT OF LITIGATION AND ALL CLAIMS AGAINST RELEASEES

51.     Final approval of this Settlement Agreement will settle and resolve with finality, on behalf of the Plaintiff and the Settlement Class, the Litigation, any Related Actions, and the Released Claims and any other causes of action or claims that have been brought, could have been brought, or could be brought now or at any time in the future against the Releasees by the Releasors in the Litigation, Related Actions, or any other proceeding arising out of, in any manner related to, or connected in any way with the Released Claims.

## V. SETTLEMENT FUND

52.     Establishment of Settlement Fund

   a.    Within thirty (30) days of the entry of the Preliminary Approval Order, Defendant shall pay to the Settlement Administrator the total sum of up to Nine Hundred Ninety Thousand Dollars ($990,000.00) to create the Settlement Fund to be funded pursuant to subparagraph (d) below. Provided that the Court enters Final Approval of the Settlement, the Settlement Fund will be used to satisfy Approved Claims for Settlement Class Members in exchange for a comprehensive release and the covenants set forth in this Agreement, including, without limitation, a full, fair and complete release of all Releasees from Released Claims, and dismissal of the Litigation with prejudice.

   b.    The total sum to be paid by Defendant under this Section shall be provided by Defendant to the Settlement Administrator and maintained by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

   c.    If the Settlement Agreement is not finally approved, the Settlement Fund belongs to Defendant, less any Administrative Expenses paid to date. Plaintiff shall have no financial responsibility for any Administrative Expenses paid out of the Settlement Fund in the event that the Settlement Agreement is not finally approved.

   d.    Notwithstanding provisions of subparagraph (a) above, the first five hundred thousand dollars ($500,000.00) of the Settlement Fund shall be used to pay (i) Approved Claims; (ii) an Incentive Award to the Class Representative; (iii) the Fee Award; and (iv) costs of administration of the Agreement to the Settlement Administrator, including without limitation payment of Administrative Expenses. If payment obligations from categories (i-iv) should amount to less than Five Hundred Thousand Dollars ($500,000.00), the remainder of the first Five Hundred Thousand Dollars ($500,000.00) of the Settlement Fund shall go to a *cy pres* recipient(s) to be

FILED DATE: 12/20/2018 11:11 PM    2017CH09323

selected by the Parties and approved by the Court. The remaining four hundred and ninety thousand dollars ($490,000) of the Settlement Fund shall be made available and paid as needed to pay Approved Claims. Any portion of the remaining Four Hundred Ninety Thousand Dollars ($490,000.00) of the Settlement Fund that is not paid for Approved Claims shall revert to or remain with the Defendant and/or its insurer(s).

e.    The Settlement Fund represents the total extent of the Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Section and be final. Defendant shall have no obligation to make further payments into the Settlement Fund, and shall have no financial responsibility or obligation relating to the settlement beyond the Settlement Fund.

f.    The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the amount of the Settlement Fund (including the reverting and non-reverting components thereof).

53.    A Settlement Class Member who timely submits a valid Claim Form shall be entitled to a payment of Four Hundred Dollars ($400.00), subject to *pro rata* reduction so that all Approved Claims can be paid in an equal amount after payment of Administrative Expenses to the Settlement Administrator, a Fee Award to Class Counsel, and an Incentive Award to the Class Representative. Thus, each Settlement Class Member who timely submits a valid Claim Form shall receive the same amount of the Settlement Fund as each other Settlement Class Member who timely submits a valid Claim Form.

54.    Procedure for Approving Settlement.

a.    Unopposed Motion for Preliminary Approval of the Settlement by the Court.

i.    Plaintiff will file an unopposed motion for an order conditionally certifying the Class, giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice, and Claim Form (the "Unopposed Motion for Preliminary Approval").

ii.    At the hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the Unopposed Motion for Preliminary Approval, and submit a proposed order granting conditional certification of the Class and Preliminary Approval of the Settlement; appointing the Class Representative and Class Counsel; approving the Claim Form and

9

FILED DATE: 12/20/2018 11:11 PM 2017CH09323

the forms of notice to the Class of the settlement; and setting the Final Approval Hearing.

iii. For the purposes of the settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be conditionally certified in accordance with the definition contained above, that Plaintiff shall be conditionally appointed class representative for the Class, and that Plaintiff's Counsel shall be conditionally appointed as counsel for the Class. Should the Court decline to preliminarily approve any material aspect of this Settlement Agreement, the settlement will be null and void, the Parties will have no further obligations under this Agreement, and the Parties will revert to their prior positions in the Litigation as if the settlement had not occurred.

## VI. SUBMISSION AND EVALUATION OF CLAIMS

55. a. All claims must be submitted on a Claim Form. The Claim Form will require the Settlement Class Member to provide his or her full name, mailing address, and contact telephone number; an affirmation that he/she was subject to Defendant's Biometric Security System in one or more of Defendant's colocations or other facilities located within the state of Illinois; and a signature.

b. The Claim Form must be submitted (either electronically submitted or else postmarked if mailed) on or before the Claims Deadline. The Claim Form shall be substantially in the form attached hereto as Exhibit A.

c. Completed Claim Forms shall be submitted directly to the Settlement Administrator either electronically via the Settlement Website, via email, or via U.S. Mail for processing, assessment, and payment.

d. Any Claim Form that lacks the requisite information will be deemed to be incomplete and ineligible for payment. For any partially-completed Claim Forms, the Settlement Administrator shall attempt to contact the Settlement Class Member who submitted the Claim Form at least one time by e-mail or, if no e-mail address is available, by regular U.S. mail (i) to inform the Settlement Class Member of any error(s) and/or omission(s) in the Claim Form and (ii) to give the Settlement Class Member one opportunity to cure any errors and/or omissions in the Claim Form. The Settlement Class Member shall have until the Claims Deadline, or fourteen (14) days after the Settlement Administrator sends the e-mail or regular mail notice to the Settlement Class Member regarding the partially-completed Claim Form, whichever is later, to cure the error(s) and/or omission(s) in the Claim Form.

e. A Settlement Class Member is not entitled to any monetary compensation from the Settlement Fund if he/she submits a Claim Form after the Claims

FILED DATE: 12/20/2018 11:11 PM 2017CH09323

Deadline, and/or if the Claim Form is incomplete after an opportunity to cure any error(s) and/or omission(s) or contains false information.

f.    Within fourteen (14) days after the Claims Deadline, the Settlement Administrator shall process all Claim Forms submitted by Settlement Class Members and shall determine which claims are valid and initially approved and which claims are initially rejected. The Settlement Administrator may accept or reject any Claim Form submitted, and may, upon its sole discretion, request additional information (consistent with subparagraph (d) above) prior to initially rejecting or accepting any Claim Form submitted. The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse and/or fraud, and shall deny Claim Forms which are incomplete and/or where there is evidence of abuse and/or fraud.

g.    Within fourteen (14) days after the Claims Deadline, the Settlement Administrator will submit to Counsel for the Parties a report listing all Initially Approved Claims ("Initially Approved Claims List"), and shall include an electronic PDF copy of all such initially approved Claim Forms. Within fourteen (14) days after the Claims Deadline, the Settlement Administrator will also submit to the Counsel for the Parties a report listing all Initially Rejected Claims ("Initially Rejected Claims List"), and shall include an electronic PDF copy of all such initially rejected Claim Forms.

h.    Counsel for the Parties shall have fourteen (14) days after the date they receive the Initially Approved Claims List and related Claim Forms to audit and challenge any initially Approved Claims. Within fourteen (14) days after Counsel for the Parties receive the Initially Approved Claims List and related Claim Forms, they shall serve opposing counsel via email with a notice of claim challenges identifying by claim number any Initially Approved Claim they wish to challenge and the reasons for the challenge.

i.    Similarly, Counsel for the Parties may challenge any Initially Rejected Claims. Counsel for the Parties shall have fourteen (14) days after the date they receive the Initially Rejected Claims List and related Claim Forms to audit and challenge any initially rejected claims. Within fourteen (14) days after Counsel for the Parties receive the Initially Rejected Claims List and related Claim Forms, they shall serve opposing counsel via email with a notice of claim challenges identifying by claim number any Initially Rejected Claim they wish to challenge and the reasons for the challenge.

j.    Counsel for the Parties shall meet and confer within fourteen (14) days following service by Counsel of notice of challenges to claims in an effort to resolve any disputes over any challenged claims identified in the notice(s) of claim challenges. If the challenges are not withdrawn or resolved by Counsel, the Settlement Administrator will render a final decision regarding any remaining disputes concerning Initially Approved Claims or Initially Rejected Claims within twenty-one (21) days following written notice to

11

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

the Settlement Administrator from Counsel advising that the challenges have not been resolved by Counsel. The date all claims are finalized without any further dispute shall be referred to as the "Claims Finalization Date." If neither Class Counsel nor Defendant's Counsel have any challenges to the initial claims determination reached by the Settlement Administrator, then the Claims Finalization Date shall be the date both Class Counsel and Defendant's Counsel inform each other by email that the Parties do not have any objection to the claims determination made by the Settlement Administrator or the time for informing each other of such challenges has lapsed.

k.   Within seven (7) days of the Claims Finalization Date, the Settlement Administrator shall provide Counsel for the Parties a spreadsheet setting forth the claim number, claimant name, and claimant address, and totaling the amount to be paid for each claimant, which shall be an equal amount for each approved claim as set forth in Paragraph 53 above (the "Final Claims List").

l.   Within ten (10) days after the latest of the Claims Finalization Date and the Effective Date, the Settlement Administrator shall send a check by First Class U.S. Mail to each Class Member on the Final Claims List.

m.   The Settlement Administrator shall notify the Parties that all Approved Claims have been paid within five (5) business days of the last such payment.

n.   In the event that checks sent to Settlement Class Members are not cashed within One Hundred Twenty (120) days after their date of issuance, whether because the checks were not received or otherwise, those checks will become null and void. The amount of the uncashed checks after the expiration date will be distributed subject to operation of Paragraph 52(d) above.

## VII.   PROSPECTIVE RELIEF

56.   Without admitting any liability or that it is required by law to do so, Defendant agrees that, on or before the Effective Date, it shall implement policies and procedures regarding the use of the Biometric Security System in its colocations and other facilities within the state of Illinois consistent with the requirements of BIPA. Defendant's obligations under this Paragraph 56 shall cease in the event that BIPA is determined not to apply to the technology used in connection with the Biometric Security System or the information or data collected from the Biometric Security System is determined not to be governed by or subject to BIPA; in each case whether by statutory amendment or court order.

## VIII.   RELEASE

57. In addition to the effect of any final judgment entered in accordance with this Agreement, upon final approval of this Agreement, and for other valuable consideration as described herein, Releasees shall be completely released, acquitted, and forever discharged from any and all Released Claims.

58. As of the Effective Date, and with the approval of the Court, all Releasors hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against Releasees. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Releasees asserting any and/or all Released Claims.

59. As of the Effective Date, Plaintiff and each Settlement Class Member hereby waives and relinquishes to the fullest extent permitted by law, the provisions, rights, and benefits of any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542. Each Releasor hereby certifies that he or she is aware of and has read and reviewed the following provision of California Civil Code Section 1542:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

60. The provisions of the Releasees' release shall apply according to their terms, regardless of any provision of law or legal authority similar to California Civil Code Section 1542.

61. Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Agreement.

## IX. PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

62. This Settlement Agreement shall be subject to approval of the Court. As set forth in Section XV, Defendant shall have the right to withdraw from this Settlement Agreement if the Court does not approve the material aspects of the settlement.

63. Plaintiff, through Class Counsel, shall submit this Agreement, together with its exhibits, to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order, substantially in the form of Exhibit B, which order shall seek a Final Approval Hearing date and approve the Notices and Claim Form for dissemination in accordance with the Notice Plan.

64. At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold

FILED DATE: 12/20/2018 11:11 PM  2017CH09323

FILED DATE: 12/20/2018 11:11 PM    2017CH09323

a Final Approval Hearing approximately ninety (90) days after entry of the Preliminary Approval Order and approve the settlement of the Litigation as set forth herein.

65. At least fourteen (14) days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for (i) final approval of the Settlement; (ii) final appointment of the Class Representative and Class Counsel; and (iii) final certification of the Settlement Class, including for the entry of a Final Order and Judgment identical in all material respects to the proposed Final Order and Judgment attached hereto as Exhibit F, and file a memorandum in support of the motion for final approval.

## X.   NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS

66. Class List

    a.    Defendant, with the assistance of the Settlement Administrator as appropriate, shall create a Class List, based on readily available information already within its possession ("Class List").

    b.    The Class List shall include the names, e-mail addresses, and last known mailing addresses of potential Settlement Class Members, to the extent such information is readily available. Defendant shall provide the Class List within seven (7) days after entry of the Preliminary Approval Order.

67. Type of Notice Required

    a.    The Notice, which shall be substantially in the form of Exhibits C through E attached hereto, shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement and to further inform Settlement Class Members how they may (a) obtain a copy of the Claim Form; (b) protect their rights regarding the settlement; (c) request exclusion from the Settlement Class and the proposed settlement, if desired; (d) object to any aspect of the proposed settlement, if desired; and (e) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the settlement on all persons who do not timely request exclusion from the Settlement Class.

    b.    Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the forms attached as Exhibits C through E hereto.

    c.    Individual notice (substantially in the form of Exhibit C) shall be sent via e-mail to the Class List where possible and via U.S. Mail (substantially in the form of Exhibit D) where e-mail delivery is not possible and where

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

Defendant has a last-known mailing address or the address information can be determined by the Settlement Administrator.

d. Notice of the settlement (substantially in the form of Exhibit E) shall be posted on the Settlement Website within fourteen (14) days of the entry of the Preliminary Approval Order.

68. Notice Deadline

a. Within fourteen (14) days of entry of the Preliminary Approval Order, the Settlement Administrator shall disseminate by email the Notice in the form of Exhibit C to Settlement Class Members identified on the Class List for whom an email address is known. Within fourteen (14) days of entry of the Preliminary Approval Order, the Settlement Administrator shall disseminate by U.S. Mail the Notice in the form of Exhibit D to Settlement Class Members identified on the Class List for whom there is no known email address.

## XI. **EXCLUSIONS**

69. Exclusion Period

a. Settlement Class Members will have up to and including sixty (60) days following entry of the Preliminary Approval Order to exclude themselves from the Settlement in accordance with this Section. If the Settlement is finally approved by the Court, all Settlement Class Members who have not opted out by the end of the Objection/Exclusion Deadline will be bound by the settlement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by the Settlement Class.

70. Exclusion Process

a. A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked, or submitted electronically via the Settlement Website, on or before the Objection/Exclusion Deadline.

b. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case, a statement that he/she wishes to be excluded from the Settlement Class; and a signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not electronically submitted or postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

15

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

c. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any order or the Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A member of the Settlement Class who requests to be excluded from the Settlement Class also cannot object to the settlement.

d. The request for exclusion must be personally signed by the person requesting exclusion. So called "mass" or "class" exclusion requests shall not be allowed.

e. Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

f. A list reflecting all individuals who timely and validly excluded themselves from the Settlement Class shall also be filed with the Court at the time of the motion for final approval of the settlement.

## XII. **OBJECTIONS**

71. The Notices shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notices shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline, the person making an objection shall: (1) file his/her objection with the Clerk of Court; (ii) file copies of such papers he/she proposes to submit at the Final Approval Hearing with the Clerk of the Court; and (iii) send copies of such papers via United States mail, hand delivery, or overnight delivery to both Class Counsel and Defendant's Counsel. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections, Claim Forms, and any other communication relating to this Settlement.

72. Any Settlement Class Member who intends to object to the settlement must include in any such objection: (i) his/her full name, address and current telephone number; (ii) the case name and number of this Litigation; (iii) the facility location at which he/she used the Defendant's Biometric Security System; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (vi) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such

16

in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

73. Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Agreement, shall not be permitted to object to the approval of the Settlement Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of the settlement or the terms of the Agreement by appeal or other means.

74. Settlement Class Members cannot both object to and exclude themselves from this Settlement Agreement. Any Settlement Class Member who attempts to both object to and exclude themselves from this Settlement Agreement will be deemed to have excluded themselves and will forfeit the right to object to this Settlement Agreement or any of its terms. If a Settlement Class Member returns both a Claim Form and a written request for exclusion, the request for exclusion shall deemed void and of no force and effect, and the Claim Form shall be processed under the terms of this Settlement Agreement.

## XIII. FINAL APPROVAL HEARING

75. The Parties will jointly request that the Court hold a Final Approval Hearing approximately ninety (90) days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class pursuant to 735 ILCS § 5/2-801 for settlement and, if so, (i) consider any properly-filed objections, (ii) determine whether the settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connections therewith, and (iii) enter the Final Approval Order, including final approval of the Settlement Class and the Settlement Agreement, and a Fee Award.

## XIV. FINAL APPROVAL ORDER

76. The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waiving any rights of appeal.

77. The Parties shall jointly submit to the Court a proposed order, substantially in the form attached hereto as Exhibit F, that, without limitation:

   a. Approves finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of 735 ILCS 5/2-801 and directing its consummation according to its terms;

17

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

b.   Dismisses, with prejudice, all claims of Plaintiff and the Settlement Class against Defendant in the Litigation, without costs and fees except as explicitly provided for in this Agreement; and

c.   Reserves continuing and exclusive jurisdiction over the settlement and this Agreement, including but not limited to the Litigation, the Settlement Class, the Settlement Class Members, Plaintiff and Defendant for the purposes of administering, consummating, supervising, construing and enforcing the Settlement Agreement and the Settlement Fund.

78.   Class Counsel shall use their best efforts to assist Defendant in obtaining dismissal with prejudice of the Litigation and take all steps necessary and appropriate to otherwise effectuate all aspects of this Agreement.

## XV.   TERMINATION OF THE SETTLEMENT

79.   The settlement is conditioned upon preliminary and final approval of the Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties). All exhibits attached hereto are incorporated into this Settlement Agreement. Either Party may elect to terminate and cancel this Settlement Agreement within ten (10) days of any of the following events:

a.   This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing.

b.   The Court refuses to grant Preliminary Approval of the Settlement;

c.   The Court refuses to grant Final Approval of the Settlement; or

d.   The Court refuses to enter a Final Approval Order or a final judgment in the Litigation;

80.   The Settlement Agreement may be terminated and cancelled, at the sole and exclusive discretion of Defendant, if more than 10% of the Settlement Class Members timely and validly exclude themselves from the settlement.

81.   In the event the Settlement Agreement is not approved or does not become Final, or is terminated consistent with the provisions herein, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Litigation.

## XVI.   ATTORNEYS' FEES, COSTS AND EXPENSES AND INCENTIVE AWARD

82. At least twenty-one (21) days prior to the Objection/Exclusion Deadline, Class Counsel will move the Court for an award of attorneys' fees not to exceed 40% of the Settlement Fund, or Three Hundred Ninety-Six Thousand Dollars ($396,000.00), plus costs and expenses.

83. Defendant agrees not to oppose an application for attorneys' fees by Class Counsel in an amount not more than 40% of the Settlement Fund, or Three Hundred Ninety-Six Thousand Dollars ($396,000.00), plus their costs and expenses. Class Counsel, in turn, agree not to seek or accept attorneys' fees in excess of this amount from the Court.

84. Notwithstanding any contrary provision of this Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

85. Class Counsel shall provide the Settlement Administrator with a completed W-9 before the payment of the Fee Award is due. Within three (3) business days after the Effective Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Fund the amount awarded by the Court in the Fee Award. Any payment of the Fee Award shall be paid via electronic wire transfer to an account designated by Class Counsel.

86. Prior to or at the same time as Plaintiff seeks Final Approval of the Settlement, Class Counsel shall move the Court for an Incentive Award for the Class Representative in an amount not to exceed Ten Thousand Dollars ($10,000.00), and Defendant agrees that it will not oppose such a request. The Incentive Award shall be paid solely from the Settlement Fund by check written by the Settlement Administrator within seven (7) days of the Effective Date.

87. In no event will Defendant's liability for attorneys' fees, expenses, and costs, Administration Expenses, and/or an Incentive Award exceed its funding obligations set out this Agreement. Defendant shall have no financial responsibility for this Settlement Agreement outside of the Settlement Fund. Defendant shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class including but not limited to any further obligation for attorneys' fees or expenses which were granted, in an undetermined amount, in the Remand Order. Defendant will have no responsibility, obligation or liability for allocation of fees and expenses among Class Counsel.

## XVII. MISCELLANEOUS REPRESENTATIONS

88.   The Parties agree that the Settlement Agreement provides fair, equitable and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given Settlement Class Member related to the Released Claims.

89.   The Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement, and (ii) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain Final Approval of the Settlement. The Parties further agree that if, before the Effective Date, any issues regarding interpretation or implementation of, or compliance with, this Settlement Agreement (other than disputes concerning challenges to Initially Approved Claims or Initially Rejected Claims, which shall be resolved in accordance with Section VI) arise between or among the Parties and such issues cannot be resolved by the Parties themselves, either Party may submit such issues for binding arbitration before the mediator, Judge Stuart E. Palmer, who will arbitrate the issues and deliver a decision that will be binding on the Parties. In the event that Judge Palmer is unavailable or unwilling to act in this capacity, and if the Parties fail to agree upon a substitute individual to do so, either Party may apply to JAMS in Chicago, Illinois for the appointment of a neutral to serve in such capacity. The Parties shall evenly split the arbitration/arbitrator costs and bear their own attorneys' fees and other costs.

90.   The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Releasees, and each or any of the Releasees, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

91.   Nothing express or implied in this Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Releasees, and Settlement Class Members any right or remedy under or by reason of this Agreement. Each of the Releasees is an intended third-party beneficiary of this Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her or its favor against all Releasors.

92.   The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its

20

FILED DATE: 12/20/2018 11:11 PM 2017CH09323

exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

93. Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

94. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

95. This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

96. This Agreement may not be amended, modified, altered, or otherwise changed in any manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

97. The Parties agree that Exhibits A through F to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

98. The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Agreement.

99. Except as otherwise provided herein, each Party shall bear its own costs.

100. Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Releasees to any other person or party.

101. The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

102. The Parties specifically acknowledge, agree and admit that this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents shall be considered a compromise within the meaning of Illinois Rules of Evidence Rule 408, and any other equivalent or similar rule of evidence, and shall not (1) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (2) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

103. The Parties also agree that this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

104. This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, shall be inadmissible as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Order and Judgment.

105. The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (1) to enforce the terms and provisions hereof or thereof, (2) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (3) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (4) in connection with any motion to enjoin, stay or dismiss any other action, or (5) to obtain Court approval of the Settlement Agreement.

106. Except as provided herein, there shall be no comments made to the press or any third party, or any other disclosure by or through the Parties or their attorneys or agents, comprising opinions as to the Litigation. Plaintiff and Class Counsel shall not make any public statement, including any statement to the press, regarding the Settlement Agreement or settlement aside from the following agreed upon statement: "[The Parties] have reached a proposed agreement and look forward to the Court's review and decision." Similarly, Defendant and Defendant's Counsel shall not make any public statement, including any statement to the press, regarding the Settlement Agreement or settlement. This paragraph shall not be construed to limit or impede the notice requirements of Section X above, nor shall this paragraph be construed to prevent Class Counsel or Defendant from notifying or explaining to potential Settlement Class Members or others that this case has settled and how to obtain settlement benefits, nor shall this paragraph limit the representations that the Parties or Counsel for the Parties may make to the Court to assist in its evaluation of the proposed settlement. If a Party is required by a valid, enforceable subpoena or government information request to disclose information about the settlement, such Party shall provide reasonable prior notice (to the extent permitted by applicable law) to the other Party to allow the other Party to seek to prevent such disclosure. A Party may also provide necessary and accurate information about the

22

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

settlement to its shareholders and other persons or entities as required by securities laws or other applicable laws or regulations.

107. This Agreement may be executed in one or more counterparts exchanged by hand, messenger, facsimile, or PDF as an electronic mail attachment. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that Counsel for the Parties exchange signed counterparts.

108. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Releasees.

109. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties hereby submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

110. This Agreement shall be governed by and construed in accordance with the laws of the state of Illinois.

111. This Agreement is deemed to have been prepared by Counsel for the Parties as a result of arms-length negotiations among the Parties. Whereas both Plaintiff and Defendant have contributed substantially and materially to the preparation of this Agreement and its exhibits, it shall not be construed more strictly against one Party than another.

112. Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

If to Class Counsel:

Myles McGuire
Evan M. Meyers
David L. Gerbie
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
jsheikali@mcgpc.com

If to Defendant's Counsel:

Joseph A. Strubbe
Frederic T. Knape
Zachary J. Watters
VEDDER PRICE, P.C.
222 North LaSalle Street
Chicago, Illinois 60601
Tel: (312) 609-7500
jstrubbe@vedderprice.com
fknape@vedderprice.com
zwatters@vedderprice.com

113. This Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

23

FILED DATE: 12/20/2018 11:11 PM   2017CH09323

**IN WITNESS HEREOF,** the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

DENIS ZHIROVETSKIY, individually and as the Class Representative

Signature: _Denis zhirovetskiy_

Date: 12/19/2018

ZAYO GROUP, LLC

By: _[signature]_

Print Name: _Daniel G. Yamagishi_

Date: _December 19, 2018_

MCGUIRE LAW, P.C., as Class Counsel

By: _[signature]_

Print Name: _DAVID GERBIE_

Date: _December 19, 2018_

VEDDER PRICE, P.C., as Defendant's Counsel

By: _[signature]_

Print Name: _Joseph Schuch_

Date: _December 19, 2018_

24