# Exhibit 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>KRONOS INCORPORATED, a Delaware corporation,<br><br>*Defendant.* | Case No. 1:19-cv-01306<br><br>Honorable Gary M. Feinerman |

### DECLARATION OF JAY EDELSON
### IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO
### TRANSFER, CONSOLIDATE, AND APPOINT INTERIM COUNSEL

Pursuant to 28 U.S.C. § 1746, I declare and state as follows:

1. I am an attorney admitted to practice before the Supreme Court of the State of Illinois and in the Northern District of Illinois. I am submitting this Declaration in support of Plaintiffs' Motion to Transfer, Consolidate, and Appoint Interim Counsel in the above-captioned action. This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify as to the matters herein stated, I could and would competently do so.

2. I am the founder and Chief Executive Officer of Edelson PC, and am one of the attorneys primarily responsible for prosecuting the claims of Plaintiffs and the putative class in the above-captioned action.

*Our Efforts to Self-Organize the BIPA Plaintiffs' Bar.*

3. As discussed in the opening brief, the Chamber of Commerce and other corporate interest groups began spending enormous sums of money trying to effectively repeal BIPA in

1

Springfiled after the *Licata v. Facebook* case was filed. My firm's dedicated Government Affairs group has spearheaded efforts to protect the law from hostile amendments that would lift BIPA's protections from Illinoisans. As part of those efforts, we reached out to other members of the plaintiffs' bar and engaged them to support such legislative efforts. With few exceptions, the plaintiffs' firms involved in the litigation have been receptive to this coordinated and collaborative approach. Mr. McGuire's firm was one of the exceptions.

4. Despite our reaching out to his firm to discuss the threats to BIPA in the legislature and supporting our efforts to protect the law, we simply never heard back from Mr. McGuire's firm about supporting the law. To our knowledge, he has never engaged with any efforts to support BIPA in the legislature.

### *Our Efforts to Self-Order Leadership in this Action.*

5. The *Figueroa* action was filed on January 18, 2019.

6. The *Marshall* plaintiffs' counsel did not mention their plans to file an action, about two weeks later, that was in every relevant respect the same as *Figueroa*.

7. When the *Marshall* case was removed to federal court, the *Marshall* plaintiffs moved to transfer and consolidate it. (Dkt. 37.)

8. Before that motion was presented, I reached out to one of the attorneys for the *Marshall* plaintiffs from the McGuire firm, Evan Meyers, and suggested we meet in person to discuss before presentment. While he expressed interest in discussing a framework, he was not able to meet before presentment of the motion and suggested we meet the week after the hearing. I reached out immediately after the May 9, 2019 hearing to schedule a time, but I did not hear back.

2

9. Steven Hart of the Hart Law firm, another of the attorneys for the *Marshall* plaintiffs, reached out to other attorneys at my office a few days later. He met with them in person to discuss a proposal for self-ordering the actions.

10. After that meeting, Mr. Hart circulated a joint prosecution agreement that was not at all acceptable. We let him know right away.

11. Our primary concern in reaching an agreement to self-order the actions was that certain firms, including McGuire, were engaged in a race to the bottom. This included settlement structures—many of which are discussed in the reply brief—as well as filing weaker cases that threatened to lead to bad law. Thus, we proposed a structure that would bring McGuire, and the handful of firms filing BIPA cases that were not already working with the rest of the plaintiffs' bar, into the fold to effectively self-order the employer BIPA cases that were on file.

12. After discussing the principal terms of this structure with Mr. Hart, he indicated that he would be able to support it along with the McGuire firm.

13. We drafted that agreement and provided to Mr. Hart, presumably for review by the McGuire firm as well. We never heard back.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of September, 2019, at Chicago, Illinois.