# Exhibit 16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>KRONOS INCORPORATED, a Delaware corporation,<br><br>*Defendant.* | Case No. 1:19-cv-01306<br><br>Honorable Gary M. Feinerman |

### DECLARATION OF JAMES B. ZOURAS IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER, CONSOLIDATE, AND APPOINT INTERIM COUNSEL

Pursuant to 28 U.S.C. § 1746, I declare and state as follows:

1. I am an attorney admitted to practice before the Supreme Court of the State of Illinois and in the Northern District of Illinois. I am submitting this Declaration in further support of Plaintiffs' Motion to Transfer, Consolidate, and Appoint Interim Counsel in the above-captioned action. This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify as to the matters herein stated, I could and would competently do so.

2. I am one of the two founders and principals of Stephan Zouras, LLP.

3. After the Supreme Court accepted the plaintiff's leave for petition to appeal from the Illinois Second District Appellate Court's decision in *Rosenbach v. Six Flags Entm't Corp.*, 2017 IL App (2d) 170317, my firm concluded that the employee-plaintiffs in pending BIPA actions should file an amicus brief. Employees who had filed suit under BIPA were uniquely

1

interested in the outcome of the case, as the meaning of "aggrieved"—at issue in the appeal to the Illinois Supreme Court—was essentially dispositive in the actions they had filed as well.

4. In June 2018, my firm contacted many of the firms that had filed BIPA cases on behalf of employees to inquire about their clients' joining an amicus brief, and organized a meeting at our office to discuss the possible brief. We ultimately were able to file the amicus brief with the support of many employee clients who had filed BIPA cases, represented by many members of the plaintiffs' bar, which included most members of the proposed Liaison Committee.

5. Along with this effort, we reached out to David Gerbie from the McGuire Law firm. Although they did initially respond, when we invited them to a meeting with other plaintiffs' counsel at our offices to discuss the amicus brief, they did not respond.

6. We reached out to them again as we prepared and finalized the amicus brief to determine whether they had discussed the amicus brief with their clients, and whether they would be willing to join. They again did not respond.

\*    \*    \*

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of September, 2019, at Chicago, Illinois.

/s/ [signature]