# Exhibit 1



MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, Illinois 60601
(312) 893-7002
www.mcgpc.com

<u>Via Electronic Mail</u>

September 8, 2017

▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇ ▇ ▇
▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇

     Re:    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
           ▇▇▇▇▇▇▇▇ (N.D. Ill.)

Dear ▇▇▇▇:

    This letter responds to your August 30, 2017 letter demanding that Mr. ▇▇▇ arbitrate on an individual basis his claim against your client, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. For purposes of this letter, we are willing to accept that the ▇▇▇▇▇▇▇ Dispute Resolution Arbitration Agreement ("Arbitration Agreement"), ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is legally valid and may control Mr. ▇▇▇▇'s underlying individual claim against ▇▇▇▇▇ in this matter.[1] ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    However, given that you have taken the position that arbitration on a classwide basis is improper and not available ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, we are amenable to arbitration of Mr. ▇▇▇▇'s claims on an individual basis. Additionally, in your August 30 letter, you asked us to provide you with a settlement demand. While we are willing to make such a demand, please know that we will be seeking individual damages in excess of $1,640,000 in arbitration, plus attorneys' fees and costs. As set forth in Mr. ▇▇▇▇'s Complaint, the Illinois Biometric Information Privacy Act ("BIPA" or the "Act") makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the

---

[1] At this time, we do not actually concede that the ▇▇▇▇▇▇▇ Arbitration Agreement is legally valid or necessarily controls in this litigation, and we reserve our right to challenge the validity and sufficiency of the agreement to the extent necessary and appropriate.

1

specific purpose and length of for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).



As you are aware, BIPA provides for statutory damages of $1,000 for *each* violation of the Act that was committed negligently, and $5,000 for *each* violation of the Act that was committed intentionally or recklessly. 40 ILCS 14/20. The Act makes clear that liquidated damages are available for "each" violation, and it is our position – a position that we will aggressively pursue at arbitration – that your client violated the Act each time that it collected, captured, or otherwise obtained Mr. ▮'s biometric identifiers or information—that is, each time Mr. ▮ was required to provide his biometric identifiers and/or information to ▮ when he "clocked in and out" at the start of work, at the end of work, and at any other time including his lunch break. To the extent that your client's violations of the Act were merely negligent, we will seek damages of $1,000 for each violation. We currently estimate that your client committed four violations per day, and with Mr. ▮ having worked approximately ▮ days during the relevant time period, we intend to seek monetary damages of at least $1,640,000. To the extent that discovery reveals that ▮'s violations extended beyond four separate instances per day – e.g., that ▮ was also disclosing or disseminating biometrics to a third party such as ▮ ▮ without prior consent (*see* 740 ILCS 15/15(d)) – then the Act would also provide for damages of $1,000 for *each* such additional violation, beyond the above estimate.

Additionally, the above damage estimate assumes that your client's violations of the Act were negligent, but we intend to take discovery as to whether your client's violations were intentional, or at least reckless, which would warrant an award of $5,000 for each violation. Given that BIPA has been in effect for nine years and has been the subject of multiple lawsuits to date, *see, e.g., Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d

2

1103 (N.D. Ill. 2015), and given there can be no reasonable dispute that the collection of fingerprints and related data constitute "biometrics" under the Act – as they are explicitly identified as such therein – a finder of fact could reasonably conclude that ▮ was reckless in its failure to comply with the Act.

▮▮▮▮▮▮▮▮▮▮s.

You have demanded that this case proceed to arbitration on an individual basis, and we are amenable to that request. But please be advised that Mr. ▮ is just one of many clients who have retained my firm to assert BIPA claims against ▮. Accordingly, while we will initially focus on prosecuting Mr. ▮'s claims in arbitration, we will also proceed with the preparation of those other individuals' claims on an individual basis in either state or federal court, or else in arbitration, and we intend on seeking damages in excess of $2 million for *each* of our numerous clients, including $5,000 for each violation that occurred after Mr. ▮ initiated the instant litigation in June 2017.

Should Mr. ▮'s arbitration, or any subsequent arbitration involving another one of my firm's clients, result in an award in an amount consistent with our demand, any attempt thereafter to reach a class settlement which extinguishes your client's liability to all of its current and former employees may prove difficult, if not impossible.

If you would like to further discuss this matter, please do not hesitate to call or email me. Regardless, please inform me by ▮, ▮ how your client wishes to proceed.

Sincerely,

/s/ Evan M. Meyers
Evan M. Meyers

cc: ▮
▮
▮

3