UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated, | ) ) ) ) | 19 C 1306 |
| Plaintiffs, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| KRONOS INCORPORATED, | ) ) | |
| Defendant. | ) ) | |
| QUATISHA MARSHALL and ART ARCANGELO, individually and on behalf of similarly situated individuals, | ) ) ) ) | 19 C 1511 |
| Plaintiffs, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| KRONOS INCORPORATED, | ) ) | |
| Defendant. | ) | |

**AMENDED ORDER**

    To the extent it has not already been ruled upon, Plaintiffs Figueroa and Burton's motion to consolidate and appoint interim counsel [37] (in No. 19 C 1306) is granted. Pursuant to Civil Rule 42(a), the *Figueroa* case (19 C 1306) is consolidated for all purposes with the *Marshall* case (19 C 1511). Pursuant to Civil Rule 23(g)(3), Attorneys Jay Edelson of Edelson PC and James B. Zouras of Stephan Zouras LLP are appointed to serve as interim class counsel.

**STATEMENT**

    The *Figueroa* counsel group and the *Marshall* counsel group both have the experience required by Rules 23(g)(1)(A) and (g)(4) to serve as adequate class counsel. The *Marshall* group made the court's Rule 23(g)(2) choice between the two easy when it filed its surreply brief. Doc. 87. (All case citations are to the docket in the *Figueroa* case, 19 C 1306.) While the *Figueroa* group's reply brief was frank and tough, addressing what it viewed as flaws in the *Marshall* group's approach to BIPA class action litigation, the brief was professional and adhered strictly to the merits of which group would better represent the class. Doc. 82. The *Marshall* group's surreply, by contrast, reflected extremely poor judgment by airing and getting

into matters from the divorce case involving one of the two lead members of the *Figueroa* group. Doc. 87 at 6-7. That was gratuitous—the information from the divorce case did nothing to support the *Marshall* group's argument that the *Figueroa* group lacks the financial resources to vigorously prosecute this putative class action—and highly inappropriate. Exacerbating matters is the carelessness the *Marshall* group exhibited by attaching to its surreply three court documents from the divorce case that identified the names and birthdates or birth years of the divorcing couple's minor children. Docs. 87-7, 87-8, 87-10. (The court sealed those documents, Doc. 93, on the *Figueroa* group's motion, Doc. 90.)

Given the poor judgment and carelessness exhibited in their surreply brief, the *Marshall* group will not be appointed as interim class counsel. *See* Fed. R. Civ. P. 23(g)(1)(B) (providing that the court "may consider any other matter [other than those set forth in Rule 23(g)(1)(A)] pertinent to counsel's ability to fairly and adequately represent the interests of the class"). The *Figueroa* group is selected as interim class counsel.

Before concluding, the court notes that, as of the close of business on September 17, 2019, it was seriously contemplating the possibility of appointing one of the two lead members of the *Marshall* group as co-lead counsel in light of that attorney's apparent disavowal of the surreply brief, which he neither signed nor filed. Doc. 88-1 at 12. That possibility evaporated when that attorney filed a declaration after the close of business endorsing the surreply, Doc. 92, and when, on the record at the September 18, 2019 hearing, Doc. 93, he endorsed in particular the surreply's use of the divorce case as an appropriate tactic to advance the *Marshall* group's efforts to prevail on this motion.

September 19, 2019

United States District Judge