UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | No. 1:19-CV-01306 |
| v. ) ) | Judge Gary Feinerman |
| KRONOS INCORPORATED, ) ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
AMENDED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant Kronos Incorporated ("Kronos") hereby responds to Plaintiffs Amended Motion for Leave to File Supplemental Authority (ECF No. 101) as follows:

1. In *Namuwonge v. Kronos, Inc.*, 2019 WL 6253807 (N.D. Ill. Nov. 22, 2019) (ECF No. 101-2), Judge Coleman dismissed BIPA section 15(b) and 15(d) claims brought against Kronos. She also struck plaintiff's prayer for the $5,000 statutory award for failure to plead recklessness or intent, confirming that negligence, recklessness, and intent are threshold pleading requirements. And in allowing the section 15(a) claim to go forward, Judge Coleman relied on a specific feature of the *Namuwonge* complaint that Plaintiffs' Complaint does not share.

2. As explained herein, *Namuwonge* does not simply "pass" on these issues. It provides substantial support for Kronos's Motion to Dismiss. It also directly refutes the *Woodard* opinion, which Plaintiffs submitted concurrently with *Namuwonge*. (*See* ECF No. 101-1.)

    A.    <u>**Section 15(b) claim dismissed**</u>.

3. *Namuwonge* adds to a unanimous consensus: time clock providers owe no section 15(b) duties when employers use time clocks in the workplace. (*See Bernal,* ECF No. 77-1;

*Cameron*, ECF No. 77-2.) *Bernal* and *Cameron* dismissed section 15(b) claims against time clock vendors because section 14/10's definition of "written release" delegates section 15(b) duties to employers when data is collected in the employment context. *Namuwonge* reaches the same result—dismissal—but relies on another construction advanced by Kronos. Judge Coleman held that "there is a difference between *possessing* and *collecting* biometric information" under BIPA, and as told by Namuwonge's complaint, her employer—not Kronos—"collected" the data. (ECF No. 101-2 at 8.)

4. Notably, Judge Coleman rejected the complaint's conclusory assertion that Kronos "systematically and automatically collected" Namuwonge's biometric data. (*Id.*) Per Judge Coleman, "the more precise allegation . . . makes clear that Brookdale"—Namuwonge's employer—collected the fingerprints using a system that Kronos supplied to Brookdale." (*Id.*)

5. Plaintiffs' Complaint includes the same conclusory assertion word-for-word. (*Compare id.* (citing *Namuwonge* Compl. ¶ 89) *with* Compl. ¶ 79.) It also includes the same "more precise allegation" that **Plaintiffs' employers** collected the data using a system that Kronos supplied to them. (*See* Compl. ¶¶ 1–2; 29; 35–37; 49–51.) As in *Namuwonge*, "these allegations do not plausibly allege that Kronos collected, captured, or otherwise obtained [Plaintiffs'] biometric information." (ECF No. 101-2 at 8.)

B. **Negligence, recklessness, and intent are threshold pleading requirements.**

6. Judge Coleman also struck Namuwonge's prayer for the $5,000 statutory award because she "d[id] not allege any substantive details regarding whether the allegations were reckless or intentional." (*Id.* at 9.) Judge Coleman thus joins Judge Aspen in holding that recklessness and intent are threshold pleading requirements under BIPA. *See Rogers v. CSX*

*Intermodal Terminals, Inc.*, 2019 WL 4201570, at *4 (N.D. Ill. Sept. 5, 2019) (submitted by *Marshall* plaintiffs as supplemental authority, *see* ECF No. 81-2).

7. Notably, Judge Coleman permitted the prayer for the $1,000 award to move forward only because Namuwonge alleged that Kronos has no section 15(a) policy. (ECF No. 101-2 at 9.) Judge Coleman viewed this allegation as sufficient to suggest negligence. (*Id.*) This narrow holding lends Plaintiffs no support here, however, because unlike Namuwonge, they clearly allege that Kronos **does** have a policy. (*See* Compl. ¶ 28.)

8. Finally, *Namuwonge* and *Rogers* both directly refute *Woodard*. In *Woodard*, a Cook County trial court judge flatly misread the Illinois Supreme Court's *Rosenbach* decision as holding that a plaintiff need not plead culpability to state a claim for liquidated damages. (*See* ECF No. 101-1.) Judges Coleman and Aspen have the better of this argument.

C. **Section 15(d) claim dismissed.**

9. Namuwonge's section 15(d) claim failed because her allegations were too "speculative" to "plausibly suggest that Kronos disclosed or distributed her data to a third party." (ECF No. 101-2 at 7.) It was not sufficient, per Judge Coleman, to "plead on information and belief" that Kronos "disclosed her fingerprints to other third parties that host the data."[1] (*Id.*)

---

[1] Judge Coleman's view of the distinction between "transmit" and "disclose" is difficult to parse. In framing the issue, Judge Coleman states that "[s]ection 15(d) limits **transfers** of biometric information while section 15(e) requires that private entities to protect biometric information from disclosure." (*Id.* at 6 (emphasis added).) This is incorrect. Section 15(d) limits **disclosures** of biometric information; section 15(e) governs transmissions; and "transfer" does not appear in BIPA at all. Proceeding from this incorrect premise—that section 15(d) "limits transfers"—she appears to conclude that section 15(d) reaches transmission because "transmit" means "to send or **transfer**." (*Id.* at 7 (emphasis added).) This reasoning is circular, and the result is wrong: if transmission is a form of disclosure, then an entity can never "transmit" data while also taking care to "protect [it] from disclosure," as section 15(e) expressly contemplates. *See* 740 ILCS 14/15(e).

3

10. Plaintiffs' section 15(d) allegations again are identical to Namuwonge's: "Upon information and belief, Defendant systematically disclosed Plaintiffs' biometric [data] to other currently unknown third parties, which hosted the biometric data in their data centers." (Compl. ¶ 79.) They are too speculative to sustain a section 15(d) claim.

### D. Section 15(a) claim survives on a narrow ground not applicable here.

11. Judge Coleman allowed the section 15(a) to move forward because, in her view, Namuwonge sufficiently alleged that Kronos never published a policy at all. (ECF No. 101-2 at 6.) Judge Coleman's narrow holding does not aid Plaintiffs here, because unlike Namuwonge, Plaintiffs allege quite clearly that Kronos has a policy in place. (Compl. ¶ 28.) All that section 15(a) requires is a policy; it need not come before possession. *See Rogers*, 2019 WL 4201570, at *4 (ECF No. 81-2) (allegation was "sufficient to maintain a claim that [defendant] did not comply with Section 15(a) **after** [plaintiff's] fingerprints were collected") (emphasis added); *Bernal*, ECF No. 77-1 at 3–4 (dismissing claim alleging failure to comply with section 15(a) before possession because "there is no explicit requirement that the schedule or guidelines exist 'prior to' possession").

WHEREFORE, Kronos respectfully requests that the Court consider this Response and the cited opinions as additional support for Kronos's pending Motion to Dismiss.

Dated: December 9, 2019

Respectfully submitted,

By: */s/ Melissa A. Siebert*
*One of Defendant's Attorneys*

Melissa A. Siebert (masiebert@shb.com)
Ian M. Hansen (ihansen@shb.com)
SHOOK HARDY AND BACON, L.L.P.
111 S. Wacker Dr. 4700
Chicago, IL 60606
Tel.: 312.704.7700
Fax: 312.558.1195

4

Debra Bernard (dbernard@perkinscoie.com)
PERKINS COIE L.L.P.
131 South Dearborn Street, Suite 1700
Chicago, Illinois  60603
Tel.:  (312) 324-8559
Fax:  (312) 324-9400

*Attorneys for Defendant*
*Kronos Incorporated*

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on December 9, 2019, she caused a true and correct copy of the foregoing **Defendant's Response to Plaintiffs' Amended Motion For Leave To File Supplemental Authority** to be filed electronically. Notice of this filing will be sent to all parties registered on this Court's ECF system by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ *Melissa A. Siebert*