**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRONOS INCORPORATED,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:19-CV-01306<br><br>Judge Gary Feinerman |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Kronos Incorporated ("Kronos") answers Plaintiffs' Class Action Complaint as follows:

**NATURE OF THE ACTION**

1. Defendant Kronos Inc. ("Kronos") is a leading provider of human resource management software and services that's best known for helping hundreds of thousands of businesses track employee time and process payroll. In Illinois alone, Kronos provides timekeeping systems to thousands of employers including Mariano's, Chicago Lakeshore Hospital, Smith Senior Living, Southwest Airlines, Speedway, NFI Industries and Con-Tech Lighting.

**ANSWER:** Kronos admits that it is a leading provider of human resource management software and services, some of which allow employers to automate the processes by which they manage and track employee time and process payroll. Kronos lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Kronos is "best known" for and by whom. Kronos admits that some of its current/former customers are listed above, but denies that it provides timekeeping systems to thousands of employers in Illinois. Kronos lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding where its customers may use Kronos' systems.

2. To help make employee time and attendance tracking more accurate, Kronos encourages its customers to use biometric-based time clocks, which use an employee's biometrics to punch in and out of work, instead of key fobs, identification numbers, or cards.

**ANSWER:** Kronos denies that it sells to customers biometric-based time clocks which use an employee's biometrics to punch in and out of work, denies that the term "biometric-based time clocks" or "biometrics" are used or defined in BIPA, and lacks knowledge sufficient to form a belief as to the truth of the allegations of what the timeclocks may be used "instead of" and denies the remaining allegations in this paragraph.

3. Unlike ID badges or time cards - which can be changed or replaced if stolen or compromised - fingerprints are unique, permanent biometric identifiers associated with each employee. This exposes employees who are required to use Kronos devices as a condition of their employment to serious and irreversible privacy risks.

**ANSWER:** Kronos lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether employees are "required to use" Kronos devices as a condition of their employment and denies the remaining allegations in this paragraph.

4. Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

**ANSWER:** Kronos admits that Illinois enacted the Biometric Information Privacy Act (BIPA). Kronos lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations.

5. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards the statutorily protected privacy rights of Illinois citizens and unlawfully collects, stores, disseminates, and uses their biometric data in violation of BIPA. Specifically, Defendant violated and continues to violate BIPA because it did not and continues not to:

a. Properly inform Plaintiffs and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, disseminated and used, as required by BIPA;

b. Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and other similarly-situated individuals' fingerprints, as required by BIPA; and

c. Receive a written release from Plaintiffs and others similarly situated to collect, store, disseminate or otherwise use their fingerprints, as required by BIPA.

**ANSWER:** Kronos denies that it is subject to BIPA. Kronos further denies that the term "biometric data" is used or defined in BIPA. Kronos denies that it collects, stores, disseminates, and uses Plaintiffs' "biometric data" or that of others similarly situated and denies that it has violated or continues to violate BIPA. Kronos denies that Plaintiffs are similarly-situated to other individuals at any other employer or customer of Kronos. Kronos denies the remaining allegations in this paragraph except for the allegations in subsection (b) pursuant to the Memorandum Opinion and Order dated April 13, 2020 ("April Order") which provided that Kronos "shall answer the complaint (other than allegations relating to Section 15(a))" of BIPA.[1] Therefore, Kronos does not admit or deny the allegations in subsection (b) of this paragraph relating to Section 15(a).

6. Accordingly, this Complaint seeks an Order: (l) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding liquidated damages to Plaintiffs and the proposed class.

**ANSWER:** Kronos admits that Plaintiff's Complaint contains a request for an Order awarding statutory damages and other legal and equitable remedies, denies that Plaintiffs or any other person has been aggrieved or otherwise harmed by any conduct of Kronos, and denies that Plaintiffs and the proposed class are entitled to any of the relief requested. Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, denies that the class as alleged can be certified, and denies all remaining allegations of this paragraph.

---

[1] *Figueroa v. Kronos Inc.,* Case No. 19 C 1306, 2020 WL 1848206, at *12 (April 13, 2020).

## PARTIES

7. Plaintiff Charlene Figueroa is a natural person and a citizen in the State of Illinois.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Plaintiff Jermaine Burton is a natural person and citizen of the State of Illinois.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendant Kronos, Inc. is a corporation organized and existing under the laws of the State of Massachusetts. It is a registered with the Illinois Secretary of State and conducts business in Illinois, including in Cook County.

**ANSWER:** Admitted, except to state that its correct legal name is Kronos Incorporated.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because it conducts business transactions in Illinois, committed statutory violations and tortious acts in Illinois, and is registered to conduct business in Illinois.

**ANSWER:** Kronos admits that it conducts business transactions in Illinois and is registered to do business in Illinois. However, as this case is now pending in the U.S. District Court for the Northern District of Illinois, 735 ILCS 5/2-209 does not provide a basis for jurisdiction in this Court. Kronos denies that it has committed any statutory violations or tortious acts in Illinois. Kronos denies the remaining allegations in this paragraph.

11. Venue is proper in Cook County because Defendant is authorized to conduct business in this State, Defendant conducts business transactions in Cook County, and Defendant committed the statutory violations alleged herein in Cook County and throughout Illinois.

**ANSWER:** This case is now pending in the U.S. District Court for the Northern District of Illinois and, as such, the venue provisions of 28 U.S.C. §1391 apply. Kronos admits that it is authorized to conduct business in Illinois and that it conducts business in Illinois. Kronos denies

that it has committed any statutory violations in Illinois. Kronos denies the remaining allegations in this paragraph.

## FACTUAL BACKGROUND

### I. The Biometric Information Privacy Act

12. Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS 14/5.

**ANSWER:** Kronos admits that a portion of 740 ILCS 14/5(c) is cited in this paragraph but denies that it is a complete statement of the language of 14/5(c). Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. The bankruptcy was alarming to the Illinois legislature because there was suddenly a serious risk that millions of fingerprint records – which, similar to other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware the scanners were not transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

**ANSWER:** Kronos admits that the quoted statement appears in the record cited in this paragraph but denies that it is the complete statement of what appears in the record. Kronos admits that BIPA was enacted in 2008. Kronos denies the remaining allegations in this paragraph.

15. Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

**ANSWER:** Kronos denies the allegations in this paragraph because they do not accurately state the provisions of 740 ILCS 14/20 of BIPA. Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph.

16. BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things:

> collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:
>
> 1) informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;
>
> 2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> 3) receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILC 14/15(b).

**ANSWER:** Kronos denies the allegations in this paragraph because they do not accurately state the provisions of 740 ILCS 14/15(b) of BIPA. Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph.

17. BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

**ANSWER:** Kronos denies the allegations in this paragraph because they do not fully state the provisions of 740 ILCS 14/10 of BIPA or indicate application to employees simply because they work in the State of Illinois. Further, these allegations contain legal conclusions to which no

response is required. To the extent a response is required, Kronos admits that 740 ILCS 14/10 references releases entered into by employees and employers, and denies the remaining allegations in this paragraph.

18. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and - most importantly here - fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

**ANSWER:** Kronos denies the allegations in this paragraph because they do not fully state or accurately paraphrase the definitions of "biometric identifier" and "biometric information" under Section 10 of BIPA. Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph.

19. BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.*, 740 ILCS 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

**ANSWER:** Kronos denies the allegations in this paragraph because they do not accurately state the provisions of BIPA. Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph.

20. BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

**ANSWER:** Kronos denies the allegations in this paragraph because they do not accurately or fully state or paraphrase the provisions of BIPA. Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph, with the exception of references to 740 ILCS 14/15(a), which Kronos is not responding to pursuant to the April Order.

21. The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at heightened risk for identity theft and left without any recourse. Biometric data, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Kronos denies that the term "biometric data" is used or defined in BIPA, Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph,

22. BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

**ANSWER:** Kronos denies that the term "biometrics" is a defined term in BIPA. Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph.

**II. Defendant Violates the Biometric Information Privacy Act.**

23. By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using employees' biometric data as an authentication method stopped doing so.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Further, Kronos denies that the term "biometric data" is used or defined in BIPA.

24. However, Defendant failed to take note of the shift in Illinois law governing the collection and use of biometric data. As a result, Defendant continues to collect, store, use, and disseminate Illinois employees' biometric data in violation of BIPA.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA, denies that it collects, stores, uses or disseminates

biometric identifiers or Illinois employees' "biometric data" and further denies the remaining allegations in this paragraph.

25. Specifically, when an employee first begins work at a company that uses one of Kronos' biometric devices, they are required to have their fingerprint or palm print scanned in order to enroll them in the Kronos database.

**ANSWER:** Kronos lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what employees are "required" to do, denies that any customers "enroll" employees in a "Kronos database" and denies the remaining allegations in this paragraph.

26. Unfortunately, Kronos fails to inform these employees that Kronos is collecting, storing or using their sensitive biometric data, the extent of the purposes for which it collects their sensitive biometric data, or to whom the data is disclosed, if at all.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA, denies that the term "biometric data" is used or defined in BIPA, denies that Kronos is collecting, storing, using or disclosing employees' sensitive "biometric data" and denies the remaining allegations in this paragraph.

27. In those instances, Kronos similarly fails to inform the employees that Kronos is collecting, storing, or using their sensitive biometric data, the extent of the purposes for which it collects their sensitive biometric data, or to whom the data is disclosed, if it all.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA, denies that the term "biometric data" is used or defined in BIPA, denies that Kronos is collecting, storing, using or disclosing employees' sensitive "biometric data" and denies the remaining allegations in this paragraph.

28. Kronos, up until recently, failed to provide employees with a written, publicly-available policy identifying its retention schedule and guidelines for permanently destroying employees' biometric data when the initial purpose for collecting or obtaining their biometrics is no longer relevant, as required by BIPA. Setting aside that Kronos has collected, stored, and used employees' biometric data for years without such a policy, the publishing of the recent policy on its website is also problematic. As described above, most employees don't know they are interacting with Kronos when they have their biometrics scanned by their employer's Kronos

devices, let alone providing it their biometric data. As such, they'd have no reason to affirmatively seek out Kronos' website and search for its biometric data policies.

**ANSWER:** Pursuant to the April Order, Kronos does not admit or deny the allegations in this paragraph.

29. In addition, Kronos profits from the use of employees' biometric data. For instance, Kronos markets its biometric time clocks to employers as superior options to traditional time clocks, which can be deceived by "buddy punching" - where one employee punches in to or out of a time clock for another (absent) employee. By marketing its clocks in this manner, Kronos obtains a competitive advantage over other time clock companies and secures profits from its use of biometric data, all while failing to comply with the minimum requirements for handling employees' biometric data established by BIPA.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, Kronos denies that Kronos "uses" employees' "biometric data," denies that Kronos profits from employees' "biometric data" and denies the remaining allegations in this paragraph.

30. The Pay by Touch bankruptcy, which triggered the passage of BIPA, highlights why such conduct - where individuals are aware that they are providing a fingerprint but are not aware to whom or for what purposes they are doing so - is dangerous. This bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric data such as a fingerprint or data derived therefrom, who exactly is collecting their biometric data, where it will be transmitted, for what purposes it will be transmitted, and for how long.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA and denies that the term "biometric data" is used or defined in BIPA. Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. Remarkably, Defendant has created the same situation that Pay by Touch did by assembling a database of biometric data through broadly deployed fingerprint scanners, but failed to comply with the law specifically designed to protect individuals whose biometrics are collected in these circumstances. Defendant disregards these obligations and Illinois employees' statutory rights and instead unlawfully collects, stores, uses, and disseminates employees' biometric identifiers and information without ever receiving the individual's informed written consent required by BIPA.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA and denies that the term "biometric data" is used or defined in BIPA. Kronos denies that it has created the same situation that Pay by Touch did, denies that it assembled a database of biometric data through broadly deployed fingerprint scanners, and denies that it collects, stores, uses and disseminates employees' biometric identifiers and information. Kronos denies that it collects, stores or uses or disseminates biometric information or biometric identifiers as defined in BIPA. Kronos denies the remaining allegations in this paragraph.

32. Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs' and other similarly-situated individuals' biometric data and has not and will not destroy Plaintiffs' and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with each company. Kronos's publicly-available policies related to biometric data are not only tardy but also insufficient, placing the onus on employers to direct Kronos to destroy biometric data.

**ANSWER:** Pursuant to the April Order, Kronos does not admit or deny the allegations in this paragraph.

33. Plaintiffs and others similarly situated are not told whether and to whom Defendant currently discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA and lacks knowledge or information as to what Plaintiffs and other unidentified persons may have been told by their employers. Kronos denies that Plaintiffs are similarly-situated to other individuals at any other employer or customer of Kronos. Kronos denies the remaining allegations in this paragraph.

34. By and through the actions detailed above, Defendant disregarded Plaintiffs' and other similarly-situated individuals' legal rights in violation of BIPA.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that Plaintiffs are similarly-situated to other individuals at any other employer or customer of Kronos. Kronos denies the remaining allegations in this paragraph.

## III. Plaintiff Charlene Figueroa's Experience.

35. Plaintiff Charlene Figueroa was hired by Tony's Finer Foods Enterprises Inc. d/b/a Tony's Fresh Market on March 8, 2017 and was an hourly employee until September 17 2018. As a condition of employment, Figueroa was required to scan her fingerprints using a Kronos device so her employer could track her time.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Kronos denies that any Kronos device scans fingerprints.

36. Kronos subsequently stored Figueroa's fingerprint data in its employee database(s).

**ANSWER:** Kronos denies that any Kronos device scans fingerprints, denies that it has stored Figueroa's fingerprint data in its "employee database" and denies the remaining allegations in this paragraph.

37. Figueroa was required to scan her fingerprint on a Kronos device each time she clocked in for work and clocked out of work.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Figueroa was "required" to do by her employer as alleged in this paragraph. Kronos denies that any Kronos device scans fingerprints and Kronos denies the remaining allegations in this paragraph.

38. Figueroa was also required to scan her fingerprint on a Kronos device each time she clocked in and out for lunch.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Figueroa was "required" to do by her employer as alleged in this paragraph. Kronos denies that any Kronos device scans fingerprints, and Kronos denies the remaining allegations in this paragraph.

39. Figueroa has never been informed of the specific limited purposes or length of time for which Defendant collected, stored, used, and/or disseminated her biometric data.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, Kronos denies that it collected, stored, used

and/or disseminated Figueroa's "biometric data," and Kronos is without knowledge or information sufficient to form a belief as to what Figueroa may have been informed of by her employer. Kronos denies the remaining allegations in this paragraph.

40. Figueroa has never been informed of any biometric data retention policy developed by Defendant, nor has she ever been informed whether Defendant will ever permanently delete her biometric data.

**ANSWER:** Pursuant to the April Order, Kronos does not admit or deny the allegations in this paragraph.

41. Figueroa has never been provided with nor ever signed a written release allowing Defendant to collect, store, use or disseminate her biometric data.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA, denies that the term "biometric data" is used or defined in BIPA and denies that it collects, stores, uses or disseminates her "biometric data." Kronos is without knowledge or information sufficient to form a belief as to what Figueroa may have been provided with by her employer or what written release her employer may have used. Kronos denies the remaining allegations in this paragraph.

42. Figueroa has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of BIPA alleged herein.

**ANSWER:** Kronos denies the allegations in this paragraph.

43. No amount of time or money can compensate Figueroa if her biometric data is compromised by the lax procedures through which Defendant captured, stored, used, and disseminated her and other similarly-situated individuals' biometrics. Moreover, Figueroa would not have provided her biometric data to Defendant if she had known that they would retain such information for an indefinite period of time without her consent.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, Kronos denies it has captured, stored, used or disseminated Figueroa's and other similarly-situated individuals' "biometric data," and Kronos is without knowledge or information sufficient to form a belief as to what Figueroa would have

done. Kronos denies that Figueroa is similarly-situated to other individuals at any other employer or customer of Kronos. Kronos denies the remaining allegations in this paragraph.

44. A showing of actual damages is not necessary in order to state a claim under BIPA. Nonetheless, Figueroa has been aggrieved because she suffered an injury-in-fact based on Defendant's violations of her legal rights. Defendant intentionally interfered with Figueroa's right to control her own sensitive biometric data. Additionally, Figueroa suffered an invasion of a legally protected interest when Defendant secured her personal and private biometric data at a time when it had no right to do so, a gross invasion of her right to privacy. BIPA protects employees like Figueroa from this precise conduct. Defendant had no lawful right to secure this data or share it with third parties absent a specific legislative license to do so.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the remaining allegations in this paragraph.

45. Figueroa also suffered an injury in fact because Defendant improperly disseminated her biometric identifiers and/or biometric information to third parties, including but not limited to third parties that hosted the biometric data in their data centers, in violation of BIPA.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Kronos further denies that it caused Figueroa to suffer any injury, denies that it improperly disseminated her biometric identifiers and/or biometric information to third parties, and denies the remaining allegations in this paragraph.

46. Finally, as a result of Defendant's conduct, Figueroa has experienced personal injury in the form of mental anguish. For example, Figueroa experiences mental anguish and injury when contemplating what would happen to her biometric data if Defendant went bankrupt, whether Defendant will ever delete her biometric information, and whether (and to whom) Defendant would share her biometric information.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Kronos further denies that Figueroa has experienced personal injury in the form of mental anguish as a result of any conduct of Kronos, and denies the remaining allegations in this paragraph.

47. Figueroa has plausibly inferred actual and ongoing harm in the form of monetary damages for the value of the collection and retention of her biometric data; in the form of monetary damages by not obtaining additional compensation as a result of being denied access to material information about Defendant's policies and practices; in the form of the unauthorized disclosure of her confidential biometric data to third parties; in the form of interference with her right to control her confidential biometric data; and, in the form of the continuous and ongoing exposure to substantial and irreversible loss of privacy.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA, denies that the term "biometric data" is used or defined in BIPA, and denies the remaining allegations in this paragraph.

48. As Figueroa is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendant.

**ANSWER:** These allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies that it is subject to or has violated BIPA. Kronos states that BIPA provides for liquidated damages, not statutory damages, and denies that Figueroa is entitled to any damages. Kronos denies the remaining allegations in this paragraph.

**IV. Plaintiff Jermaine Burton's Experience.**

49. Plaintiff Jermaine Burton worked for BWAY from January through April 2017 at its facility on Kilbourne in Chicago, Illinois. As a condition of employment, Burton was required to scan his fingerprints using a Kronos device so his employer could track his time.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Kronos denies that any Kronos device scans fingerprints.

50. Kronos subsequently stored Burton's fingerprint data in its employee database(s).

**ANSWER:** Kronos denies that any Kronos device scans fingerprints, denies that it has stored Burton's fingerprint data in its "employee database" and denies the remaining allegations in this paragraph.

51. Burton was required to scan his fingerprint on a Kronos device each time he clocked in for work and clocked out of work.

**ANSWER:** Kronos is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Burton was "required" to do by his employer as alleged in this paragraph. Kronos denies that any Kronos device scans fingerprints and Kronos denies the remaining allegations in this paragraph.

52. Burton has never been informed of the specific limited purposes or length of time for which Defendant collected, stored, used, and/or disseminated his biometric data.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, Kronos denies it collected, stored, used or disseminated biometric information or biometric identifiers as those terms are defined in BIPA. Kronos is without knowledge or information sufficient to form a belief as to what Burton may have been informed of by his employer, and Kronos denies the remaining allegations in this paragraph.

53. Burton has never been informed of any biometric data retention policy developed by Defendant, nor has he ever been informed whether Defendant will ever permanently delete his biometric data.

**ANSWER:** Pursuant to the April Order, Kronos does not admit or deny the allegations in this paragraph.

54. Burton has never been provided with nor ever signed a written release allowing Defendant to collect, store, use or disseminate his biometric data.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, Kronos denies it collects, stores, uses or disseminates biometric information or biometric identifiers as those terms are defined in BIPA. Kronos is without knowledge or information sufficient to form a belief as to what Burton may have been provided with by his employer, or what written release his employer may have used. Kronos denies the remaining allegations in this paragraph.

55. Burton has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of BIPA alleged herein.

**ANSWER:** Kronos denies the allegations in this paragraph.

56. No amount of time or money can compensate Burton if his biometric data is compromised by the lax procedures through which Defendant captured, stored, used, and disseminated her and other similarly-situated individuals' biometrics. Moreover, Burton would not have provided his biometric data to Defendant if he had known that they would retain such information for an indefinite period of time without his consent.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Kronos further denies that it has captured, stored, used or disseminated Burton's and other similarly-situated individuals' "biometric data." Kronos is without knowledge or information sufficient to form a belief as to what Burton would have done. Kronos denies that Burton is similarly-situated to other individuals at any other employer or customer of Kronos. Kronos denies the remaining allegations in this paragraph.

57. A showing of actual damages is not necessary in order to state a claim under BIPA. Nonetheless, Burton has been aggrieved because he suffered an injury-in-fact based on Defendant's violations of his legal rights. Defendant intentionally interfered with Burton's right to control his own sensitive biometric data. Additionally, Burton suffered an invasion of a legally protected interest when Defendant secured his personal and private biometric data at a time when it had no right to do so, a gross invasion of his right to privacy. BIPA protects employees like Burton from this precise conduct.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, these allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the remaining allegations in this paragraph.

58. Burton has plausibly inferred actual and ongoing harm in the form of monetary damages for the value of the collection and retention of his biometric data; in the form of monetary damages by not obtaining additional compensation as a result of being denied access to material information about Defendant's policies and practices; in the form of interference with his right to control his confidential biometric data; and, in the form of the continuous and ongoing exposure to substantial and irreversible loss of privacy.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos further denies that the term "biometric data" is used or defined in BIPA and denies the remaining allegations in this paragraph.

59. As Burton is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by Defendant.

**ANSWER:** These allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies that it is subject to or has violated BIPA. Kronos states that BIPA provides for liquidated damages, not statutory damages, and denies that Burton is entitled to any damages. Kronos denies the remaining allegations in this paragraph.

**CLASS ALLEGATIONS**

60. Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiffs bring claims on their own behalf and as representatives of all other similarly-situated individuals pursuant to BIPA, 740 ILCS 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

**ANSWER:** This case is now pending in the U.S. District Court for the Northern District of Illinois and, accordingly, is not subject to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801 but rather Fed. R. Civ. P. 23 is the provision applicable to class actions. Kronos will assume for purposes of this Answer that Rule 23 is the operative provision. Kronos admits that Plaintiffs purport to bring this action on behalf of themselves and a putative class and seek legal and equitable relief. Kronos denies that Plaintiffs are similarly-situated to other individuals at any other employers or customers of Kronos. Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified. Further, Kronos denies that BIPA applies to Kronos and denies that Plaintiffs are entitled to any relief under BIPA. Kronos denies the remaining allegations in this paragraph.

61. Plaintiffs seek class certification under the Illinois Code of Civil Procedure, 735 ILCS 5/2-801 for the following class of similarly-situated employees under BIPA:

> All individuals working in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained or disclosed by Defendant during the applicable statutory period.

**ANSWER:** This case is now pending in the U.S. District Court for the Northern District of Illinois and, accordingly, is not subject to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801 but rather Fed. R. Civ. P. 23 is the provision applicable to class actions. Kronos will assume for purposes of this Answer that Rule 23 is the operative provision. Kronos denies it is subject to or has violated BIPA. Kronos denies that Plaintiffs are similarly-situated to other individuals at any other employers or customers of Kronos and denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified. Further, Kronos denies that BIPA applies to Kronos and denies the remaining allegations in this paragraph.

62. The action is properly maintained as a class action under 735 ILCS 5/2-801 because:

> A. The class is so numerous that joinder of all members is impracticable;
> B. There are questions of law or fact that are common to the class;
> C. The claims of the Plaintiffs are typical of the claims of the class; and,
> D. The Plaintiffs will fairly and adequately protect the interests of the class.

**ANSWER:** This case is now pending in the U.S. District Court for the Northern District of Illinois and, accordingly, is not subject to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801 but rather Fed. R. Civ. P. 23 is the provision applicable to class actions. Kronos will assume for purposes of this Answer that Rule 23 is the operative provision. Further, Kronos denies that it is subject to or has violated BIPA. Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

**Numerosity**

63. The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Kronos' records.

**ANSWER:** Kronos denies that the exact number of putative class members can be determined from Kronos' records, or that Plaintiffs are similarly-situated to any putative class members at any other employers or customers of Kronos. Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

**Commonality**

64. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiffs and all members of the Class have been harmed by Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A. Whether Defendant collected, captured or otherwise obtained Plaintiffs' biometric identifiers or biometric information;
B. Whether Defendant properly informed Plaintiffs of its purposes for collecting, using, and storing their biometric identifiers or biometric information;
C. Whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiffs' biometric identifiers or biometric information;
D. Whether Defendant disclosed or re-disclosed Plaintiffs' biometric identifiers or biometric information;
E. Whether Defendant sold, leased, traded, or otherwise profited from Plaintiffs' biometric identifiers or biometric information;
F. Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;
G. Whether Defendant complies with any such written policy (if one exists);
H. Whether Defendant used Plaintiffs' fingerprints to identify them;
I. Whether Defendant's violations of BIPA have raised a material risk that Plaintiffs' biometric data will be unlawfully accessed by third parties;
J. Whether the violations of BIPA were committed negligently; and
K. Whether the violations of BIPA were committed willfully.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA, and denies that the term "biometric data" is used or defined in BIPA. Kronos denies that Plaintiffs' claims meet the

requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

65. Plaintiffs anticipate that Defendant will raise defenses that are common to the class.

**ANSWER:** Kronos lacks knowledge or information sufficient to form a belief as to what Plaintiffs "anticipate." Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

**Adequacy**

66. Plaintiffs will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and class members. Plaintiffs, moreover, have retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

**ANSWER:** Kronos denies the allegations in the first sentence of paragraph 66. Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

**Typicality**

67. The claims asserted by Plaintiffs are typical of the class members they seek to represent. Plaintiffs have the same interests and suffer from the same unlawful practices as the class members.

**ANSWER:** Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

68. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, she or she can "opt out" of this action pursuant to 735 ILCS 5/2-801.

**ANSWER:** This case is now pending in the U.S. District Court for the Northern District of Illinois and, accordingly, is not subject to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801 but rather Fed. R. Civ. P. 23 is the provision applicable to class actions. Kronos will assume for purposes of this Answer that Rule 23 is the operative provision. Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

**Predominance and Superiority**

69. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Kronos denies that Plaintiffs are similarly-situated to other individuals at any other employers or customers of Kronos. Additionally, Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

70. Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph. Additionally Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
**(On Behalf of Plaintiffs and the Class)**

71. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

**ANSWER:** Kronos incorporates by reference and re-alleges its answers to paragraphs 1-70 above as set forth herein.

72. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first:(1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject. .. in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information ..." 740 ILCS 14/15(b) (emphasis added).

**ANSWER:** Kronos denies that this paragraph accurately sets forth the provisions in 740 ILCS 14/15(b). Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph.

73. Furthermore, BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention — and, importantly, deletion — policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

**ANSWER:** Pursuant to the April Order, Kronos does not admit or deny the allegations in this paragraph.

74. Defendant fails to comply with these BIPA mandates.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA and denies the allegations in this paragraph.

75. Defendant Kronos is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

**ANSWER:** Kronos admits that it is a corporation registered to do business in Illinois. Kronos denies that it is subject to BIPA. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph.

76. Plaintiffs are both individuals who had their "biometric identifiers" collected by Defendant (in the form of their fingerprints), as explained in detail in Sections III and IV, *supra*. *See* 740 ILCS 14/10.

**ANSWER:** Kronos denies that it collected Plaintiffs' "biometric identifiers" as defined by BIPA, denies that it is subject to or has violated BIPA and denies the remaining allegations in this paragraph.

77. Information based upon Plaintiffs' biometric identifiers was used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Further, the allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the allegations in this paragraph.

78. Defendant systematically and automatically collected, used, stored, and disclosed Plaintiffs' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that 740 ILCS 14/15(b)(3) addresses "disclosure" of biometric identifiers and/or biometric information.

Further, the allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies that it collected, used, stored and disclosed Plaintiffs' "biometric identifiers" or "biometric information" as defined by BIPA. Kronos denies the remaining allegations in this paragraph.

79. Upon information and belief, Defendant systematically disclosed Plaintiffs' biometric identifiers and biometric information to other currently unknown third parties, which hosted the biometric data in their data centers.

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that the term "biometric data" is used or defined in BIPA. Further, the allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies that it collected or disclosed Plaintiffs' "biometric identifiers" or "biometric information" as defined by BIPA. Kronos denies the remaining allegations in this paragraph.

80. Defendant did not inform Plaintiffs in writing that their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated, nor did Defendant inform Plaintiffs in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies that it collected, stored, used and disseminated Plaintiffs' "biometric identifiers" or "biometric information" as defined by BIPA. Kronos denies the remaining allegations in this paragraph.

81. Defendant did not provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

**ANSWER:** Pursuant to the April Order, Kronos does not admit or deny the allegations in this paragraph.

82. By collecting, storing and using Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

**ANSWER:** Kronos denies that it is subject to or has violated BIPA. Kronos denies it collected, stored, or used Plaintiffs' or the Class's "biometric identifiers" or "biometric information." Further, Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified and denies the remaining allegations in this paragraph.

83. Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs' and the Class's biometric data and have not and will not destroy Plaintiffs' and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

**ANSWER:** Pursuant to the April Order, Kronos does not admit or deny the allegations in this paragraph.

84. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of plaintiffs and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**ANSWER:** Kronos admits that Plaintiffs and the Class purport to seek legal and equitable relief, denies that they are entitled to such relief, and denies that Kronos is subject to or has violated BIPA. Kronos further denies that Plaintiffs are entitled to damages and that BIPA provides for anything other than liquidated damages. Further, Kronos denies that Plaintiffs' claims meet the requirements of Rule 23, denies that Plaintiffs can maintain this action as a class action, and denies that the class as alleged can be certified. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Kronos denies the remaining allegations in this paragraph.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs Charlene Figueroa and Jermaine Burton respectfully request that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs Charlene Figueroa and Jermaine Burton as Class Representatives, and appointing their counsel as Class Counsel;

B. Declaring that Defendant's actions, as set forth above, violate BIPA;

C. Awarding statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

D. Declaring that Defendant's actions, as set forth above, were willful;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class, including an Order requiring Defendant to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F. Awarding Plaintiffs and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

G. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable;

H. Provide such further relief as the Court deems just and equitable.

**ANSWER:** Kronos denies that Plaintiffs or any member of the putative class are entitled to any of the relief requested in the Complaint.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

**ANSWER:** Kronos acknowledges that Plaintiffs demand a jury trial and Kronos denies that Plaintiffs or any member of the putative class are entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Kronos states as follows without waiver of Plaintiffs' obligation to plead and prove each and every element of their claims. Kronos further states that each of the affirmative defenses set forth below are employer-specific, customer-specific, and in some cases, plaintiff-specific based on facts not known to Kronos. Kronos reserves the right to add employer, customer and plaintiff-specific defenses or any other applicable defenses as the litigation develops. Further, pursuant to the April Order, these affirmative defenses do not include (and do not waive) defenses that may be available to Kronos with respect to Section 15(a) of BIPA.

### First Affirmative Defense
### (Estoppel, Waiver, Consent, Ratification, and Acquiescence)

The claims are barred in whole or in part under the doctrines of estoppel, waiver, ratification, and acquiescence. Plaintiffs and each putative class member actually or constructively consented and agreed, either expressly or impliedly, or through a legally-authorized representative or otherwise, to the non-invasive use of the time tracking system, without threat, coercion or compulsion, as part of the timekeeping procedures implemented by each putative plaintiff's employer, and continued to voluntarily use the finger-scanning devices with knowledge of their operation.

### Second Affirmative Defense
### (Laches)

The claims are barred in whole or in part by the doctrine of laches to the extent Plaintiffs and each putative class member unreasonably delayed before asserting purported rights under BIPA and, thereby, cause undue prejudice to Kronos.

**Third Affirmative Defense**
**(Statute of Limitations)**

Each putative class member's claims may be barred in whole or in part to the extent time-barred by the applicable one-year statute of limitations for publication of matter violating a right of privacy (735 ILCS 5/13- 201), two-year statute of limitations to recover damages for injury to person or for a statutory penalty (735 ILCS 5/13-202), and/or five-year statute of limitations for civil actions not otherwise subject to a limitations period (735 ILCS 5/13-205).

**Fourth Affirmative Defense**
**(Good Faith and Substantial Compliance)**

The claims are barred in whole or in part because the timeclocks and finger scan devices sold by Kronos to its customers do not collect, store, or capture "biometric identifiers" or "biometric information" as defined by BIPA.

To the extent that the statute applies to the timeclocks and finger scan devices sold by Kronos to its customers, the claims are barred in whole or in part based on Kronos' good faith and reasonable interpretation of BIPA, substantial compliance therewith, and/or absence of any intentional, reckless, or negligent violation of the statute.

**Fifth Affirmative Defense**
**(Traceability and Redressability)**

Each class member's claims are barred in whole or in part to the extent that any purported injury, if any, is not fairly traceable to the alleged violation of BIPA or negligence, and the relief sought would not redress any such injury. Plaintiffs claim that Kronos' alleged noncompliance with BIPA's notice and consent provisions disregarded their privacy rights and caused informational injury, economic harm and mental anguish with a constant risk of exposure and dissemination of their biometric identifiers and biometric information. Yet, strict compliance with the statute (including obtaining advance written consent for the collection, storage, and use of such

data, and/or disclosing the purpose and length of term for same) would not have stopped Plaintiffs or any putative class member from knowingly and voluntarily using their respective employers' timeclocks and finger scan devices and therefore, would not have prevented the collection, storage, and use of any such data or otherwise mitigate against such purported injuries.

**Sixth Affirmative Defense**
**(Extraterritoriality/Dormant Commerce Clause/Commercial Free Speech)**

Each class member's claims are barred in whole or in part to the extent they require the extraterritorial application of BIPA and/or violate the Dormant Commerce Clause where the alleged violations occurred outside of the State of Illinois such that enforcement of the statute against Kronos would impermissibly regulate and control commercial activity beyond state boundaries. Moreover, in regulating the commercial exchange of information in private hands and requiring significant disclosures, BIPA infringes First Amendment protections of commercial speech and against compelled speech.

**Seventh Affirmative Defense**
**(Unenforceable Penalty)**

The prayer for relief is barred in whole or in part because Plaintiffs and the putative class members are not entitled to recover liquidated damages under Section 14/20(1) or (2) of BIPA as such would be an unenforceable penalty. On behalf of themselves and the putative class members, Plaintiffs seek an award of $5,000 for each willful or reckless violation of the statute and $1,000 for each negligent violation. Plaintiffs, moreover, allege that each instance of noncompliance with the separate provisions of the Act constitutes a distinct violation and that Kronos committed at least three violations of BIPA with respect to Plaintiffs and each putative class member. Accordingly, any such recovery would not be a reasonable estimate of actual damages, but instead would amount to a disparate penalty—more akin to punitive damages for strict liability—given

that Plaintiffs and the putative class members have not suffered any injury or harm to warrant such relief.

**Eighth Affirmative Defense**
**(Violation of Due Process)**

The prayer for relief is barred in whole or in part because an award of statutory liquidated damages under Section 14/20(1) or (2) of BIPA would violate Kronos' due process rights. On behalf of themselves and the putative class members, Plaintiffs seek an award of $5,000 for each willful or reckless violation of the Act and $1,000 for each negligent violation. Plaintiffs moreover, allege that each instance of noncompliance with the separate provisions of the Act constitutes a distinct violation and that Kronos committed at least three violations of BIPA with respect to Plaintiffs and each putative class member. Accordingly, any such recovery would be grossly excessive, exorbitant, and disproportionate to a bare, procedural or technical violation of the statute without any injury or harm and, thereby, violate the Due Process Clause of the United States Constitution.

**Ninth Affirmative Defense**
**(Assumption of the Risk)**

The claims are barred in whole or in part, to the extent Plaintiffs adequately plead negligence, by the doctrine of primary assumption of risk. Upon information and belief, Plaintiffs and each putative class member approved and participated in the conduct of which they now complain, including by voluntarily presenting their fingers to be scanned in connection with their employer's use of timeclocks and finger scan devices sold by Kronos. This conduct indicates that Plaintiffs and each putative class member implicitly consented to encounter an inherent and known risk. As such, Plaintiffs and each putative class member excused Kronos from any legal duty it may have had in connection with the conduct at issue.

**Tenth Affirmative Defense**
**(Claim Preclusion)**

The Complaint is barred in whole or in part to the extent that Plaintiffs' claims or the claims of any putative class member are barred under the doctrines of issue or claim preclusion. Plaintiffs currently have pending duplicative claims that overlap with their claims here, and which therefore may be precluded.

**Eleventh Affirmative Defense**
**(Mootness)**

Plaintiffs' claims are barred, in whole or in part, to the extent they are or become moot as to Plaintiffs and some or all members of the putative Class. Settlements or dispositive rulings in overlapping BIPA actions may moot the claims at issue here.

**Twelfth Affirmative Defense**
**(Preemption and Exclusion)**

Putative class members' and Plaintiffs' claims may be preempted pursuant to labor law preemption, preemption under the Illinois Worker's Compensation Act, or BIPA exclusions as contained in 740 ILCS 14/25, or as provided in any provision of BIPA.

**Thirteenth Affirmative Defense**
**(Financial Transaction Exception)**

The claims are barred in whole or in part because any alleged disclosure falls within BIPA's financial transaction exception. Specifically, BIPA permits disclosure of biometric identifiers or biometric information to "complete[] a financial transaction requested or authorized by the subject." 740 ILCS 14/15(d)(2). Any disclosure by Kronos of biometric identifiers or biometric information of Plaintiffs or members of the putative class was for the purpose of completing a financial transaction requested or authorized by Plaintiffs or members of the putative class.

Dated: May 12, 2020

Respectfully submitted,

By: */s/ Melissa A. Siebert*
*One of Defendant's Attorneys*

Melissa A. Siebert (masiebert@shb.com)
Erin B. Hines (ehines@shb.com)
Ian M. Hansen (ihansen@shb.com)
SHOOK HARDY AND BACON, L.L.P.
111 S. Wacker Dr. 4700
Chicago, IL 60606
Tel.: 312.704.7700
Fax: 312.558.1195

Debra Bernard (dbernard@perkinscoie.com)
PERKINS COIE L.L.P.
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603
Tel.: (312) 324-8559
Fax: (312) 324-9400

*Attorneys for Defendant*
*Kronos Incorporated*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 12, 2020, she caused a true and correct copy of the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint** to be filed electronically. Notice of this filing will be sent to all parties registered on this Court's ECF system by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Melissa A. Siebert*