**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>KRONOS INCORPORATED, a Delaware corporation,<br><br>*Defendant*. | Case No. 1:19-cv-01306<br><br>Honorable Gary M. Feinerman |

**PLAINTIFFS' AND ABSENT PUTATIVE CLASS MEMBERS'**
**<u>COMBINED MOTIONS FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS</u>**

Defendant Kronos Incorporated ("Kronos"), is very focused on getting discovery from absent putative class members in this action. First, Kronos tried to do so through the party discovery procedures created by Rules 33 and 34, which this Court denied as failing to meet the standard for absent class member discovery under those rules. Now, Kronos has attempted to serve 61 third-party document subpoenas on the named plaintiffs in every case brought against an employer that implicates Kronos's technology. (Some of the named plaintiffs in those cases are represented by Interim Class Counsel or Liaison Counsel—for which service has been accepted—others are not.)

These individuals are not parties to this action, and they are not even absent members of a *certified* class. They are absent members of a putative class. Kronos has not cleared the high bar for discovery from these individuals, because it cannot demonstrate an actual need for these documents and fairness to absent class members. Consequently, Plaintiffs Charlene Figueroa and Jermaine Burton move, pursuant to Rule 26(c), for a protective order to bar responses to the

subpoenas, and absent putative class members Laura Gutierrez, Andre Brown, Sabina Bedford, Octavia Bradford, Gregg Bruhn, Benjamin Burt, Thomas Doporcyk, Christopher Howe, Michael Keene, Elena Martinez, Lauren McNamee, Shannon Measaw, Lisa Peatry, Thomas Robertson, LaShaune Stokes, Waheed Ervin, and Travis Williams (collectively, the "Non-Party Movants") move, pursuant to Rule 45, to quash them.

Plaintiffs and the Non-Party Movants are filing today because it was the response deadline in the subpoenas, and Kronos refused an extension. *See Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *4 (N.D. Ill. Nov. 15, 2017) (collecting cases for proposition that compliance date is commonly-accepted deadline to file motion to quash). There are other pending matters in this action which are set for a hearing on February 4, 2021. As discussed below, Plaintiffs do request that a pressing procedural issue relevant to this Motion—whether the dozens of other absent class members to whom Kronos issued subpoenas must now file objections or appear in this case—be addressed prior to those individuals' deadline to object, which is presently February 1, 2021. Plaintiffs do not otherwise request that the Motion be taken up on any expedited basis.

## **BACKGROUND**

Last June, Kronos served interrogatories and document requests on Plaintiffs' counsel. (Dkt. 165-1; dkt. 165-2.) Though ostensibly directed toward the named plaintiffs in this putative class action, the requests defined "You" and "Your" as including "any Putative Class Member(s)." (Dkt. 165-1 at 3; dkt. 165-2 at 4.) Among other things, Kronos sought discovery related to litigation in which absent putative class members were suing their employers for BIPA violations arising out of their employers' use of Kronos timekeeping devices. Plaintiffs objected to that discovery.

Kronos moved to compel. (Dkt. 165.) At a hearing on the motion to compel, Plaintiffs' counsel explained that while Kronos isn't entitled to obtain formal discovery from counsel in one case regarding their clients in other cases, they were happy to discuss whether they could provide some of the requested information to Kronos informally. (Oct. 6, 2020 Hr'g Tr. at 5:21-6:6.) The Court offered initial thoughts on whether Kronos was entitled to such discovery and encouraged the parties to continue discussing whether any of the information sought could be provided informally. (*Id.* at 19:15-20.) In subsequent discussions, Plaintiffs' counsel offered to provide Kronos with any documents produced in the employer cases establishing that absent putative class members actually consented to the collection of their biometric information. (Dkt. 171 at 2.) (Plaintiffs' counsel asked Kronos to seek that same information from the employers—Kronos's customers—in order to get complete coverage on the "sample" of cases, which Kronos has so far refused to do.) Plaintiffs' counsel declined, however, to provide complete employment personnel files from absent putative class members because—unlike consent forms—such information would not be relevant to the instant litigation against Kronos. (*Id.* at 2-3.)

Kronos filed a second motion to compel (dkt. 174), and another hearing was held. The Court denied the motion, finding that it had "no authority under which [it] can subject absent putative class members to discovery under Rule 33 or 34." (Dec. 10, 2020 Hr'g Tr. at 12:11-13.) That said, the Court went on to suggest that "Rule 45 could be a different matter," and that it was denying the motion to compel without prejudice to Kronos serving subpoenas on the absent putative class members. (*Id.* at 12:14, 13:21-23.) Kronos accepted this Court's invitation and is attempting to serve subpoenas on 61 absent putative class members.

Each subpoena seeks four categories of documents.[1] First, it seeks various documents from the absent putative class member's personnel file with their respective employer. (Ex. 1, Requests 1-4.) Second, it seeks documents related to the absent putative class member's experience with other timekeeping devices or other biometric data collection. (*Id.*, Requests 5-6.) Third, it seeks any social media activity by the absent putative class member (such as comments and posts) related to biometrics, Kronos, timekeeping devices, or his or her BIPA employer lawsuit (*Id.*, Request 7.) Finally, it seeks all deposition transcripts and discovery responses from the absent putative class member's employer lawsuit. (*Id.*, Requests 8 and 9.)

Because, as explained below, Kronos has no actual need for this discovery and it is unfair to the absent putative class members, Plaintiffs and the Non-Party Movants filed the present combined motions for relief.

## **PROCEDURAL ISSUES**

Before turning to the substance of the motions, Plaintiffs seek the Court's guidance on one pressing procedural issue. Kronos seeks to serve identical subpoenas on 61 people, for which service has been accepted by Interim Class Counsel for 42. Counsel asked Kronos to agree to a procedure by which some individuals would appear in the case and file a motion to quash, and Kronos would agree to an extension to the response for the others pending the resolution of that motion. (*See* Correspondence between J. Eli Wade-Scott and Erin Bolan Hines, attached hereto as Ex. 2.) Kronos refused. (*Id.*) Instead, Kronos has taken the position that *all* absent putative class members need to file objections to the identical subpoenas before Kronos would so much as engage in a meet and confer pursuant to Local Rule 37.2 about the issues presented there or, in Kronos's view, before anyone can file a motion to quash. (*See id.*)

---

[1] A copy of one of the subpoenas is attached hereto as Exhibit 1. All the subpoenas include the same nine requests for production.

This is wrong, and moreover, creates a lot of needless make-work. Filing an objection is not a predicate to filing a motion to quash. *Compare* Fed. R. Civ. P. 45(d)(2)(b) (governing objections) *with* Fed. R. Civ. P. 45(d)(3) (governing motions to quash); *see Matter of May*, No. 13-3064, 2014 WL 12923988, at *3 (Bankr. N.D. Ind. July 9, 2014) (noting that the sections are independent).[2] Because this motion can properly be considered on its merits now, there is no need to have dozens of other people either (1) appear in this case, along with the counsel representing them, and file the same motion, or (2) submit dozens of sets of objections to Kronos's identical requests predicated on the outcome of this motion. Nevertheless, that is what Kronos is presently demanding. (*See* Correspondence, Ex. 2.) Kronos's refusal to agree to a reasonable procedure that gets these issues substantively before the Court—promptly, and without a procedural morass—speaks volumes about Kronos's real intentions here.

Plaintiffs and the Non-Party Movants accordingly request that the Court exercise its broad powers governing discovery to grant an extension of the objection and response deadlines for those absent putative class members not appearing here, pending resolution of this motion to quash. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013) (court has "extremely broad discretion" in managing discovery before it); *see also* Fed. R. Civ. P. 6(b). For those absent putative class members for whom Interim Class Counsel accepted service, the deadline would otherwise be February 1, 2021.[3]

[2] Objections serve to protect a respondent's interests without anyone needing to make a court filing. *See* Fed. R. Civ. P. 45(d)(2)(B).

[3] Kronos takes the position that counsel should have accepted service for two other individuals, Akia Phillips and Sharon Brandenburg, but they are represented by Werman Salas PC, who are not Liaison Counsel, and Interim Class Counsel do not have authority to accept service for them. (*See* Correspondence, Exhibit 2.) Interim Class Counsel also lack authority to accept service for Matt Burger or Edrekial Moore, who are represented by other firms, too.

**ARGUMENT**

There is a "central tension" between subjecting absent class members to discovery and Rule 23's underlying idea that absent class members need not take any affirmative steps to participate in a class action. *Zollicoffer v. Gold Standard Baking, Inc.*, No. 13 CV 1524, 2020 WL 6825688, at *2 (N.D. Ill. Nov. 20, 2020); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) ("[A]n absent class-action plaintiff is not required to do anything."). Hence the long-standing "general rule" is that discovery cannot be had against absent class members as a matter of course. *Chaffee v. A&P Tea Co.*, No. 79 C 2735, 1987 WL 9308, at *1 (N.D. Ill. Apr. 6, 1987) (citing *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971)). Pursuant to this general rule, discovery can only be propounded against absent class members where the information sought "is necessary," and where the discovery "is not designed 'as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants.'" *Clark v. Universal Home Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974) (quoting *Brennan*, 450 F.2d at 1005); *see also Zollicoffer*, 2020 WL 6825688 at *2; *Chaffee*, 1987 WL 9308 at *2; *Burlington N. Inc. v. Burlington N., Inc.*, No. 374, 1980 WL 134, at *1 (N.D. Ill. Apr. 17, 1980).

Though no class here has yet been certified, Plaintiffs submit that "the same principles that the 7th Circuit relied upon in creating the . . . standard under *Clark* and *Brennan* still apply" to discovery directed to absent putative class members—if not a *more* stringent standard, given that these individuals are not even part of a class and have not received class notice. *In re FedEx Ground Package Sys., Inc. Emp't Practices Litig.*, No. 3:05MD527, 2007 WL 733753, at *7 (N.D. Ind. Mar. 5, 2007). *See also, e.g.*, *Baldwin & Flynn Nat'l Safety Assocs.*, 149 F.R.D. 598, 600-01 (N.D. Cal. 1993) (denying pre-certification discovery on absent putative class members,

citing *Brennan*); *Hapka v. Carecentrix, Inc.*, No. 16-2372, 2017 WL 3386253, at *1-2 (D. Kan. Aug. 7, 2017) (denying pre-certification discovery on absent putative class members, noting that such a practice is "generally disfavored"). Thus, no discovery on absent putative class members can be had until it is established that such discovery is actually necessary and not unfair under *Clark* and *Brennan*. The burden of making such a showing falls squarely on Kronos. *Burlington*, 1980 WL 134, at *1; *Levinson v. Westport Nat'l Bank*, No. 3:09-CV-00269, 2011 WL 13237887, at *1 (D. Conn. May 10, 2011) ("Although a party seeking to quash a subpoena . . . normally bears the burden of good cause, 'the burden of showing good cause is shifted where one party seeks discovery from absent class members.'") (quoting *In re Worlds of Wonder Sec. Litig.*, No. C-87-5491, 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992)). Here, Kronos has not—and cannot—make such a showing.

## I. THE REQUESTED DISCOVERY IS NOT NECESSARY.

To start, the discovery sought is not "necessary" under *Clark* and *Brennan* because the discovery sought is not even relevant. *See DeLeon-Reyes v. Guevara*, No. 18-cv-01028, 2020 WL 3050230, at *3 (N.D. Ill. June 8, 2020) ("[T]he relevance and proportionality limits in Rule 26 that guide the proper scope of discovery apply with equal force to nonparty discovery under Rule 45."). Take, for example, the four requests for various documents from employment personnel files. (*See* Ex. 1, Requests 1-4.) Kronos apparently seeks these documents to determine things like "whether each employee knew and understood that the devices were scanning their fingers" and "whether each employer allowed some or all of its employees to opt for other authentication methods." *Figueroa v. Kronos*, 454 F. Supp. 3d 772, 789 (N.D. Ill. 2020) (quoting Kronos's Motion to Strike Class Allegations). But, as this Court correctly noted, "Kronos fails to explain how those questions bear on its potential liability under BIPA." *Id.* To the contrary:

> Whether some employees knew that their employers' timekeeping devices were scanning their fingerprints, or whether some employees voluntarily opted to use Kronos equipment rather than some other timekeeping method, appears at this point to have no bearing on whether Kronos informed such employees that *it* was collecting their biometric data or whether it obtained their consent.

*Id.* at 790. The production requests seeking discovery materials from the other suits (Requests 8 and 9) are not relevant for the same reason; those materials—like the personnel files—relate to those plaintiffs' relationships with their employers, not Kronos. In any case, to the extent any of the personnel records or discovery materials from the other cases contain documents establishing that an absent putative class member consented to the collection of his or her biometric data—the only information potentially relevant to *this* action—Plaintiffs' counsel has already provided it.[4]

The materials sought in Kronos's remaining production requests—documents relating to putative class members' experience with other timekeeping devices or other biometric data collection (Requests 5-6) and any of their social media activity relating to biometrics or the employer BIPA litigation (Request 7)—are likewise not relevant. The former appears designed to support an argument that some putative class members may have "a diminished expectation of privacy," but Kronos has presented "no authority for the proposition that liability under BIPA turns on this consideration." *Figueroa*, 454 F. Supp. 3d at 791. Nowhere in the statute does such an exception appear. *See generally* 740 ILCS 14/1, *et seq.* Moreover, seeking the social media activity of absent putative class members is flatly harassing. A putative class members' social media posts has no conceivable relevance to the case. *See DeLeon-Reyes*, 2020 WL 3050230 at *7 ("[D]iscovery is not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest.") (internal quotation omitted). And even if a putative

---

4 Kronos also seeks any documents related to union membership contained in employer personnel files. But, again, Kronos has not explained how "claims involving a non-employer equipment vendor like Kronos will turn on interpreting a collective bargaining agreement." *Figueroa*, 454 F. Supp. 3d at 791.

class members' social media activity could somehow create a defense for Kronos here,[5] a "smattering of individual . . . defenses" is insufficient to defeat class certification, rendering such information irrelevant. *Kleen Prods. LLC v. Int'l Paper Co.*, 831 F.3d 919, 930 (7th Cir. 2016).

Furthermore, even if the information sought were relevant here—it is not—relevance is not enough; in order to get discovery on putative class members, Kronos must show *actual need*. *See Burlington*, 1980 WL 134, at *1 ("Whether the information sought [from absent class members] is relevant is not a consideration here. The requisite inquiry is whether [defendant] has manifested an actual need to obtain the information."); *FedEx*, 2007 WL 733753, at *7 ("Mere relevance and helpfulness do not constitute a need."). But Kronos has not and cannot explain why it needs these documents from absent putative class members—especially when most of them are better available from other sources. *See id.* (barring discovery on absent class members where defendant "failed to articulate any prejudice that will result" if such discovery not permitted);[6] *In re Behr Dayton Thermal Prods., LLC*, No. 08-cv-326, 2013 WL 12177803, at *3 (S.D. Ohio Mar. 29, 2013) (barring discovery on absent class member where defendant failed to show a "particularized need" for it, especially where much of the requested information "could have been obtained from other sources"); *Worlds of Wonder*, 1992 WL 330411, at *6 (barring discovery on absent class members where the information sought "is available elsewhere, from others than the absent class members"). *Cf. Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 73 (S.D.N.Y. 2020) (allowing discovery on absent class members where "evidence is plainly

---

[5] Even if a putative class member tweeted, "I consent for Kronos to receive my biometric data," it would not be relevant as Kronos wouldn't have "receive[d]" it, nor would it establish that Kronos provided the required disclosures to that putative class member or any other. 740 ILCS 14/15(b).

[6] The court in *FedEx* did allow discovery on a single absent class member due to articulated, unique circumstances (namely, that the absent class member had previously been a named plaintiff in the litigation for over two years before suddenly dropping out), noting that such discovery "may be [defendant's] only opportunity to obtain the information regarding such a situation." 2007 WL 733753, at *8.

relevant … and cannot be obtained through other means"). If Kronos actually had any desire to obtain consents from employers—or even general information relating to privacy distributed by employers—the natural source for that is the employers who created and distributed that material, all of whom are Kronos's own customers. Many of the named plaintiffs to which Kronos has issued subpoenas do not even have this information, as the cases have either settled or not progressed in discovery. *E.g.*, *Bedford v. Lifespace Communities, Inc.*, No. 1:20-cv-04574 (N.D. Ill.) (settled); *Bradford v. Farmington Foods, Inc.*, No. 2019-CH-12888 (Cir. Ct. Cook Cty.) (settled); *McNamee v. Oz Staffing, LLC*, No. 1:20-cv-01282-JES-JEH (C.D. Ill.) (settled); *Bruhn v. New Albertson's, Inc.*, No. 2018-CH-01737 (Cir. Ct. Cook Cty.) (no discovery); *Keene v. Plymouth Place, Inc. d/b/a Plymouth Place Senior Living*, No. 2019-CH-01953 (Cir. Ct. Cook Cty.) (no discovery); *Robertson v. Hostmark Hosp. Grp. Inc. et al.*, No. 2018-CH-5194 (Cir. Ct. Cook Cty.) (no discovery). Kronos's approach here shows that its intention is not actually to get complete coverage on this information, which itself betrays the fact that there is no "actual need" for it. The subpoenas should be quashed and a protective order entered. Kronos is able to perform discovery on the named plaintiffs here—the well-trod and appropriate path for class actions since their inception.

## II. THE REQUESTED DISCOVERY IS UNFAIR TO ABSENT PUTATIVE CLASS MEMBERS.

Given the conjunctive nature of the *Clark* and *Brennan* requirements, Kronos's inability to establish the necessity of taking discovery on absent putative class members is enough to grant these motions; absent actual need, unfairness to the absent putative class members is irrelevant. *See, generally, Zollicoffer*, 2020 WL 6825688 at *2. Nevertheless, allowing the discovery here would take unfair advantage of the absent putative class members, further counseling in favor of not allowing it. Forcing putative class members to gather and disclose, for example, their social

media activity and their prior experience with biometric data collection would be—especially in light of its irrelevance—unnecessarily intrusive and burdensome. So, too, with requiring them to produce documents from employee personnel files more easily obtained from the employers—entities with whom Kronos already has relationships. And while the absent putative class members are represented by counsel because they are named plaintiffs in the employer suits, *cf. id.*, at *2 (noting that discovery on absent class members should not require them to seek the assistance of counsel), responding to the subpoenas creates additional (and unnecessary) expense and burden for counsel as well. That may well have been the point, but it is not one this Court should sustain. Simply put, there "appears to be little benefit" to allowing the discovery sought here, given that "[d]iscovery of the absent class members is … not likely to resolve the issues central to class certification, and would be expensive and intrusive to the class members." *Duval v. Gleason*, No. C-90-0242, 1991 WL 214251, at *1 (N.D. Cal. June 12, 1991).

## CONCLUSION

For the reasons discussed above, this Court should enter an order (1) granting the combined motions, (2) quashing the subpoenas or otherwise declaring that they need not be answered, and (3) for such further relief as this Court deems just and proper.

## LOCAL RULE 37.2 CERTIFICATION

The undersigned counsel have been unable to confer with Kronos's counsel due to their refusal to do so. (*See* Correspondence, Ex. 2.)

Respectfully submitted,

**CHARLENE FIGUEROA and JERMAINE BURTON**, on behalf of themselves and all others similarly situated,

Date: January 25, 2021

By: /s/ J. Eli Wade-Scott
*One of Plaintiffs' attorneys*

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

James B. Zouras
jzouras@stephanzouras.com
Ryan F. Stephan
rstephan@stephanzouras.com
Andrew C. Ficzko
aficzko@stephanzouras.com
Haley R. Jenkins
hjenkins@stephanzouras.com
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
Tel: 312.233.1550
Fax: 312.233.1560

**LAURA GUTIERREZ and ANDRE BROWN,**

Date: January 25, 2021

By: /s/ J. Eli Wade-Scott
*One of their attorneys*

J. Eli Wade-Scott
ewadescott@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**SABINA BEDFORD, OCTAVIA BRADFORD, GREGG BRUHN, BENJAMIN BURT, THOMAS DOPORCYK, CHRISTOPHER HOWE, MICHAEL KEENE, ELENA**

**MARTINEZ, LAUREN MCNAMEE, SHANNON MEASAW, LISA PEATRY, THOMAS ROBERTSON, LASHAUNE STOKES, WAHEED ERVIN, AND TRAVIS WILLIAMS**

Date: January 25, 2021

By: /s/Ryan F. Stephan
*One of their attorneys*

Ryan F. Stephan
rstephan@stephanzouras.com
Andrew C. Ficzko
aficzko@stephanzouras.com
Haley R. Jenkins
hjenkins@stephanzouras.com
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
Tel: 312.233.1550
Fax: 312.233.1560