# Exhibit 1

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

CHARLENE FIGUEROA, et al.
*Plaintiff*
v.
KRONOS INCORPORATED,
*Defendant*

Civil Action No. 19-cv-01306

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Laura Gutierrez, c/o J. Eli Wade-Scott, Edelson PC, 350 N. LaSalle St., 14th Floor, Chicago, IL 60654

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Rider attached

| Place: Shook, Hardy & Bacon, LLP<br>111 S. Wacker Dr., Suite 4700<br>Chicago, IL 60606 | Date and Time:<br>01/25/2021 12:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/05/2021

*CLERK OF COURT*

OR

/s/ Erin Bolan Hines

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kronos Incorporated, who issues or requests this subpoena, are:

Erin Bolan Hines, 111 S. Wacker Dr., Suite 4700, Chicago, IL 60606; ehines@shb.com; (312) 704-7700

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19-cv-01306

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Laura Gutierrez, c/o J. Eli Wade-Scott
on *(date)* ______ .

☑ I served the subpoena by delivering a copy to the named person as follows: Via Email
Laura Gutierrez, c/o J. Eli Wade-Scott, Edelson PC, 350 N. LaSalle St., 14th Floor, Chicago, IL 60654
on *(date)* 01/08/2021 ; or

❐ I returned the subpoena unexecuted because: ______ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______ .

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 01/08/2021

/s/ Erin Bolan Hines
*Server's signature*

Erin Bolan Hines
*Printed name and title*

Shook, Hardy & Bacon, LLP
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated, | ) | |
| | ) | No. 1:19-CV-01306 |
| Plaintiffs, | ) | |
| | ) | Judge Gary Feinerman |
| v. | ) | |
| | ) | |
| KRONOS INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**RIDER TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS TO LAURA GUTIERREZ**

Defendant Kronos Incorporated ("Kronos" or "Defendant"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, requests that Laura Gutierrez produce the following documents for inspection at the offices of Shook, Hardy, & Bacon L.L.P., 111 S. Wacker Dr., Suite 4700, Chicago, Illinois 60606, by January 25, 2021 at 12:00p.m.

**DEFINITIONS**

1. "Document" is defined to be synonymous in meaning and equal in scope to the "items" identified in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate Document within the meaning of this term.

2. "You" and "Your" means the recipient of this Subpoena.

3. "BIPA" means the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*.

4. "BIPA Employer Lawsuit" means *Gutierrez v. Senior Lifestyle Corporation and SLH North Shore Management.*, Case No. 2017-CH-11314 in the Circuit Court of Cook County.

5. "Personnel Records" means any policies, memoranda, handbooks, manuals, handouts, rules, personnel forms, or other Documents that relate to, include, or describe the terms and conditions of Your employment with the defendant(s) in Your BIPA Employer Lawsuit. This includes, but is not limited to, Documents meeting this definition that were produced as discovery in Your BIPA Employer Lawsuit. For purposes of these Requests, Personnel Records do not include disciplinary or drug testing records.

6. "Social Media" shall refer to any and all internet platforms, including websites and applications, that enable users to create and share content or to participate in social networking, including but not limited to Facebook, Twitter, Instagram, LinkedIn, Pinterest, Reddit, blogs, articles, and YouTube. "Social Media" includes non-public (invite-only and/or closed) and public fora.

7. The term "Timekeeping Device(s)" means any time clock, fingertip sensor, and/or other device allegedly used to track the time and attendance of an individual using biometric identifiers or biometric information as defined under BIPA.

## INSTRUCTIONS

1. If the meaning of any word is unclear, use the definitions supplied by Kronos in this Rider to Subpoena for Production of Documents ("Requests").

2. In responding to these Requests, furnish all responsive Documents, that are within Your possession, custody or control, including all responsive Documents known or available to Your attorneys, agents, representatives, or any other person acting or purporting to act on Your behalf or under the direction or control of You or Your attorneys, agents, representatives, or investigators.

3. Produce all Documents as single-page TIF files, with metadata, extracted text, and image load files that contain parent-child relationship information for each Document.

4. These Requests are not limited as to time unless so stated within the Request itself.

5. If You object to any Request, state the ground(s) of the objection with sufficient specificity to allow for a determination of the applicability of such objection. Objecting to a portion of any Request does not relieve You of the duty to produce Documents responsive to the parts for which You do not have an objection.

6. If You have knowledge that any Document responsive to any Request has been destroyed or is no longer in existence, identify and describe with particularity the Document when it was destroyed, who possessed it prior to its destruction, who destroyed it, what the contents were prior to its destruction, and why and how it was destroyed.

7. If You assert either the attorney-client privilege or work product immunity, or both, or any other basis for protection or exemption from discovery, as to any Document or portion of a Document requested, provide the following information: (a) the nature of the Document; (b) the author(s) and recipient(s); (c) the date it was created and last modified; (d) a summary of the subject matter of such Document in sufficient detail to permit the Court to reach a determination in the event of a motion under Rule 37 of the Federal Rules of Civil Procedure; and (e) an indication of the basis for assertion of privilege or work product immunity.

8. If You contend that the production of any Document is prohibited by third-party confidentiality obligations, You must specifically identify those obligations in Your responses, seek permission from the relevant third parties to provide the requested information in this action, and inform us of the outcome of those requests in a timely manner.

9. These Requests are deemed to be continuing, and pursuant to the obligations imposed by Rule 26(e) of the Federal Rules of Civil Procedure, You are required to promptly supplement Your production with Documents as requested herein that may become known or available to You after the date of Your initial responses to these Requests.

10. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** Personnel Records pertaining to Your union membership.

**REQUEST FOR PRODUCTION NO. 2:** Personnel Records pertaining to Your use, consent to use, objection to the use of, or waiver of objection to the use of any Timekeeping Devices that are the subject of Your BIPA Employer Lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** Personnel Records pertaining to employment policies, including but not limited to any and all data or privacy policies, that You were subject to during Your employment.

**REQUEST FOR PRODUCTION NO. 4:** Personnel Records containing or describing the terms of Your employment, including any privacy or data related terms.

**REQUEST FOR PRODUCTION NO. 5:** Prior to Your employment with the defendant(s) in Your BIPA Employer Lawsuit, all Documents pertaining to each place where You have been employed in Illinois where You used a Timekeeping Device, the periods of time of such employment, and the manufacturers of such Timekeeping Devices.

**REQUEST FOR PRODUCTION NO. 6:** In the five years prior to the filing of Your BIPA Employer Lawsuit, Documents sufficient to identify any other devices You use or have used which collect, use, capture, store, receive, or otherwise obtain biometric identifiers or biometric information as defined under BIPA.

**REQUEST FOR PRODUCTION NO. 7:** In the five years prior to the filing of Your BIPA Employer Lawsuit, all Documents pertaining to Your comments and/or posts on Social Media regarding the allegations in Your BIPA Employer Lawsuit, Kronos, Your employer(s), biometrics, biometric information and biometric identifiers as defined under BIPA, use of Timekeeping Devices, and Your alleged injuries in Your BIPA Employer Lawsuit.

**REQUEST FOR PRODUCTION NO. 8:** Transcripts of any depositions taken of any witness in Your BIPA Employer Lawsuit, including You.

**REQUEST FOR PRODUCTION NO. 9:** Copies of any discovery responses including Documents produced by any party or witness in Your BIPA Employer Lawsuit, except Documents produced by Kronos.