# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRONOS INCORPORATED,<br><br>Defendant, | ) | No. 1:19-CV-01306<br><br>Judge Gary Feinerman |

**RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS OF CANDACE WILLIAMS**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois, Candace Williams ("Williams") hereby provides the following answers and objections ("Responses") to Defendant Kronos Incorporated's ("Defendant") Subpoena for Production of Documents (the "Requests"):

**GENERAL OBJECTIONS**

The General Objections set forth below apply to the Requests generally and to the Definitions, Instructions, and the individual Requests set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for, or provide information in response to, any Request is made subject to the General Objections

1. These responses and objections are based on Williams's interpretation and understanding of the individual Requests and investigation to date, knowledge, and belief. Williams expressly reserves the right to supplement these responses, including based on



KRONOS_SUBPOENA_0000001

additional or different information that further investigation or discovery may disclose. Williams reserves the right to refer to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses

2. Williams objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Williams that are broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, other applicable rules or laws, or any order entered by the Court in, or applicable to, this Action (the "Applicable Rules"). Subject to and without waiving any Objections, in responding to the Requests, Williams will construe the Requests in accordance with the Applicable Rules.

3. Williams objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Williams to conduct anything beyond a reasonable and diligent search where responsive information reasonably would be expected to be found (including electronic sources), and to the extent that the Requests purport to require Williams to exceed her obligations under the Applicable Rules.

4. Williams objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents that are not in Williams's possession, custody, or control, or is equally available and/or in the possession, custody, or control of Defendant, or any third person or entity.

5. Williams's objections are made without waiving or intending to waive any objection(s).

6. A response to part or all of any Request is not intended to be, and shall not be construed to be, a waiver of any part of any objection to the Request. By responding to any Request, Williams does not waive any General Objection or Specific Objection, nor admit nor concede the appropriateness of any Request or any assumptions contained therein.

7. Williams objects to the Requests to the extent they contain any factual or legal misrepresentations.

8. Any statement that Williams will produce documents in response to a particular Request shall not be construed as a representation that Williams in fact has any documents or information responsive to that Request, or that such information exists, but rather, that Williams intends, subject to any objections, to conduct a reasonable search for responsive information in her files that are reasonably believed to contain relevant information, for an appropriate time period.

9. Williams objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they request disclosure of information that comes within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege or any other applicable privilege or immunity, or that otherwise are exempted from disclosure. Williams hereby claims such privileges and protections to the extent implicated by the Requests and excludes privileged or protected information from its Responses to the Requests. Any disclosure of any such privileged or protected information in response to the Requests is inadvertent and not intended to waive those privileges and protections.

10. Williams objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Williams to conduct anything beyond a reasonable and diligent search where responsive information reasonably

would be expected to be found (including electronic sources), and to the extent that the Requests purport to require Williams to exceed the obligations under the Applicable Rules.

11. Williams objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, or seek the discovery of information that is neither relevant to the claims or defenses of any party to this Action nor reasonably calculated to lead to the discovery of admissible evidence, as well as to the extent that they are unduly burdensome because they impose a significant expense and inconvenience on Williams. Williams's Responses are based upon a reasonable search and investigation of files that could reasonably be expected to contain responsive information.

12. Williams objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek information that is cumulative, duplicative, already in Defendant's possession.

13. Williams objects generally to the Requests to the extent they seek to compel Williams to generate or create information and/or documents that do not already exist.

14. Williams objects to the Requests as unlimited to any relevant time periods and therefore overly broad and unduly burdensome and not proportional to the needs of the case.

15. Williams's Responses are based on her current knowledge. Further investigation may reveal additional documents that could lead to additions to, changes in, and/or variations from the Responses herein. Without in any way obligating itself to do so, Williams expressly reserves the right to supplement, amend, correct, clarify, or modify the Responses as further documents become available. Williams also reserves the right to use or rely on, at any time, subsequently discovered documents or documents omitted from these Responses as a result of

mistake, error, oversight or inadvertence. The responses to the Requests provided herein are based on a reasonable search for responsive documents. Williams reserves the right at any time to revise, correct, add to, clarify or supplement her Responses to the Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

Personnel Records pertaining to Your union membership.

**RESPONSE REQUEST FOR RPODUCTION NO. 1:**

Williams incorporates the General Objections as if stated herein. Plaintiff further objects to this Request on the following grounds: (i) it is overly broad and unduly burdensome; and (ii) it is not limited in temporal scope.

Subject to these objections, Williams states that, after a reasonably diligent search, there are no documents responsive to this request in her possession or control.

**REQUEST FOR PRODUCTION NO. 2:**

Personnel Records pertaining to employment policies, including but not limited to any and all data or privacy policies, that You were subject to during Your employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Williams incorporates the General Objections as if stated herein. Plaintiff further objects to this Request on the following grounds: (i) it is overly broad and unduly burdensome; and (ii) it is not limited in temporal scope.

Subject to these objections, Williams directs Defendant to Omni Hotels & Resorts Biometric Data Policy, attached hereto as Exhibit A, and Biometric Data Consent Form for Candace Williams, attached hereto as Exhibit B. Williams states that, after a reasonably diligent search, there are no other documents in her possession or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

Personnel Records pertaining to employment policies, including but not limited to any and all data or privacy policies, that You were subject to during Your employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Williams incorporates the General Objections as if stated herein. Plaintiff further objects to this Request on the following grounds: (i) it is overly broad and unduly burdensome; and (ii) it is not limited in temporal scope.

Subject to these objections, Williams directs Defendant to Exhibits A and B. Williams states that, after a reasonably diligent search, there are no other documents in her possession or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Personnel Records containing or describing the terms of Your employment, including any privacy or data related terms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Williams incorporates the General Objections as if stated herein. Plaintiff further objects to this Request on the following grounds: (i) it is overly broad and unduly burdensome; and (ii) it is not limited in temporal scope.

Subject to these objections, Williams directs Defendant to Exhibits A and B. Williams states that, after a reasonably diligent search, there are no other documents in her possession or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Prior to Your employment with the defendant(s)in Your BIPA Employer Lawsuit, all Documents pertaining to each place where You have been employed in Illinois where You used a

Timekeeping Device, the periods of time of such employment, and the manufacturers of such Timekeeping Devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff incorporates the General Objections as if stated herein. Plaintiff further objects to this Request on the following grounds: (i) it is overly broad and unduly burdensome; and (ii) it is not limited in temporal scope.

Subject to these objections, Williams states that, after a reasonably diligent search, there are no documents responsive to this request in her possession or control.

**REQUEST FOR PRODUCTION NO. 6:**

In the five years prior to the filing of Your BIPA Employer Lawsuit, Documents sufficient to identify any other devices You use or have used which collect, use, capture, store, receive, or otherwise obtain biometric identifiers or biometric information as defined under BIPA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Williams incorporates the General Objections as if stated herein. Plaintiff further objects to this Request on the ground that it is overly broad and unduly burdensome.

Subject to these objections, Williams states that, after a reasonably diligent search, there are no documents responsive to this request in her possession or control.

**REQUEST FOR PRODUCTION NO. 7:**

In the five years prior to the filing of Your BIPA Employer Lawsuit, all Documents pertaining to Your comments and/or posts on Social Media regarding the allegations in Your BIPA Employer Lawsuit, Kronos, Your employer(s), biometrics, biometric information and biometric identifiers as defined under BIPA, use of Timekeeping Devices, and Your alleged injuries in Your BIPA Employer Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Williams incorporates the General Objections as if stated herein. Plaintiff further objects to this Request on the ground that it is overly broad and unduly burdensome.

Subject to these objections, Williams states that, after a reasonably diligent search, there are no documents responsive to this request in her possession or control.

**REQUEST FOR PRODUCTION NO. 8:**

Transcripts of any depositions taken of any witness in Your BIPA Employer Lawsuit, including You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Williams incorporates the General Objections as if stated herein. Subject to these objections, Williams states that, after a reasonably diligent search, there are no documents responsive to this request in her possession or control.

**REQUEST FOR PRODUCTION NO. 9:**

Copies of any discovery responses including Documents produced by any party or witness in Your BIPA Employer Lawsuit, except Documents produced by Kronos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Williams incorporates the General Objections as if stated herein. Plaintiff further objects to this Request on the ground that it is overly broad and unduly burdensome.

Subject to these objections, Williams states that, after a reasonably diligent search, there are no documents responsive to this request in her possession or control.

Respectfully submitted,

Date: January 13, 2021

**CANDACE WILLIAMS**,

s/ Alex J. Dravillas
Counsel for Candace Williams

Alex J. Dravillas
ajd@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220