UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KRONOS INCORPORATED, <br><br> Defendant. | ) ) ) ) 19 C 1306 ) ) Judge Gary Feinerman ) ) ) ) ) ) |

**ORDER**

Plaintiffs' motion to strike affirmative defenses [285] is denied for the reasons set forth below.

**STATEMENT**

Charlene Figueroa and Jermaine Burton allege in this putative class action that Kronos Incorporated, a manufacturer of biometric timekeeping devices, violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Doc. 1-1. Kronos answered and asserted several affirmative defenses. Doc. 180. The court granted Plaintiffs' motion to strike two of the affirmative defenses—Defense 1 ("Estoppel," "Waiver," "Consent," "Ratification," and "Acquiescence") and Defense 9 ("Assumption of the Risk")—without prejudice to repleading. Doc. 276. Kronos repleaded its affirmative defenses, Doc. 278, and Plaintiffs move to strike several of them, Doc. 285.

Rule 12(f) states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) grants a district court "considerable discretion." *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

Kronos asserts thirteen affirmative defenses. Doc. 278 at pp. 28-38. Plaintiffs move to strike the first six—"Estoppel," "Waiver," "Consent," "Ratification," "Acquiescence," and "Laches"—and the thirteenth, "Assumption of the Risk." Doc. 285. Kronos's theory behind those defenses is, in essence, that Plaintiffs implicitly or explicitly consented to the collection and disclosure of their biometric information by, among other things, voluntarily and repeatedly scanning their fingers when using Kronos's timekeeping devices. Doc. 278 at pp. 29-34, 37; Doc. 294 at 4-15. According to Kronos, Plaintiffs' alleged consent precludes or limits liability under Section 15(b) of BIPA, which regulates the "collection" of biometric information, and Section 15(d), which regulates the "disclosure" of biometric information. *See* 740 ILCS 14/15(b) ("No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first …

1

receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."); 740 ILCS 14/15(d) ("No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless … the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure[.]").

In their motion to strike, Plaintiffs argue that Affirmative Defenses 1-6 and 13 fail as a matter of law because the BIPA requires a covered entity to obtain informed, written consent before collecting or disclosing an individual's biometric data. Doc. 285 at 3-16; Doc. 298 at 2-16. To the court's and the parties' knowledge, no Illinois court has addressed the question whether express or implied consent in a form other than a written release is sufficient to satisfy Sections 15(b) or 15(d). Plaintiffs urge this court to answer that question, and in their favor, because doing so will render irrelevant substantial written discovery requests served by Kronos on them and document subpoenas served on numerous members of the putative class, Doc. 267 at 5-6; Doc. 285 at 3, 16—discovery requests and subpoenas that pertain to Kronos's consent theory and that are the subject of three pending motions, Docs. 234, 259, 261. According to Plaintiffs, if Affirmative Defenses 1-6 and 13 are stricken, that party and non-party discovery will be largely, if not entirely, averted. Doc. 234 at 7-9; Doc. 266; Doc. 269 at 6-9.

The court declines to decide whether Affirmative Defenses 1-6 and 13 are valid under Illinois law because the consent-related discovery sought by Kronos is equally relevant to Affirmative Defense 8, "Good Faith and Substantial Compliance," which Plaintiffs do not move to strike. That defense states, in pertinent part, that Plaintiffs' claims "are barred in whole *or in part* based on Kronos'[s] good faith and reasonable interpretation of BIPA, substantial compliance therewith, and/or absence of any intentional, reckless, or negligent violation of the statute." Doc. 278 at p. 35 (emphasis added). As Kronos explained at the motion hearing, Doc. 299, Affirmative Defense 8 posits that it believed in good faith that Plaintiffs' implied or express consent to the collection and dissemination of their biometric information satisfied the consent requirements of Sections 15(b) and 15(d). Whether Kronos in fact acted in good faith could speak at least to the statutory damages that Plaintiffs (and, if a class is certified, the putative class) would be entitled to recover if they prevail on liability. *See* 740 ILCS 14/20(1) (allowing "liquidated damages of $1,000 or actual damages, whichever is greater," for a negligent violation), 20(2) (allowing "liquidated damages of $5,000 or actual damages, whichever is greater," for an intentional or reckless violation).

Accordingly, because the reason Plaintiffs ask the court to strike Affirmative Defenses 1-6 and 13 is to limit the scope of party and non-party discovery sought by Kronos, because discovery on Affirmative Defense 8 is coextensive with discovery on Affirmative Defenses 1-6 and 13, and because Plaintiffs do not move to strike Affirmative Defense 8, Plaintiffs' motion to strike Affirmative Defenses 1-6 and 13 is denied. *See FDIC v. Giannoulias*, 918 F. Supp. 2d 768, 771 (N.D. Ill. 2013) (stating the general rule that a motion to strike should be denied "unless the challenged allegations … may cause some form of significant prejudice to one or more of the parties") (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004)). The court expects that the question whether Affirmative Defenses 1-6 and 13 (and perhaps 8) are valid under Illinois law will arise anew at summary judgment, class

certification, and/or some other juncture. The court of course expresses no view on whether any of those affirmative defenses, if valid, can be resolved on a classwide basis.

July 20, 2021

_____
United States District Judge