**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-01306 |
| *Plaintiffs,* | Honorable Gary M. Feinerman |
| v. | |
| KRONOS INCORPORATED, | |
| *Defendant.* | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING
CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, PERMITTING
CONFIRMATORY DISCOVERY, AND APPROVING NOTICE PLAN**

This matter coming before the Court on Plaintiffs' Motion for and Memorandum in

Support of Preliminary Approval of Class Action Settlement, good cause being shown, and the

Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them

in the Settlement Agreement. (Dkt. 342-1.)

2.      Plaintiffs have moved the Court for an order preliminarily approving the

settlement of the Action in accordance with the Settlement Agreement, which, together with the

documents incorporated therein, sets forth the terms and conditions for a proposed settlement and

dismissal of the Action with prejudice. The Court having read and considered the Settlement

Agreement and having heard the parties and being fully advised in the premises, hereby

preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval

Hearing referred to in this Order, certifies the Settlement Class defined below, appoints Class

Counsel and the Class Representatives, permits the confirmatory discovery plan as described in

the Settlement Agreement, and approves the Notice plan.

**Certification of the Settlement Class**

3.      For purposes of settlement only, the Court certifies the following Settlement Class

as defined in the Settlement Agreement:

> All persons who used a Kronos brand time clock with a finger sensor
> attachment for timekeeping purposes in Illinois and whose finger-scan data
> was hosted by Kronos between January 18, 2014, and 30 days after the date
> the Court enters this order.

For the avoidance of doubt, the Settlement Class does not encompass individuals who used

finger sensors at employers who never used Kronos Cloud, nor does it encompass individuals

who used finger sensors exclusively during a time frame that their employers did not use Kronos

Cloud. Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this

action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies,

successors, predecessors, and any entity in which Defendant or its parents have a controlling

interest, (3) persons who properly execute and file a timely request for exclusion from the

Settlement Class, (4) the legal representatives, successors, heirs, or assigns of any such excluded

persons, (5) individuals who only scanned at (i) a State or local government agency; (ii) a

banking institution subject to Title V of the federal Gramm-Leach Bliley Act of 1999; or (iii) a

court of Illinois, a clerk of the court, or any judge or justice thereof, and (6) persons who were

members of the settlement class in the *Diaz v. Greencore, Inc.*, 2017-CH-13198 (Cir. Ct. Cook

Cty.) and *Dixon v. Washington Jane Smith Home*, 17-cv-8033 (N.D. Ill.) settlements.

4.      The Court finds, subject to the Final Approval Hearing referred to below, that the

Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of

settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (*e.g.*, whether Defendant collected, captured, or otherwise obtained Plaintiffs' and the Settlement Class's biometric identifiers or information, as defined by 740 ILCS 14/10; whether Defendant properly informed Plaintiffs and the Settlement Class of its purposes for collecting, using, and storing their biometric information, 740 ILCS 14/15(b); whether Defendant obtained any written releases to collect, use, and store Plaintiffs' and the Settlement Class's biometric information, *id.*; and whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information, 740 ILCS 14/15(a)); Plaintiffs' claims are typical of the claims of the members of the Settlement Class; Plaintiffs and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

**<u>Preliminary Approval of the Settlement</u>**

5.      For purposes of settlement only: (a) Jay Edelson and J. Eli Wade-Scott of Edelson PC and Ryan F. Stephan and James B. Zouras of Stephan Zouras, LLP are appointed Class Counsel for the Settlement Class; and (b) Charlene Figueroa and Jermaine Burton are named Class Representatives of the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Figueroa and Burton will adequately protect the interests of the Settlement Class defined above.

6.      The Court finds that, subject to the Final Approval Hearing, the Settlement

Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Confirmatory Discovery**

7.     The Court approves the Parties' confirmatory discovery plan described in paragraph 7.2 of the Settlement Agreement, which will confirm the size of the Settlement Class and the Class List. The Parties shall conduct informal and formal discovery as described therein, and have leave to issue subpoenas to Illinois Kronos Cloud Customers if necessary.

8.     Pursuant to the Parties' agreement and Federal Rule of Civil Procedure 72(a), the Court refers this matter to Magistrate Judge Jeffrey T. Gilbert for oversight of the information-gathering/subpoena process and resolution of any disputes in connection with carrying out the Confirmatory Discovery described in Section 7 of the Settlement Agreement. Because the Parties have waived their respective rights to appeal Judge Gilbert's orders on these matters to this Court or to the Seventh Circuit, such orders shall be final upon entry. Absent further order of the Court, the referral shall terminate automatically upon the Class List Determination Date.

**Notice and Administration**

9. The Court approves, as to form, content, and distribution, the Notice plan, Claim Form, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B, C, and D thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. The Court approves the request for the appointment of Kroll Business Services as Settlement Administrator under the Settlement Agreement.

11. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to update the mailing addresses of persons on the Class List, publish the Notice on the Settlement Website, to send direct notice via email and U.S. Mail, and to send Notice pursuant to 28 U.S.C § 1715 in accordance with the Notice plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement online.

12. The Settlement Administrator is directed to disseminate Notice to the Settlement Class no later than three (3) weeks after the Class List Determination Date as defined in the

Settlement Agreement.

13.     The Settlement Administrator and Plaintiffs' Expert are directed to delete all Settlement Class Member information provided by Class Counsel, Defendant's Counsel, or Defendant within 9 months after the void date of the last claims check. The void date is determined by paragraph 2.1 of the Settlement Agreement.

**Exclusion**

14.     All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing on or before the Objection/Exclusion Deadline, which shall be ninety (90) days after the Notice Date. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits. No later than one week prior to the Notice Date, Plaintiffs shall advise the Court of the date of the Objection/Exclusion Deadline, and the Settlement Administrator shall update the Settlement Website with that date.

15.     To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or

electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or the Final Approval Order entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

**Objections**

16.　　Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive award to the Class Representatives. To object, Settlement Class Members must sign and file a written objection on or before November 7, 2022.

17.　　To be valid, the written objection must include (a) the Settlement Class Member's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of

the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

18.     To be valid, objections must be filed with the Clerk of Court, 219 South Dearborn Street, Chicago, IL 60604, by November 7, 2022.  Any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.  Any objections by Settlement Class Members representing themselves that are filed in paper form will be placed on the docket by the Clerk of Court.

19.     Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

**Final Approval Hearing**

20.     The Final Approval Hearing shall be held before this Court on December 6, 2022 at 9:30 a.m  to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

21.     Class Counsel shall file papers in support of their Fee Award and the Class Representative's incentive award (collectively, the "Fee Petition") with the Court by October 24,

2022. Papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website.

22.     Plaintiffs shall file their papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before November 21, 2022.

23.     This matter is set for status on the completion of confirmatory discovery and to confirm the deadlines set by this order on July 28, 2022, at 9:00 a.m.

24.     The Parties agreed at the preliminary approval hearing, and the Court further orders, that any residual funds from filed claims that result in uncashed checks will first be re-distributed *pro rata* to Settlement Class Members to the extent feasible and in the best interests of the Settlement Class, before the Court will consider distribution to the proposed *cy pres* recipients. The Parties shall advise the Court at the final approval hearing on the status of claims.

February 18, 2022

_____
JUDGE GARY FEINERMAN
UNITED STATES DISTRICT COURT