# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRONOS INCORPORATED,<br><br>*Defendant*. | No. 1:19-CV-01306<br><br>Honorable Gary Feinerman |

**STIPULATION OF CLASS ACTION SETTLEMENT**

This Class Action Settlement Agreement ("Settlement Agreement") is entered into by and among Plaintiff Charlene Figueroa and Plaintiff Jermaine Burton ("Plaintiffs"), for themselves individually and on behalf of the Settlement Class, and Defendant Kronos Incorporated ("Kronos" or "Defendant") (Plaintiffs and Defendant are referred to separately as "Party" and collectively as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the following terms and conditions, and subject to the approval of the Court.

**RECITALS**

A. On January 18, 2019, Plaintiffs filed a putative class action complaint against Kronos in the Circuit Court of Cook County, Illinois, alleging violations of the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Plaintiffs claimed that Kronos, as a provider of timekeeping devices with a finger-scanner and "cloud" hosting services, collected and stored their biometric data without authorization when Plaintiffs scanned their fingers at employers that were using Kronos's timeclocks and cloud-hosting services.

B. On February 21, 2019, Defendant removed the case to the United States District Court for the Northern District of Illinois, where it was assigned the caption *Figueroa v. Kronos Incorporated*, No. 1:19-CV-01306 (N.D. Ill.) (Dkt. 1.)

C. On April 15, 2019, Defendant filed a motion to dismiss the complaint for failure to state a claim. (Dkt. 29, 30.) The same day, Kronos filed a motion to strike Plaintiffs' class allegations. (Dkt. 32, 33.) The motions were fully briefed. (Dkts. 50, 51, 62, 63.)

D. On April 13, 2020, the Court entered an opinion and order denying both Defendant's motion to dismiss and motion to strike Plaintiffs' class allegations. (Dkt. 128.) The Court requested supplemental briefing on Plaintiffs' standing to bring their claims under 740 ILCS 14/15(a) at the same time, which the Parties simultaneously submitted on May 19, 2020. (Dkts. 137, 138.) The Court ultimately severed Plaintiffs' section 15(a) claims and remanded that portion of the case to state court. (Dkt. 150.) After the Seventh Circuit's decision in *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146 (7th Cir. 2020), Kronos re-removed this portion of the case, which was re-consolidated. (Dkt. 179.)

E. Meanwhile, Defendant filed its answer and affirmative defenses to Plaintiffs' complaint, asserting thirteen affirmative defenses on May 12, 2020. (Dkt. 136.)

F. Following Kronos's answer, the Parties engaged in written discovery and sought the Court's intervention on several discovery disputes. On June 2, 2020, Plaintiffs issued written discovery requests to Kronos. Kronos produced its initial written responses on August 3, 2020. Kronos issued its first written requests to Plaintiffs on June 19, 2020, and Plaintiffs produced their first written responses on July 27, 2020. Both Plaintiffs and Kronos filed motions to compel (dkt. 155, 164); Plaintiffs' motion was fully briefed by the Parties and denied without prejudice

(*see* dkt. 166), and Kronos's motion was argued orally, with the Court granting in part and denying in part (*see* dkt. 168.)

G. Kronos also sought discovery from the putative class, which Plaintiffs contested. Kronos moved to compel this discovery (dkt. 173), which was denied without prejudice to Kronos issuing subpoenas. (Dkt. 179.) Kronos then issued more than sixty subpoenas to members of the absent class, upon which Plaintiffs moved for a protective order and absent members of the class moved to quash. (Dkt. 234.) Kronos meanwhile filed another motion to compel (dkt. 259) and moved the Court for leave to issue additional interrogatories. (Dkt. 261.) Each of these motions was fully briefed. (Dkts. 265, 266, 269, 270, 271.)

H. Plaintiffs argued that Kronos's additional discovery efforts—both on Plaintiffs and the putative class—were predicated on defective affirmative defenses. Plaintiffs accordingly moved to strike Kronos's equitable and implied consent defenses. (Dkt. 267.) The motion to strike was fully briefed and the Court granted the motion without prejudice to Kronos's re-pleading its defenses. (Dkt. 276). Kronos filed a second amended answer on April 7, 2021. (Dkt. 278.)

I. Kronos then moved to stay the case pending the Seventh Circuit's ruling on *Cothron v. White Castle System, Inc.*, No 20-3202 (7th Cir.) and the Illinois Appellate Court's decision in *Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563. (Dkt. 279.) Plaintiffs opposed, and this too was fully briefed. (Dkts. 283, 284.) The Court denied the motion to stay after a hearing on April 29, 2021. (Dkt. 288.)

J. Meanwhile, Plaintiffs moved to strike Kronos's affirmative defenses as amended. (Dkt. 285.) This motion was fully briefed (dkt. 294, 298), and argued at a hearing on June 29, 2021 (dkt. 299), after which the Court took it under advisement. The Court ultimately denied the

motion to strike on July 20, 2021. (Dkt. 307.) The Court then granted in part and denied in part the pending discovery motions concerning the subpoenas to the absent class. (Dkt. 323.)

K. All the while, the Parties proceeded in discovery. Plaintiffs issued additional requests for production to Kronos on August 24, 2020, and November 20, 2020. Over the course of several months, Kronos produced more than a hundred thousand pages of documents, which Plaintiffs reviewed. Plaintiffs also issued subpoenas to Idemia Identity & Security USA LLC on March 9, 2021, and a subpoena to MorphoTrust USA LLC on March 29, 2021. Idemia responded for both entities on April 23, 2021 and produced documents shortly thereafter.

L. With written discovery substantially complete in the spring of 2021, the Parties proceeded into depositions. Kronos took each Plaintiffs' deposition, one on May 28 and the other on June 2, 2021. Plaintiffs provided Kronos with a list of ten intended deponents in March of 2021, and scheduled depositions through the spring and summer of 2021. Beginning in May and continuing through July of 2021, Plaintiffs took six depositions of current and former Kronos employees ranging from product managers to senior directors of the company.

M. Amid the discovery and motion practice, the Parties agreed that a mediation would be productive. The Parties asked the Court to stay its ruling on the pending discovery motions in light of the forthcoming mediation, which the Court granted. (Dkt. 313, 319.) The Parties participated in a full-day mediation with Judge James F. Holderman (Ret.) of JAMS on August 31, 2021. That mediation was productive but ultimately not successful.

N. Plaintiffs issued a 30(b)(6) deposition notice to Kronos on September 17, 2021 and took another deposition of a current senior director on September 22, 2021. More depositions were scheduled.

O. The Parties, meanwhile, continued to consider the possibility of settlement. The Parties exchanged a number of drafts of a binding Memorandum of Understanding and engaged in several telephone and Zoom conferences beginning in mid-September and through mid-October.

P. Ultimately, after dozens of e-mails, phone calls, and numerous edits on the draft, the Parties executed a binding Memorandum of Understanding late in the evening on October 20, 2021.

Q. Plaintiffs and Class Counsel conducted a comprehensive examination of the law and facts relating to the allegations in the Action and Kronos's potential defenses. Plaintiffs believe that the claims asserted in the Action have merit, that they would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class, and that they would have prevailed on the merits at summary judgment or at trial.

R. However, Plaintiffs and Class Counsel recognize that Kronos has raised factual and legal defenses in the Action that presented a significant risk that Plaintiffs may not prevail and/or that a class might not be certified for trial. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as difficulty and delay inherent in such litigation.

S. Plaintiffs and Class Counsel believe that this Agreement presents an exceptional result for the Settlement Class, and one that will be provided to the Settlement Class without delay. Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and based on good faith negotiations, and in the best interests of Plaintiffs and the Settlement Class. Therefore, Plaintiffs believe that it is desirable that the

Released Claims be fully and finally compromised, settled, and resolved with prejudice, and forever barred pursuant to the terms and conditions set forth in the Settlement Agreement.

T. Kronos denies the material allegations in the Action, as well as all allegations of wrongdoing and liability, including that it is subject to or violated BIPA, and believes that it would have prevailed on the merits and that a class would not be certified for trial. Nevertheless, Kronos has similarly concluded that this settlement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Settlement Class's claims for statutory damages under BIPA. Kronos thus desires to resolve finally and completely the pending and potential claims of Plaintiffs and the Settlement Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and Defendant that, subject to the approval of the Court after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT

### 1. DEFINITIONS

In addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1 "**Action**" means the case captioned *Figueroa v. Kronos Incorporated*, No. 1:19-CV-01306 (N.D. Ill.).

1.2 "**Agreement**" or "**Settlement Agreement**" means this Stipulation of Class Action Settlement and the attached Exhibits.

1.3 "**Approved Claim"** means a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is fully completed and physically or electronically signed by the Settlement Class Member, and (c) satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement.

1.4 **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely and shall be set as a date no later than ninety (90) days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

1.5 "**Claim Form**" means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, which shall be completed by Settlement Class Members who wish to file a claim for a Settlement Payment, shall be available in paper and electronic format. The Claim Form will require claiming Settlement Class Members to provide the following information: (i) full name, (ii) current U.S. Mail address, and (iii) current contact telephone number and email address. The Claim Form will not require notarization but will require affirmation that the information supplied is true and correct. The online Claim Form will provide Class Members with the option of having their Settlement Payment transmitted to them electronically through Venmo, Zelle, Paypal, or a check. Class Members who submit a paper Claim Form that is approved will be sent a check via U.S. Mail.

1.6 "**Class Counsel**" means attorneys Jay Edelson and J. Eli Wade-Scott of Edelson PC and Ryan F. Stephan and James B. Zouras of Stephan Zouras, LLP.

1.7 **"Class List Determination Date"** means the date upon which a final determination of the Class List is reached as described in Section 7.2(f).

1.8 "**Class Representatives**" or "**Plaintiffs**" means the named Plaintiffs in the Action, Charlene Figueroa and Jermaine Burton.

1.9 "**Court**" means the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Gary Feinerman presiding, or any judge who shall succeed him as the Judge assigned to the Action.

1.10 **"Kronos Customer Contact Date"** means the date by which Kronos will contact the Illinois Kronos Cloud Customers in accordance with the Confirmatory Discovery provisions contained at Section 7.2 herein, and shall be no later than March 7, 2022.

1.11 "**Defendant**" or "**Kronos**" means Kronos Incorporated.

1.12 "**Defendant's Counsel**" **or "Kronos's Counsel**" means attorneys Melissa A. Siebert, Erin Bolan Hines, and Maveric Ray Searle of Shook, Hardy, & Bacon LLP, and Debra Bernard of Perkins Coie LLP.

1.13 "**Effective Date**" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or incentive award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari

with respect to the Final Approval Order. If there are no objectors, the Effective Date is one day after the Final Approval Order.

1.14 "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

1.15 "**Fee Award**" means the amount of attorneys' fees and reimbursement of costs awarded to Class Counsel by the Court to be paid out of the Settlement Fund.

1.16 "**Final Approval Hearing**" means the hearing before the Court where Plaintiffs will request that the Final Approval Order be entered by the Court finally approving the Settlement as fair, reasonable, adequate, and approving the Fee Award and the incentive award to the Class Representatives.

1.17 "**Final Approval Order**" means the final approval order to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing and dismissing the Action with prejudice.

1.18 "**Illinois Kronos Cloud Customers**" means all individuals and/or entities who use, contract for, and/or otherwise utilize the Kronos Cloud to store finger scan data from a Kronos brand time clock with a finger scan attachment with ship-to and/or bill-to information in

Illinois, and any additional users of Kronos Cloud with pending BIPA lawsuits not otherwise included in the ship-to/bill-to information.

1.19 "**Kronos Cloud**" means data storage servers made available by Kronos to its customers that are accessed over the internet, and/or the data storage servers that are accessed over the internet of any company acquired by Kronos or retained by Kronos to provide data storage services.

1.20 "**Notice**" means the notice of the proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of the Exhibits attached hereto.

1.21 "**Notice Date**" means the date by which the Notice is disseminated to the Settlement Class and shall be a date no later than three (3) weeks after the Class List Determination Date.

1.22 "**Objection/Exclusion Deadline**" means the date by which a written objection to the Settlement Agreement by a Class Member must be filed with the Court or a request for exclusion submitted by a person within the Settlement Class must be postmarked or received by the Settlement Administrator, which shall be designated as a date ninety (90) days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice and on the Settlement Website.

1.23 "**Preliminary Approval Order**" means the Court's order preliminarily approving the Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

1.24 "**Plaintiffs' Expert**" means an expert retained by Plaintiffs for purposes of confirmatory discovery and providing information to the Settlement Administrator, as discussed in Section 5.1 and 7.2. The Plaintiffs' Expert will be Mark Rapazzini from Kroll Business Services.

1.25 "**Proprietary Information**" means information that identifies or that could identify Illinois Kronos Cloud Customers or individual class members obtained by Kronos.

1.26 "**Released Claims**" means any and all past and present claims or causes of action related to BIPA, including, but not limited to, any claims arising out of BIPA, tort or privacy claims, or any other federal, state, or local statute, regulation, or common law, arising out of or related to the alleged possession, collection, capture, purchase, receipt through trade, obtaining, sale, lease, trade, profit from, disclosure, re-disclosure, dissemination, storage, transmittal, and/or protection from disclosure of alleged biometric information or biometric identifiers.

1.27 "**Released Parties**" means Kronos, and its agents, subsidiaries and parents and their respective managers, employees, officers, directors, partners, members, owners, heirs, executors, predecessors, successors, assigns, insurers, agents, and attorneys. Released Parties expressly excludes any of Defendant's customers, such as i) Kronos's customers that are employers in Illinois; ii) Kronos's customers that use, contract for and/or utilize Kronos brand time clocks; and/or iii) Kronos Cloud Customers.

1.28 "**Releasing Parties**" means Plaintiffs and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents.

1.29 "**Settlement**" or "**Settlement Agreement**" means the final resolution of the Action as embodied by the terms and conditions of this Settlement Agreement.

1.30 "**Settlement Administration Expenses**" means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, creating and maintaining the Settlement Website, receiving and processing Claim Forms, dispersing Settlement Payments, related tax expenses, fees of the escrow agent, and other such related expenses, with all such expenses to be paid from the Settlement Fund.

1.31 "**Settlement Administrator**" means Kroll Business Services, subject to approval of the Court, which will provide the Notice, create and maintain the Settlement Website, receive and process Claim Forms, send Settlement Payments to Settlement Class Members, be responsible for tax reporting, and perform such other settlement administration matters set forth herein or contemplated by the Settlement.

1.32 "**Settlement Class**" means all persons who used a Kronos brand time clock with a finger sensor attachment for timekeeping purposes in Illinois and whose finger-scan data was hosted by Kronos between January 18, 2014, and thirty days after the date the Court enters the Preliminary Approval Order. Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the class, (4) the legal representatives, successors or assigns of any such excluded persons, (5) individuals who only scanned at (i) a State or local government agency; (ii) a banking institution subject to Title V of the federal Gramm-Leach Bliley Act of 1999; or (iii) a court of Illinois, a clerk of the court, or any judge or justice thereof, and (6) persons who were members of the settlement class in the *Diaz v. Greencore, Inc.*, 2017-CH-13198 (Cir. Ct. Cook Cty.) and *Dixon v. Washington Jane Smith Home*, 17-cv-8033 (N.D. Ill.) settlements. The

definition of Settlement Class does not encompass individuals who used finger sensors at employers who never used Kronos Cloud, nor does it encompass individuals who used finger sensors exclusively during a time frame that their employers did not use Kronos Cloud.

1.33 **"Settlement Class List"** or **"Class List"** means the list provided by Defendant or Class Counsel to the Settlement Administrator containing a list of all names, personal e-mail addresses (where available), and last known U.S. mail addresses of all persons in the Settlement Class for whom Defendant or Class Counsel was able to obtain such information pursuant to the process outlined in Section 7.2.

1.34 "**Settlement Class Member**" or "**Class Member**" means a person who falls within the definition of the Settlement Class and who does not submit a valid request for exclusion from the Settlement Class.

1.35 "**Settlement Fund**" means the non-reversionary cash fund that shall be established by Defendant in the amount of Fifteen Million Two Hundred Seventy-Six Thousand Two Hundred and Twenty-Seven dollars ($15,276,227.00). Within twenty-one (21) days of the entry of the Preliminary Approval Order, Kronos, its insurer(s), or any other party on behalf of Kronos, shall deposit $750,000 (Seven Hundred and Fifty Thousand Dollars) into the Escrow Account for the purpose of funding Settlement Administration Expenses. If the deposit date falls on Christmas Eve or New Year's Eve, then the deposit will be made on the Monday following the holiday. Within ten (10) business days of Final Approval, assuming that there are no objections or appeals, Kronos shall transmit the remaining balance of the Settlement Fund to the Escrow Account. In no circumstance shall the Settlement Fund be less than $15,276,227.00. Subject to confirmatory discovery and potential upward adjustment as set forth in Sections 7.2-7.3, the Settlement Fund shall satisfy all monetary obligations of Defendant under this

Settlement Agreement, including the Fee Award, litigation costs, Settlement Administration Expenses, payments to the Settlement Class Members, any incentive award, and any other payments or other monetary obligations contemplated by this Agreement. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendant into the Escrow Account, or any interest earned thereon, revert to Defendant or any other Released Party.

1.36 "**Settlement Payment**" means a *pro rata* portion of the Settlement Fund less any Fee Award, incentive award to the Class Representatives, and Settlement Administration Expenses.

1.37 "**Settlement Website**" means the website to be created, launched, and maintained by the Settlement Administrator, which will provide access to relevant settlement administration documents, including the Notice, relevant court filings, and the ability to submit Claim Forms online. The Settlement Website shall be live and active by the Notice Date, and the URL of the Settlement Website shall be www.kronosbipasettlement.com, or such other URL as the Parties may subsequently agree to.

**2. SETTLEMENT RELIEF**

2.1 **Settlement Payments to Settlement Class Members**.

a. Settlement Class Members shall have until the Claims Deadline to submit Claim Forms. Each Settlement Class Member who submits an Approved Claim shall be entitled to a Settlement Payment.

b. The Settlement Administrator shall have sole and final authority for determining if Settlement Class Members' Claim Forms are complete, timely, and

accepted as an Approved Claim.

c. Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send Settlement Payments from the Settlement Fund by electronic deposit or by check via First Class U.S. Mail to the account or address provided on the Approved Claim Form, as elected by the Class Member with an Approved Claim.

d. Each payment issued to a Class Member by check will state on the face of the check that it will become null and void unless cashed within one hundred and twenty (120) calendar days after the date of issuance.

e. In the event that an electronic deposit to a Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Class Member within thirty (30) calendar days to correct the problem.

f. To the extent that a check issued to a Settlement Class Member is not cashed within one hundred twenty (120) days after the date of issuance, or an electronic deposit is unable to be processed within one hundred twenty (120) days of the first attempt, such funds shall be distributed as *cy pres* to Legal Aid Chicago (earmarked for workers' rights representation) and American Civil Liberties Union of Illinois or other appropriate entity agreed upon by the Parties and approved by the Court.

2.2 **Prospective Relief.**

a. Defendant agrees that, on or before the Effective Date, it shall implement the following policies and procedures should Defendant continue to use Kronos Cloud to host finger scan data provided by Illinois Kronos Cloud Customers:

i. Defendant shall notify its Illinois Kronos Cloud Customers that, to

the extent they are using Kronos time clocks with finger-sensor attachments, the Illinois Kronos Cloud Customers shall:

1. Establish a retention and destruction schedule that complies with BIPA and need to follow that schedule with timely data deletion;

2. Notify the subjects of collection, in writing, that finger-sensor data, which may be considered biometric information under BIPA, is being collected, stored, used, and disclosed by the Illinois Kronos Cloud Customer and/or Kronos;

3. Notify the subjects of collection in writing of the purposes and length of term that finger-sensor data is being collected, stored, used and disclosed; and

4. Obtain a written release to the collection, storage, use and disclosure by the Illinois Kronos Cloud Customer and by Kronos.

**3. RELEASE**

3.1 **The Release.** Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims.

**4. NOTICE TO THE CLASS**

4.1 The Notice shall include:

a. *Class List.* After the Class List Determination Date, Plaintiffs' Expert shall provide the Settlement Administrator with the Class List pursuant to Section 7.2(f), copying Kronos. All Illinois Kronos Cloud Customers' information provided to the Settlement Administrator from Kronos will be considered Proprietary Information and will not be shared with Class Counsel except as necessary to effectuate Notice. To the extent that it is necessary to disclose Proprietary Information to Class Counsel, the Parties will work cooperatively to determine ways to avoid that information being shared. In the event that no agreement can be reached, and Class Counsel determines it is necessary for Class Counsel to get limited Proprietary Information, Kronos expressly reserves the right to seek a protective order from Magistrate Judge Gilbert prior to Class Counsel receiving any such information. Class Counsel agrees that they shall not disclose or use, directly or indirectly, any information pertaining to Illinois Customers that is disclosed to them hereunder for any purpose other than effectuating the Settlement.

b. The Class List may not be used by the Settlement Administrator for any purpose other than advising specific individual Settlement Class members of their rights, mailing Settlement Payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement.

c. The Notice shall include the best notice practicable, including but not limited to:

i. *Update Addresses.* Prior to mailing any Notice, the Settlement Administrator will update the U.S. mail addresses of persons on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement

Class members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings as described below.

ii. *Direct Notice.* The Settlement Administrator shall send Notice via e-mail substantially in the form of Exhibit B to all persons in the Settlement Class for whom a personal email address is available on the Class List no later than the Notice Date. The Settlement Administrator is authorized to send up to three (3) reminder emails to each person on the Class List with an email at the request of Class Counsel. The reminder emails shall be substantially in the form of Exhibit B, with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice. The Settlement Administrator shall also, no later than the Notice Date, send a Notice via First Class U.S. Mail substantially in the form of Exhibit C to each such Settlement Class member's physical address in the Class List.

iii. *Internet Notice.* No later than the Notice Date, the Settlement Administrator will develop, host, administer and maintain a Settlement Website containing the notice substantially in the form of Exhibit D. The Settlement Website shall include a toll-free phone number and mailing address through which persons in the Settlement Class may contact the Settlement Administrator or Class Counsel directly.

iv. *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and

other required government officials, notice of the proposed settlement as required by law.

4.2 The Notice shall advise the Settlement Class of their rights under the Settlement, including the right to be excluded from or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection shall file notice of his or her intention to do so and at the same time (a) files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, who must also file an appearance, and (c) sends copies of such papers via e-mail, U.S. mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

4.3 **Right to Object or Comment.** Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector

intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action in any other action or proceeding.

4.4 **Right to Request Exclusion.** Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement

Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or the Final Approval Order entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order (as defined below). No person may request to be excluded from the Settlement Class through “mass” or “class” opt-outs.

**5. SETTLEMENT ADMINISTRATION**

5.1 **Settlement Administrator’s Duties.**

a. *Non-disclosure Obligation:* The Settlement Administrator shall enter into a non-disclosure agreement that provides that any and all Illinois Kronos Cloud Customers’ information provided to the Settlement Administrator from Kronos will be considered Proprietary Information and will not be shared with Class Counsel except as necessary to effectuate notice, as provided in Section 4.1 of this Settlement Agreement.

b. *Dissemination of Notices.* The Settlement Administrator shall disseminate the Notice as provided in Section 4 of this Settlement Agreement.

c. *Undeliverable Notice via U.S. Mail*. If any Notice sent via U.S. mail is returned as undeliverable, the Settlement Administrator shall forward it to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, the Settlement Administrator shall perform skip traces to attempt to obtain the most recent addresses for such Settlement Class members.

d. *Maintenance of Records.* The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The

Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide weekly reports to Class Counsel and Defendant's Counsel with information concerning the Notice, the number of Claim Forms submitted, the number of Approved Claims, any requests for exclusion, and the administration and implementation of the Settlement. The Settlement Administrator shall make available for inspection by Defendant's Counsel all of the Approved Claim Forms received by the Settlement Administrator at any time upon reasonable notice. The Settlement Administrator shall confirm whether an individual submitted an Approved Claim Form upon request by Class Counsel. The Settlement Administrator shall make available for inspection by Class Counsel and Defendant's Counsel the Claim Forms for denied Claims received by the Settlement Administrator at any time upon reasonable notice. The Settlement Administrator will redact information that identifies the Claimant's employer prior to making any Claim Forms available for inspection by Class Counsel. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a post-distribution accounting of all amounts from the Settlement Fund paid to Settlement Class Members, the number and value of checks not cashed, the number and value of electronic payments unprocessed, and the amount distributed to any *cy pres* recipient.

e. *Receipt of Requests for Exclusion.* The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Class and provide to Class

Counsel and Defendant's Counsel a copy thereof within five (5) days of the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

f. *Processing Claim Forms*. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud, including by cross-referencing Approved Claims with the Class List. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a person submits a timely Claim Form by the Claims Deadline, but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Claims Deadline. In the event the Settlement Administrator does not receive such information within twenty-eight (28) calendar days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any person

who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

g. *Timing of Settlement Payments.* The Settlement Administrator shall make Settlement Payments contemplated in Section 2 of this Settlement Agreement to all Settlement Class Members, who, if necessary, have completed required tax forms, within twenty-eight (28) days after the Effective Date.

h. *Tax Reporting*. The Settlement Administrator shall be responsible for all tax filings related to the Escrow Account, including requesting Form W-9's from Settlement Class Members and performing back-up withholding as necessary, and making any required "information returns" as that term is used in 26 U.S.C. § 1 *et seq.* Neither Class Counsel nor Defendant make any representations regarding the tax treatment of the Settlement Fund nor will Defendant accept any responsibility for the tax treatment to the Settlement Payments received by any Settlement Class Member.

**6. PRELIMINARY APPROVAL AND FINAL APPROVAL**

6.1 **Preliminary Approval.** Promptly after execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court to enter a Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

a. Appoint Plaintiffs as Class Representatives of the Settlement Class for settlement purposes only;

b. Appoint Class Counsel to represent the Settlement Class;

c. Certify the Settlement Class under Federal Rule of Civil Procedure 23, for settlement purposes only;

d. Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Class; and

e. Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Class.

One week prior to the Notice Date, the Parties will request that the Court schedule a status hearing to set the date for the Final Approval Hearing after the expiration of the CAFA notice period, to review comments and/or objections regarding this Settlement Agreement, to consider its fairness, reasonableness and adequacy, to consider the application for a Fee Award and incentive award to the Class Representatives, and to consider whether the Court shall enter a Final Approval Order approving this Settlement Agreement and dismissing the Action with prejudice.

6.2 **Final Approval.** After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Approval Order, which shall include, among other provisions, a request that the Court:

a. find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

b. approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members;

c. direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

d. declare the Settlement to be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties;

e. find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

f. find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

g. dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

h. incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

i. authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Approval Order, and (ii) do not limit the rights of Settlement Class Members;

j. without affecting the finality of the Final Approval Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose; and

6.3 **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## 7. TERMINATION OF THE SETTLEMENT AGREEMENT, CONFIRMATORY DISCOVERY, & ADJUSTMENT OF THE SETTLEMENT FUND

7.1 **Termination.** Subject to Section 9 below, the Class Representatives, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Agreement by providing written notice of the election to do so to Class Counsel or Defendant's Counsel within ten (10) days of any of the following events: (i) the Court's refusal to enter the Preliminary Approval Order approving of this Agreement in any material respect; (ii) the Court's refusal to enter the Final Approval Order in this Action in any material respect; (iii) the Court's refusal to enter a final judgment in this Action in any material respect; (iv) the date upon which the Final Approval Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Approval Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. If the Class List exceeds 200,000 total individuals as determined by the confirmatory discovery process below, the Parties shall return to mediation with Judge Holderman, but the Agreement is voidable at the option of either Plaintiffs or Defendant upon seven (7) days' written notice by electronic mail. If the Class List exceeds 200,000 total individuals, at any time between the Class List Determination Date and the date the Agreement becomes void, Plaintiffs may unilaterally exercise the option to accept a total

Settlement Fund amount of Seventeen Million Eight Hundred Thousand dollars ($17,800,000.00). Plaintiffs' exercise of this option will prevent the Agreement from becoming void. Plaintiffs may exercise this option without returning to mediation with the Defendant and without waiting for Defendant to provide notice of intention to void the agreement.

7.2 **Confirmatory Discovery.** Defendant has represented that there are approximately 171,643 persons in the Settlement Class. The size of the Settlement Class and Class List shall be confirmed through the following process:

a. By no later than the Kronos Customer Contact Date, Kronos will contact all Illinois Kronos Cloud Customers and request the name, email address, and last-known U.S. mailing address information for all individuals in the Settlement Class. Kronos shall request that the Illinois Kronos Cloud Customers respond no later than thirty-five (35) days after the Kronos Customer Contact Date;

b. Plaintiffs' Expert will have access to all the information that Kronos obtains from the Illinois Kronos Cloud Customers on an expert's eyes-only basis to verify its receipt and to ask Kronos questions about the information. Plaintiffs' Expert and Kronos will execute a non-disclosure agreement that governs the protection of the information received from the Illinois Kronos Cloud Customers. The Parties must agree on the content of the non-disclosure agreement between Plaintiffs' Expert and Kronos, which must include that Plaintiffs' Expert will not share individual class member information or information that identifies the Illinois Kronos Cloud Customer with Plaintiffs or Class Counsel but may share any other information necessary to describe the quantity, quality, or issues with the acquired information to Plaintiffs as necessary to effectuate an accurate Settlement Class List. If the Parties do not agree on the content of

the non-disclosure agreement, this matter shall be submitted to Magistrate Judge Gilbert (or a judge sitting in his stead) to resolve the dispute. To the extent there is a dispute about sharing information with Plaintiffs, such disputes shall be resolved by Magistrate Judge Gilbert;

c. Within forty-two (42) days of the Kronos Customer Contact Date, Kronos shall compile all information received from the Illinois Kronos Cloud Customers and will provide Class List information to Plaintiffs' Expert. At the same time, Kronos will provide Class Counsel with a list of all Illinois Kronos Cloud Customers who declined to provide the name, email address, and last-known U.S. mailing address information for all individuals in the Settlement Class;

d. Within fourteen (14) days of receiving the list of non-compliant Illinois Kronos Cloud Customers, Plaintiffs will subpoena any Illinois Kronos Cloud Customers who decline to voluntarily provide the name, email address, and last-known U.S. mailing address information for all individuals in the Settlement Class to Kronos. Class Counsel will have a return date for compliance on all subpoenas of twenty-eight (28) days for non-compliant Illinois Kronos Cloud Customers to provide the name, email address, and last-known U.S. mailing address of members of the Settlement Class;

e. Within seven (7) days of receiving subpoena responses from Illinois Kronos Cloud Customers, Class Counsel will (1) provide Plaintiffs' Expert with the name, email address, and last-known U.S. mailing address information for all individuals in the Settlement Class obtained; and (2) initiate proceedings to compel responses from any Illinois Kronos Cloud Customers that fails to comply with the subpoena;

f. Unless there is a pending request for judicial resolution of any subpoena, within seven (7) days of receiving the name, personal email address, and last-known U.S. mailing address information for individuals in the Settlement Class obtained from Class Counsel's subpoenas, Plaintiffs (in conjunction with Plaintiffs' Expert) will confirm the total number of individuals in the Settlement Class to Kronos and provide the information that it obtained through the subpoena process to arrive at this number. In the event that the Parties disagree on the number of individuals or propriety of certain individuals' inclusion in the Settlement Class, the Parties will meet and confer over the subsequent fourteen (14) days to attempt to resolve the dispute. If the Parties are unable to resolve the dispute within that time, the dispute will be resolved by Magistrate Judge Gilbert. Once the Parties have reached agreement or Magistrate Judge Gilbert has resolved disputes, the individuals identified through the foregoing process (as agreed or decided by Magistrate Judge Gilbert) will comprise the Class List. Once agreed or decided, there will be no further changes to the Class List.

g. The Parties will request referral of the case to Magistrate Judge Gilbert, pursuant to FRCP 72(a), for oversight of the information-gathering/subpoena process and resolution of any disputes in connection with carrying out the confirmatory discovery in this Section. Determinations by Magistrate Judge Gilbert shall be final and binding when entered. If the Parties are unable to come to an agreement, then either Party may seek resolution of the dispute by filing a motion before Magistrate Judge Gilbert. The Parties each agree to waive any and all rights to appeal Magistrate Judge Gilbert's final determination of any dispute related to this confirmatory discovery, including the right to appeal to the district judge pursuant to Federal Rule of Civil Procedure 72(a) and any right

to appeal to the United States Court of Appeals for the Seventh Circuit, but not their right to contest such determination in mediation should the Parties return to mediation before Judge Holderman pursuant to Section 7.3 of this Agreement.

**7.3 Adjustment of Settlement Fund.** Following the Class List Determination Date, if the Class List exceeds 180,225 individuals, the Settlement Fund shall equal eighty-nine dollars ($89) per person on the Class List. By way of example, if the Settlement Class Size after the Class List Determination Date is 190,000 individuals, then the Settlement Fund will be $16,910,000.00. If, after the Class List Determination Date, the Settlement Class Size exceeds 200,000 total individuals, the Parties shall return to mediation with Judge Holderman, but the Agreement is voidable at the option of either Plaintiffs or Defendant upon seven days' written notice by electronic mail, subject to Plaintiffs' unilateral option to accept a total Settlement Fund amount of Seventeen Million Eight Hundred Thousand dollars ($17,800,000.00) as set forth in Section 7.1 above.

## 8. INCENTIVE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

8.1 Defendant agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award from the Settlement Fund. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees and unreimbursed costs to thirty-three percent (33%) of the Settlement Fund, after costs of Notice and Settlement Administration Expenses are deducted. Defendant may challenge the amount requested. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in

the Settlement Fund and be distributed to Settlement Class Members with Approved Claims as Settlement Payments. The Fee Award shall be payable within five (5) business days after the Effective Date. Payment of the Fee Award shall be made by the Settlement Administrator via wire transfer to accounts designated by Class Counsel after providing necessary information for electronic transfer.

8.2 Defendant agrees that the Class Representatives shall each be paid an incentive award in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) from the Settlement Fund, in addition to any Settlement Payment pursuant to this Settlement Agreement and in recognition of their efforts on behalf of the Settlement Class, subject to Court approval. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members as Settlement Payments. Any incentive award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after the Effective Date.

**9. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1 The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs subject to the provisions in Section 1.12:

a. This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

b. The Court has entered a Preliminary Approval Order;

c. The Court has entered a Final Approval Order, or a judgment materially identical to this Settlement Agreement that has become final and unappealable, following

Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure; and

d. In the event that the Court enters an approval order and final judgment in a form other than that provided above (the "Alternative Approval Order") to which the Parties have consented, that Alternative Approval Order has become final and unappealable.

9.2 If some or all of the conditions specified in Section 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Section 9.3, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Settlement Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the following shall not prevent the Settlement Agreement from becoming effective, nor shall they be grounds for termination of the Agreement: (1) the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive award to the Class Representative, regardless of the amounts awarded, or (2) the Court's determination that it lacks jurisdiction such that the Parties' Agreement will be renewed in an appropriate forum.

9.3 If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as

vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into.

**10. MISCELLANEOUS PROVISIONS.**

10.1 The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2 Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.3 The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the other Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand subject to the voidability provisions contained herein. Accordingly, the Parties and their attorneys agree not to assert that

the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis. Plaintiffs, Defendant, and their respective counsel further agree not to make defamatory or disparaging remarks, comments, or statements concerning Kronos or Plaintiffs in media outlets or on social media, though this provision shall expressly exclude statements made by Plaintiffs' counsel or their clients in the course of other litigation. Kronos reserves any and all rights and claims it may have related to statements made by Plaintiffs' counsel or their clients in the course of other litigation.

10.4 The Parties have relied upon the advice and representation of their respective counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.5 Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any court order, communication, act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

a. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the appropriateness of class certification, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement Fund, Settlement Payment or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b. is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c. is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

e. is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

f. is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6 The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7 The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.8 All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9 This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits A–D other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be

amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10 Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11 Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.12 Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.13 This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.14 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.15 This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of law provisions thereof.

10.16 This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.17 Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: J. Eli Wade-Scott, ewadescott@edelson.com, EDELSON PC, 350 North LaSalle Street, 14th Floor, Chicago, Illinois 60654; Melissa A. Siebert, masiebert@shb.com, SHOOK, HARDY, & BACON LLP, 111 S Wacker Dr, Chicago, IL 60606.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

**CHARLENE FIGUEROA**

Dated: 1/20/2022

By (signature): [signature]

Name (printed): Charlene Figueroa

**JERMAINE BURTON**

Dated: 1/18/2022

By (signature): [signature]

Name (printed): Jermaine Burton

**EDELSON PC**

Dated: 1/18/2022

By (signature): [signature]

Name (printed): J. Eli Wade-Scott

Its (title): Partner

**STEPHAN ZOURAS, LLP**

Dated: 1/20/2022

By (signature): Ryan Stephan

Name (printed): Ryan Stephan

Its (title): Founding Partner/Attorney

**KRONOS INCORPORATED**

Dated: ____________

By (signature): ____________

Name (printed): ____________

Its (title): ____________

**SHOOK HARDY AND BACON, LLP**

Dated: ____________

By (signature): ____________

Name (printed): ____________

**CHARLENE FIGUEROA**

Dated: ____________ By (signature): ____________________________

Name (printed): ____________________________

**JERMAINE BURTON**

Dated: ____________ By (signature): ____________________________

Name (printed): ____________________________

**EDELSON PC**

Dated: ____________ By (signature): ______________________

Name (printed): ______________________

Its (title): ______________________

**STEPHAN ZOURAS, LLP**

Dated: ____________ By (signature): ______________________

Name (printed): ______________________

Its (title): ______________________

**KRONOS INCORPORATED**

Dated: January 19, 2022 By (signature): [signature]

Name (printed): Elizabeth M. McCarron

Its (title): SVP, Chief Legal Officer

**SHOOK HARDY AND BACON, LLP**

Dated: January 20, 2022 By (signature): Melissa Siebert

Name (printed): Melissa Siebert

Its (title): Counsel

**PERKINS COIE LLP**

Dated: January 20, 2022

By (signature): [signature]

Name (printed): Debra R. Bernard

Its (title): Partner

# Exhibit A

*Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306

## CLAIM FORM

***Instructions*:** You are eligible for a payment as part of the Settlement for this case if you meet the class definition. If you received notice in this case, our records indicate that you are a member of the Class. Fill out each section of this form and sign where indicated. Please select whether you prefer to receive payment via check, Venmo, PayPal, or Zelle. If you opt for payment via check and your Claim Form is approved, you will receive a check in the mail at the address you provide below. Depending on the number of valid claims submitted, you may need to complete an IRS Form W-9 to satisfy tax reporting obligations. You may complete the Form W-9 now at [link to W-9]; doing so now will ensure that you receive your full payment as soon as possible. THIS CLAIM FORM MUST BE SUBMITTED BY [**CLAIMS DEADLINE**] AND MUST BE FULLY COMPLETED (EXCEPT WHERE OPTIONAL), BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

The Settlement Administrator will review your Claim Form. If accepted, you will receive payment for an equal, or *pro rata*, share depending on the number of valid claim forms received. This process takes time; please be patient.

| **First Name** | | **Last Name** |
|---|---|---|
| **Street Address** | | |
| **City** | **State** | **ZIP Code** |
| **Email Address** | | |
| **Contact Phone #:** (You may be contacted if further information is required) | | |

| Please provide the information in this box if you can do so. If you are not able to provide it, it will not impact your claim. | |
|---|---|
| Employer Where You Used Kronos Timeclock | Approximate Dates of Employment |

***Select Payment Method.*** Select the box of how you would like to receive your payment and provide the requested information:

- Check
- Zelle®
- PayPal®
- Venmo®

[Based on the selection, the claimant will be prompted to provide the information the Settlement Administrator requires to complete the payment]

*Para informacion en Espanol, visitar www.[tobedetermined].com.*

***Settlement Class Member Verification***: By submitting this Claim Form, I declare that I am an individual who scanned my finger on a Kronos-brand timeclock in Illinois between January 18, 2014, and [date 30 days after preliminary approval].

E- Signature: _______________________________________ Date: __ __/__ __/__ __

# Exhibit B

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

**RECORDS INDICATE YOU SCANNED YOUR FINGER ON A KRONOS-BRAND TIMECLOCK IN ILLINOIS AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is a court-authorized notice. You are not being sued. This is not an ad for a lawyer.*

*For more information, visit www.[tobedetermined].com.*
*Para una notificacion en Espanol, visitar www.[tobedetermined].com.*

This notice is to inform you that a proposed Settlement has been reached in a class action lawsuit between Kronos Incorporated ("Kronos") and all individuals who scanned their fingers on Kronos-brand timeclocks at work in Illinois and had their finger-scan data hosted by Kronos between January 18, 2014 and [30 days after preliminary approval]. The case is called *Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306. The lawsuit claims that Kronos violated an Illinois law called the Illinois Biometric Information Privacy Act when it collected and stored biometric data from workers through Kronos-brand timeclocks, without complying with the law's requirements. Kronos denies those allegations and that the law applies to Kronos. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Records indicate that you are included in the Settlement Class. The Settlement Class includes all persons who scanned their finger on Kronos-brand timeclocks at their job in Illinois, and whose finger-scan data was hosted by Kronos, between January 18, 2014 and [30 days after preliminary approval].

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment amount is estimated to be approximately $290-$580, depending on the number of valid and timely claims approved. This amount is an equal share of a $15,276,277 fund that Kronos agreed to create, after any Court-approved payment of Settlement administration expenses, attorneys' fees, and any incentive award.

**How do I get my payment?** Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.[tobedetermined].com and download a paper Claim Form and submit it by mail. When submitting by mail, you will receive a check. By submitting online you can choose to receive your payment via check, Venmo, PayPal, or Zelle. ***All Claim Forms must be submitted online or postmarked by [Claims Deadline].***

**What are my other options?** You can do nothing, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue Kronos or certain related companies and individuals in a future lawsuit about the claims addressed in the Settlement.

You can also object to the Settlement if you disagree with any of its terms by writing to the Court. You can only exclude yourself, not others. If you exclude yourself, you won't get a payment but you'll keep your right to sue Kronos on the issues the Settlement concerns. You must contact the Settlement Administrator by mail or email ([email address]) to exclude yourself from the Settlement. ***All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].***

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firms Edelson PC and Stephan Zouras, LLP as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the total amount that Kronos agreed to pay to the Settlement Class Members after payment of notice and administration costs. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Charlene Figueroa and Jermaine Burton—Class Members like you—to represent the Settlement Class as Class Representatives.

**When will the Court approve the Settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Gary S. Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. Instructions for participating remotely may be posted on the Settlement Website. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 33% of the Settlement Fund and an incentive award of $7,500 each for both Class Representatives. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

# Exhibit C

COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

RECORDS INDICATE YOU SCANNED YOUR FINGER ON A KRONOS-BRAND TIMECLOCK IN ILLINOIS AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT

Figueroa v. Kronos Incorporated
c/o Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class Mail
US Postage Paid
Permit #__



Postal Service: Please do not mark barcode

XXX—«ClaimID» «MailRec»

«First1» «Last1»
«C/O»
«Addr1» «Addr2»
«City», «St» «Zip» «Country»

By Order of the Court Dated: [date]



**CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [**CLAIMS DEADLINE**] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo, PayPal, or Zelle (instead of a check), you must submit a Claim Form online on the Settlement Website at www.[tobedetermined].com. If you submit this paper Claim Form by mail and it is approved, you will receive a check in the mail at the address you provide below. Depending on the number of valid claims submitted, you may need to complete an IRS Form W-9 to satisfy tax reporting obligations. You may complete the Form W-9 now on the Settlement Website at www.[tobedetermined].com; doing so now will ensure that you receive your full payment as soon as possible.

Name (First, M.I., Last): _______________________________ ________ __________________________________

Street Address: ________________________________________________________________________

City: _____________________________________ State: ____ ____ Zip Code: ____ ____ ____ ____ ____

Email Address (optional): ________________________________________________________________

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

| *Please provide the information in this box if you can do so. If you are not able to provide it, it will not impact your claim.* | |
|---|---|
| Employer Where You Used Kronos Timeclock | Approximate Dates of Employment |

Settlement Class Member Verification: By submitting this Claim Form, I declare that I am an individual who scanned my finger on a Kronos-brand timeclock in Illinois between January 18, 2014, and [date 30 days after preliminary approval].

Signature: _____________________________________________ Date: ___ ___/ ___ ___/ ___ ___

Print Name: ____________________________________________

The Settlement Administrator will review your Claim Form. If approved, you will be mailed a check for an equal, or *pro rata*, share depending on the number of valid claim forms received. This process takes time; please be patient.

**Questions, visit www.[tobedetermined].com or call [toll free number]**

This notice is to inform you that a proposed Settlement has been reached in a class action lawsuit between Kronos Incorporated ("Kronos") and individuals who scanned their fingers on Kronos-brand timeclocks at work in Illinois The case is called *Figueroa v. Kronos Incorporated*, Case No 1:19-CV-01306 The lawsuit claims that Kronos violated an Illinois law called the Illinois Biometric Information Privacy Act when it collected and stored biometric data from workers through Kronos-brand timeclocks, without complying with the law's requirements Kronos denies those allegations and if the law applies to Kronos The Court has not decided who is right or wrong Please read this notice carefully Your legal rights are affected whether you act, or don't act

**Who is included in the Settlement Class?** Our records indicate that you are included in the Settlement Class The Settlement Class includes all persons who scanned their finger on Kronos-brand timeclocks at work in Illinois, and whose finger-scan data was hosted by Kronos, between January 18, 2014 and [30 days after preliminary approval]
**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment The payment amount is estimated to be approximately $290-$580, depending on the number of valid claims submitted This amount is an equal share of a $15,276,277 fund that Kronos agreed to create, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award
**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www [tobedetermined] com, and submit a Claim Form online ***All Claim Forms must be postmarked or submitted online by [Claims Deadline].***
**What are my other options?** You can do nothing, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement If you do nothing, you won't get a payment, and you won't be able to sue Kronos or certain related companies and individuals in a future lawsuit about the claims addressed in the Settlement You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court If you exclude yourself, you won't get a payment but you'll keep your right to sue Kronos on the issues the Settlement concerns You must contact the Settlement Administrator by mail or email to exclude yourself from the Settlement ***All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].***
**Do I have a lawyer?** Yes The Court has appointed lawyers from the law firms Edelson PC and Stephan Zouras, LLP as "Class Counsel " They represent you and other Settlement Class Members The lawyers will request to be paid from the total amount that Kronos agreed to pay to the Settlement Class Members, after payment of notice and administration costs You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do The Court has also chosen Charlene Figueroa and Jermaine Burton—Class Members like you—to represent the Settlement Class as Class Representatives
**When will the Court approve the Settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Gary S Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 Instructions for participating remotely may be posted on the Settlement Website During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 33% of the Settlement Fund, and an incentive award of $7,500 each for both Class Representatives The request will be posted on the Settlement Website by [2 weeks before Objection/Exclusion Deadline]

________________________________

________________________________

________________________________

NO POSTAGE NECESSARY IF MAILED IN THE UNITED STATES

Figueroa v. Kronos Incorporated Settlement
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000



# Exhibit D

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306
(United States District Court Northern District of Illinois)

**IF YOU SCANNED YOUR FINGER ON A KRONOS-BRAND TIMECLOCK IN ILLINOIS AND HAD YOUR FINGER-SCAN DATA HOSTED BY KRONOS BETWEEN JANUARY 18, 2014 AND [30 DAYS AFTER PRELIMINARY APPROVAL], YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

***This is a court-authorized notice. You are not being sued. This is not an ad for a lawyer.***
*Para una notificacion en Espanol, visitar www.[tobedetermined].com.*

- A proposed Settlement has been reached in a class action lawsuit between Kronos Incorporated ("Kronos" or "Defendant") and individuals who scanned their fingers on Kronos-brand timeclocks at their jobs in Illinois and whose finger-scan data was hosted by Kronos between January 18, 2014 and [30 days after preliminary approval]. The lawsuit claims that Kronos collected and stored biometric data from workers through Kronos-brand timeclocks when Kronos provided "cloud" hosting for their employers. The lawsuit claims these activities required compliance with an Illinois law called the Illinois Biometric Information Privacy Act, and that Kronos did not comply. .Kronos denies these allegations and that the law applies to Kronos. The Court has not decided who is right or wrong. The Settlement has been preliminarily approved by a federal court in Chicago.

- You are included in the Settlement if you scanned your finger on a Kronos-brand timeclock at your job in Illinois and your finger-scan data was hosted by Kronos between January 18, 2014, and [30 days after preliminary approval]. If you received a notice of the Settlement in the mail or by email, records indicate that you are included in the Settlement, you may submit a Claim Form online or by mail to receive a cash payment.

- If the Court approves the Settlement, members of the Class who submit valid, timely and approved claims will receive an equal share of a $15,276,277 settlement fund that Kronos has agreed to create, after all notice and administration costs, incentive award, and attorneys' fees have been paid. Individual payments to Settlement Class Members who submit a valid claim form are estimated to be $290-$580, depending on the number of approved claims.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue Kronos or certain related companies and individuals about the issues in this case. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Kronos about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

The Court authorized this notice to let you know about a proposed Settlement with Kronos. You have legal rights and options that you may act on before the Court decides whether to give final approval to the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Gary S. Feinerman of the United States District Court for the Northern District of Illinois is overseeing this class action. The case is called *Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306. The persons who filed the lawsuit, Charlene Figueroa and Jermaine Burton, are the Plaintiffs. The company they sued, Kronos Incorporated, is the Defendant.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which individuals called "Class Representatives" bring a single lawsuit on behalf of other people who they assert have similar legal claims. All of these people together are potential members of the "Class." When a Class is certified for settlement and the Settlement is finally approved by the Court, the Settlement resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., regulates the collection, storage, and/or use of a person's biometric data in Illinois, including requiring consent to the collection of biometric data. Biometric data includes fingerprints. This lawsuit alleges that Kronos as a provider of timekeeping devices with a finger-scanner and "cloud" hosting services collected and stored biometric data without authorization from individuals who scanned their fingers at employers that were using Kronos-brand timeclocks and cloud-hosting services. Kronos denies these allegations and denies that it was subject to or violated BIPA.

More information about Plaintiff's complaint in the lawsuit and the Defendant's defenses can be found in the "Court Documents" section of the Settlement Website at www.[tobedetermined].com.

### 4. Who is included in the Settlement Class?

You are a member of the Settlement Class if you scanned your finger on a Kronos-brand timeclock at your job in Illinois, and that finger-scan data was hosted by Kronos, between January 18, 2014, and [30 days after preliminary approval] If you received a notice of the Settlement via email or in the mail, records indicate that you are a Class Member and are included in the Settlement. You may call or email the Settlement Administrator at [phone number] or [email address] to ask whether you are a member of the Settlement Class.

Pictured below are examples of Kronos-brand timeclocks with the finger-scan attachment:




## THE SETTLEMENT BENEFITS

### 5. What does the Settlement provide?

**Cash Payments.** If you're eligible, you can file a claim to receive a cash payment. The amount of such payment is estimated to be $290-$580, depending on the number of approved claims. This is a *pro rata*, or equal, share of a $15,276,277 fund that Kronos has agreed to create, after the payment of settlement expenses, attorneys' fees, and any incentive award for the two Class Representatives in the litigation approved by the Court.

**Prospective Relief.** Under the settlement, Kronos has agreed to notify employers that use Kronos-brand timeclocks and use Kronos as a host for finger-scan data that they need to obtain written releases from individuals who scan their fingers on Kronos-brand timeclocks, make all BIPA-required disclosures, and establish and maintain a retention and destruction policy that is made available to the public.

## HOW TO GET SETTLEMENT BENEFITS

### 6. How do I get a payment?

If you are a Settlement Class Member and you want to get a payment, you must complete and submit a valid Claim Form by [**Claims Deadline**]. If you received an email notice, it contained a link to the online Claim Form, which is also available on this website here [Claim Form Link] and can be filled out and submitted online. The online Claim Form lets you select to receive your payment by Venmo, Zelle, PayPal, or check. A paper Claim Form with pre-paid postage was attached to the postcard notice you may have received in the mail. Those who submit a paper Claim Form will receive a check by mail, if the claim is approved.

Depending on the number of approved claims , you may need to complete an IRS Form W-9 to satisfy IRS tax reporting obligations related to the payment. You may complete the [Form W-9 link] now on the Settlement Website; doing so now will ensure that you receive your full payment as soon as possible.

### 7. When will I get my payment?

The hearing date to consider the fairness of the Settlement is scheduled for [**Final Approval Hearing Date**]. If the Court approves the Settlement, Class Members whose claims were approved by the Settlement Administrator and, if necessary, who have completed a W-9 Form on the Settlement Website will be issued a check or electronic payment (as chosen by the Settlement Class Member) within 60 days after the Settlement has been finally approved by the Court and/or after any appeals process is complete. Please be patient. Uncashed checks and electronic payments that are unable to be completed will expire and become void 120 days after they are issued and will be donated to [name of *cy pres* recipient], or such other not-for-profit organization(s) as the Court may order as *cy pres* recipient.

## THE LAWYERS REPRESENTING YOU

### 8. Do I have a lawyer in the case?

Yes, the Court has appointed Jay Edelson and J. Eli Wade-Scott of Edelson PC and Ryan F. Stephan and James B. Zouras of Stephan Zouras, LLP as the attorneys to represent the Settlement Class. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiffs Charlene

Figueroa and Jermaine Burton to serve as the Class Representatives. They are Settlement Class Members like you. Class Counsel can be reached by calling [x-xxx-xxxx].

### 9. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

### 10. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to 33% of the Settlement Fund (after payment of notice and administration costs) and will also request an incentive award of $7,500 for each of the two Class Representatives from the Settlement Fund. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representatives. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

### 11. What happens if I do nothing at all?

If you do nothing, you will receive no money from the Settlement Fund, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against Kronos or other Released Parties (defined in the Settlement Agreement) regarding any of the Released Claims. **Submitting Claim Form that is approved by the Settlement Administrator is the only way to receive a payment from this Settlement.**

To submit a Claim Form, or for information on how to request exclusion from the class or file an objection, please visit the Settlement Website, www.[to be determined].com, or call (XXX) XXX-XXXX.

### 12. What happens if I ask to be excluded?

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Kronos and the Released Parties and are free to pursue whatever legal rights you may have by pursuing your own individual lawsuit against Kronos and the Released Parties at your own risk and expense.

### 13. How do I ask to be excluded?

You can mail or email a letter stating that you want to be excluded from the Settlement. Your letter must: (a) be in writing; (b) identify the case name, *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before [**Objection/Exclusion Deadline**]**.** Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.)." You must mail or email your exclusion request no later than [**Objection/Exclusion Deadline**] to:

Figueroa v. Kronos Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

-or-

[email address]

You can't exclude yourself over the phone. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

## 14. If I don't exclude myself, can I sue Kronos for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Kronos and any other Released Party for the claims being resolved by this Settlement.

## 15. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not receive a payment.

## 16. How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306 (N.D. Ill.), no later than [**Objection/Exclusion Deadline**]. Your objection must be e-filed or delivered to the Court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Due to the COVID-19 pandemic, the Court is accepting filings from pro se litigants via email. Instructions on how to file via email can be found here.

The objection must be in writing, must be signed, and must include the following information: (a) your full name and current address, (b) a statement that you believe you are a member of the Settlement Class, (c) whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for your objection, (e) all documents or writings that you wish the Court to consider, (f) the name and contact information of any attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether you intend to appear at the Final Approval Hearing. If you hire an attorney in connection with making an objection, that attorney must file an appearance with the Court or seek *pro hac vice* admission to practice before the Court, and electronically file the objection by the objection deadline of [**Objection/Exclusion Deadline**]. If you do hire your own attorney, you will

be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

In addition to filing your objection with the Court, you must send via mail, email, hand, or overnight delivery service, by no later than [**Objection/Exclusion Deadline**], copies of your objection and any supporting documents to both Class Counsel and Kronos's lawyers at the addresses listed below:

| Class Counsel | Kronos's Counsel |
|---|---|
| J. Eli Wade-Scott<br>ewadescott@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, 14th Floor<br>Chicago, Illinois 60654 | Melissa A. Siebert<br>masiebert@shb.com<br>SHOOK, HARDY, & BACON LLP<br>111 S Wacker Drive<br>Chicago, Illinois 60606 |

Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees and incentive awards on [date 2 weeks before Objection / Exclusion deadline].

### 17. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class as a Class Member. Excluding yourself from the Settlement Class is telling the Court that you don't want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [**time**] on [**date**] before the Honorable Gary S. Feinerman in Room 2141 of the Northern District Court of Illinois, Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, or via remote means as instructed by the Court. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representatives.

**Note**: The date and time of the Final Approval Hearing are subject to change by Court Order. Aany changes will be posted at the Settlement Website, www.[tobedetermined].com.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 20. May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 16 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

## GETTING MORE INFORMATION

### 21. Where do I get more information?

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents are available at www.[tobedetermined].com or at the Clerk's Office in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays and any closures as a result of the COVID-19 pandemic. You can also contact the Settlement Administrator at [x-xxx-xxxx] or Class Counsel at the number provided above with any questions.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, THE DEFENDANT OR THE DEFENDANT'S LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF SETTLEMENT PAYMENTS.**