# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-01306 |
| *Plaintiffs,* | Honorable Gary S. Feinerman |
| v. | |
| KRONOS INCORPORATED, | |
| *Defendant.* | |

**DECLARATION OF PAUL FERRUZZI OF KROLL SETTLEMENT
AMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF
SETTLEMENT**

I, Paul Ferruzzi, hereby declare:

1.      I am a Senior Manager at Kroll Settlement Administration LLC ("Kroll"),[1] the court-appointed Settlement Administrator[2] in the above-captioned case, whose principal office is located at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania, 19103.  I am over twenty-one years of age and am authorized to make this declaration on behalf of Kroll and myself.  The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision.  This declaration is being filed in connection with Plaintiffs' motion for final approval of a class action settlement.

2.      Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, employment and labor, consumer, and

---

[1] Except as otherwise indicated, all defined terms used in this declaration shall have the same meanings ascribed to them in the Settlement Agreement (as defined below).

[2] The Settlement Agreement and Preliminary Approval Order appoint "Kroll Business Services" as the Settlement Administrator.  Kroll Business Services is the name of the division of Kroll, LLC in which Kroll Settlement Administration LLC is a unit and is not a legal entity.  Kroll Settlement Administration LLC is the actual Settlement Administrator in this case.

government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

3.　　　Kroll was appointed as the Settlement Administrator to provide notification and settlement administration services in connection with a certain Stipulation of Class Action Settlement (the "Settlement Agreement") entered into in connection with the above-captioned case, referred to herein as the "Settlement." Kroll's duties in this Settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) receiving and analyzing the Class Member data ("the Class List"); (c) establishing a post office box for the receipt of general mail and correspondence; (d) creating a website with online claim filing capabilities; (e) establishing an email address to receive Class Member inquiries; (f) establishing a toll-free number with an Interactive Voice Response (IVR) system and live operators; (g) preparing and sending Notice via email and U.S. Mail; (h) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (i) receiving and processing undeliverable mail, without a forwarding address, from the USPS; (j) receiving and processing any opt-outs and objections; (k) receiving and processing Claim Forms; and (l) such other tasks as counsel for the Parties or the Court orders Kroll to perform.

4.　　　CAFA Mailing: As noted above, on behalf of the Defendant, Kroll provided notice of the proposed settlement reflected in the Settlement Agreement pursuant to the Class Action Fairness Act 28 U.S.C. §1715(b) ("the CAFA Notice"). At Defendant's Counsel's direction, on February 22, 2022, Kroll sent the CAFA Notice, attached hereto as **Exhibit A** via First-Class Certified Mail, to (i) the Attorney General of the United States and (ii) 57 state Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B**. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the Settlement documents referenced in the CAFA Notice.

5.　　　Class List:　From April 25, 2022, through August 11, 2022, Kroll received Class Member data, from Kronos' Counsel as well as from subpoena responses from Illinois Kronos Cloud Customers who declined to voluntarily provide data for individuals in the Settlement Class

to Kronos. The data files key components were names, addresses and email addresses (if applicable). Kroll undertook several steps to reconcile the lists and compiled the eventual Class List for the mailing of Notices, including reviewing the Class List for duplications and incorrect mailing addresses. As a result of this process, Kroll was able to identify 81,910 unique records. Of the 81,910 records on the Class List, Kroll identified 33,589 Class Member records with only a physical address,  308 records with only an email address and 46,452 Class Members with both an physical address and email address. There were 1,561 Class Members on the Class List with no mail and/or email address. Additionally, in an effort to ensure that Notices would be deliverable to Class Members, Kroll ran the Class List through the USPS's National Change of Address ("NCOA") database and updated the Class List with address changes received from the NCOA.

6.      On October 28, 2022, Kroll informed Class Counsel that, as of that date, the total class size included 84,193 individuals, 81,910 of which had an available mailing address or email address. As described in the preceding paragraph, after removal of duplicate records, the total class size is 81,910 individuals, 80,349 of which have an available mailing address or email address.

7.      <u>Post Office Box:</u> On March 1, 2022, Kroll designated a post office box with the mailing address *Figueroa v Kronos* c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324 in order to receive completed Claim Forms, W9s, requests for exclusion, and correspondence from Class Members.

8.      <u>Settlement Website:</u> On May 10, 2022, Kroll created and since such date has been hosting a dedicated Settlement Website with the URL, <u>www.KronosBIPASettlement.com</u>. The Settlement Website contains a summary of the Settlement, important deadlines, such as the Claims Deadline, Objection/Exclusion Deadline, and the Final Approval Hearing date, and answers to frequently asked questions. It also offers the long-form Notice (in English and Spanish), the Claim Form, and the capability to electronically submit a Claim Form and Form W-9. Attached hereto as **Exhibits C through E** are true and correct copies of the long-form Notice in English and Spanish, and the Claim Form, respectively. During the claim filing period, members of the Settlement Class were able to log in and submit a Claim Form using the "Class Member ID" provided on the mailed

3

and emailed Notices. Class Members also had the option to submit a generic, non-login Claim Form that did not require a Class Member ID. The online Claim Form also enables Class Members to select the method by which they wish to receive their Settlement Payment: Venmo, Zelle, Paypal, or check. The Settlement Website also contains relevant case documents including the complaint; Settlement Agreement; motion for preliminary approval; Preliminary Approval Order; motion for attorneys' fees and expenses (which was posted on November 23, 2022), and the exhibits attached to each of the forgoing documents. The Settlement Website also includes information and dates for Class Members including the Claims Deadline, the Objection Deadline, the Exclusion Deadline, the date and time of the Final Approval Hearing, and instructions on how to appear at the Final Approval Hearing telephonically.

9.    <u>Email Address</u>: On July 26, 2022, Kroll established a dedicated email address, info@kronosbipasettlement.com, as an alternative method for Class Members to submit requests for exclusion and correspondence to Kroll. This email address received more than eighty-three (83) inquires, all of which were responded to by Kroll staff.

10.    <u>Toll-Free Number:</u> On May 3, 2022, Kroll established and is still maintaining a toll-free number, (833) 620-3585, for individuals to call and obtain additional information regarding the Settlement. As of December 15, 2022, the IVR call center line has received 1,881 calls.

11.    <u>Mailed Notice:</u> On or about May 3, 2022, Kroll received from counsel a Word version of the postcard Notice with a fold over Claim Form attached to be mailed to Class Members. Kroll prepared and formatted drafts of the Notice for mailing, which counsel reviewed and approved. A true and correct copy of the finalized postcard Notice is attached hereto as **Exhibit F.** On September 7, 2022, Kroll caused 80,041 Notices to be mailed via First Class Mail.

12.    As of December 15, 2022, 628 Notices were returned by the USPS with a forwarding address.  The 628 Notices were automatically re-mailed to the updated addresses provided by the USPS.

13.     As of December 15, 2022, Kroll has received 5,415 Notices returned by the USPS as undeliverable as addressed with no forwarding address. On October 18, 2022, Kroll ran 5,322 undeliverable records through an advanced address search.[3] The advance address search produced 4,374 updated addresses. On November 2, 2022, Kroll re-mailed Notices to the 4,374 updated addresses obtained from the advanced address search. To date, 96 of the re-mailed Notices have been returned to Kroll as undeliverable.

14.     Email Notice: On September 7, 2022, Kroll caused the email Notice to be sent to the 46,760 email addresses on file for Class Members as noted above. A true and correct copy of a complete exemplar email Notice (including the subject line) is attached hereto as **Exhibit G.** Of the 46,760 emails attempted for delivery, 8,865 emails were rejected/bounced back as undeliverable**.**

15.     In total, 1,561 Settlement Class members did not have an email address or mailing address available, and as of December 15, 2022, a total of 2,183 Settlement Class members have had both their email Notice and postcard Notice returned as undeliverable. As a result, approximately 95.4% of the Settlement Class received at least one form of direct Notice of the Settlement.

16.     Reminder Notices: On November 17, 2022, Kroll sent a first round of reminder email Notices to 35,573 Class Members on the Class List with email addresses who had not yet submitted a Claim Form at that time and whose emails had not been rejected/bounced back as undeliverable after the September 7, 2022 email service. On November 29, 2022, Kroll sent a second round of reminder email Notices to 34,673 Class Members on the Class List who had not yet submitted a Claim Form at that time and whose emails had not been rejected/bounced back as undeliverable after the September 7, 2022 email service and first reminder email service.

---

[3] The remaining 93 undeliverable Notices received to date were received after the advanced address search was run and therefore those records were not included in the search.

17.     Exclusions: The Exclusion Deadline was December 6, 2022. As of December 15, 2022, Kroll's records indicate that it has received one (1) request for exclusion. A true and correct copy of the request for exclusion received is attached hereto as **Exhibit H**.

18.     Objections: The Objection Deadline was December 8, 2022. As of December 15, 2022, Kroll's records indicate that it has received no objections to the Settlement.

19.     Claim Form Processing: The last day to submit Claim Forms was December 6, 2022. As of December 15, 2022, Kroll's records indicate that it has received 9,269 Claim Forms received through the mail and 349,789 Claim Forms filed electronically thought the Settlement Website. Kroll is still in the processes of reviewing and validating Claim Forms.

20.     Of the 349,789 electronic Claim Forms received, and as of December 15, 2022, Kroll has accepted 13,428 electronic Claim Forms submitted by individuals on the Class List and is in the process of reviewing 336,361 electronic Claim Forms submitted by individuals without a Class Member ID.  Of the 9,269 paper Claim Forms received, Kroll has accepted 8,505 submitted by individuals on the Class List and is still in the process of reviewing 764 paper Claim Forms. In total, Kroll has accepted 21,933 Claims Forms as Approved Claims as of December 15, 2022, which imputes a claims rate of approximately 26.78%.

21.     As part of its claims review process, Kroll discovered that 14,205 Claim Forms were filed electronically through the Settlement Website without a Class Member ID between September 7, 2022 and October 20, 2022.  Thereafter, there was then a significant spike in the number electronic Claim Forms submitted through the Settlement Website, with 322,156 Claim Forms having been filed without a Class Member ID between October 21, 2022 and December 6, 2022.  Upon further analysis Kroll has discovered that various Claim Forms filed on or after such date originated from suspicious email addresses and street addresses that don't exist, and based on Kroll's experience, it believes to be potentially fraudulent or otherwise invalid.  Kroll has flagged these claims as initially rejected and will further review.

22.     As of December 15, 2022, Kroll has incurred $55,280.75 in total fees and expenses in connection with administering the Settlement and anticipates that it will incur approximately $611,871.79 in total expenses to administer the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct to the best of my knowledge and that this Declaration was executed on December 15, 2022 in Philadelphia, PA.

_____

PAUL FERRUZZI

# Exhibit A



<u>VIA US MAIL</u>

To:     All "Appropriate" Federal and State Officials Per 28 U.S.C. §
        1715 (see attached distribution list)

Re:     <u>CAFA Notice for the Proposed Settlement in *Charlene Figueroa, et al. v.*</u>
        <u>*Kronos, Inc.*, Civil Action No. 1:19-cv-01306, pending in the United States</u>
        <u>District Court for the Northern District of Illinois, Eastern Division</u>

        Pursuant to Section 3 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant
Kronos, Inc. ("Defendant" or "Kronos") hereby notifies you of the proposed settlement of the above-
captioned action (the "Action") currently pending in the United States District Court for the Northern
District of Illinois, Eastern Division (the "Court").

        Eight items must be provided to you in connection with any proposed class action settlement
pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below:

1.      <u>28 U.S.C. § 1715 (b)(l) - a copy of the complaint and any materials filed with the</u>
        <u>complaint and any amended complaints.</u>

        The Class Action Complaint is available at the website: www.cafanotice.com under the
        Figueroa v. Kronos folder as **Exhibit A**.

2.      <u>28 U.S.C. § 1715 (b)(2) - notice of any scheduled judicial hearing in the class action.</u>

        On February 10, 2022, Plaintiff filed a motion for preliminary approval of the class
        action, which was granted by Order dated February 18, 2022. The Court has scheduled
        the Fairness Hearing for this matter for December 6, 2022, at 9:30 am. The Preliminary
        Approval Order is available at the website: www.cafanotice.com under the Figueroa v.
        Kronos folder as **Exhibit B**.

3.      <u>28 U.S.C. § 1715(b)(3) - any proposed or final notification to class members.</u>

        A proposed Summary Notice and Long-Form Notice of Settlement will be provided to
        Class Members, which will be available on the website created for the administration
        of this matter. These are available at the website: www.cafanotice.com under the
        Figueroa v. Kronos folder as **Exhibit C**, **Exhibit D**, and **Exhibit E** respectively. The
        Notices describe, among other things, claim submission process and the Class
        Members' rights to object or exclude themselves from the Class.

4.      <u>28 U.S.C. § 1715(b)(4) - any proposed or final class action settlement.</u>



The Settlement Agreement is available at the website: www.cafanotice.com under the Figueroa v. Kronos folder as **Exhibit F**.

5.  <u>28 U.S.C. § 1715(b)(5) - any settlement or other agreement contemporaneously made between class counsel and counsel for defendants</u>.

There are no other settlements or other agreements between Class Counsel and counsel for Defendant beyond what is set forth in the Agreement.

6.  <u>28 U.S.C. § 1715(b)(6) - any final judgment or notice of dismissal</u>.

The Court has not yet entered a final judgment or notice of dismissal. Accordingly, no such document is presently available.

7.  <u>28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement</u>.

The class is defined as all persons who used a Kronos brand time clock with a finger sensor attachment for timekeeping purposes in Illinois and whose finger-scan data was hosted by Kronos between January 18, 2014, and March 20, 2022.

Approximately 99% of the class resides in Illinois and the remaining approximately 1% are split between the other 49 states.

8.  <u>28 U.S.C. § 1715(b)(8) - any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6)</u>.

The Preliminary Approval Order is available at the website: www.cafanotice.com under the Figueroa v. Kronos folder as **Exhibit B**.

If you have any questions about this notice, the Action, or the materials located in the on website: www.cafanotice.com under the Figueroa v. Kronos folder, please contact undersigned listed below.

Respectfully submitted,

James R. Prutsman

Senior Director

# Exhibit B

SERVICE LIST FOR CAFA NOTICE

**U.S. Attorney General**
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building 3rd Floor
PO BOX 7
Utulei, AS 96799

**Arizona Attorney General**
Mark Brnovich
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Leslie Rutledge
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.,
Wilmington, DE 19801

**District of Columbia Attorney General**
Karl A. Racine
400 6th St., NW
Washington, DC 20001

**Florida Attorney General**
Ashley Moody
The Capitol, PL 01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Leevin T. Camacho
590 S. Marine Corps Dr, Ste 706
ITC Building Tamuning, Guam 96913

**Hawaii Attorney General**
Holly T. Shikada
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Lawrence Wasden
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
5th Floor
302 West Washington Street
Indianapolis, IN 46204

**Iowa Attorney General**
Tom Miller
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Derek Schmidt
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Daniel Cameron
700 Capitol Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Jeff Landry
P.O. Box 94095
Baton Rouge, LA 70804

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Brian Frosh
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Maura Healey
1 Ashburton Place
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
445 Minnesota Street
Suite 1400
St. Paul, MN 55101

**Mississippi Attorney General**
Lynn Fitch
Department of Justice
P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Eric Schmitt
Supreme Ct. Bldg.
207 W. High St.
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Justice Bldg.
215 N. Sanders
Helena, MT 59620

**Nebraska Attorney General**
Doug Peterson
State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
Old Supreme Ct. Bldg.
100 N. Carson St.
Carson City, NV 89701

**New Hampshire Attorney General**
John Formella
33 Capitol St.
Concord, NH 03301

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Hector Balderas
P.O. Drawer 1508
Santa Fe, NM 87504

**New York Attorney General**
Letitia A. James
Department of Law - The Capitol, 2nd fl.
Albany, NY 12224

**North Carolina Attorney General**
Josh Stein
Dept. of Justice
P.O. Box 629
Raleigh, NC 27602

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St.
Columbus, OH 43266

**Oklahoma Attorney General**
John O'Connor
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Ellen F. Rosenblum
Justice Bldg.
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Josh Shapiro
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Domingo Emanuelli Hernandez
PO Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Building
P.O. Box 11549,
Columbia, SC 29211

**South Dakota Attorney General**
Jason Ravnsborg
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Herbert H. Slatery III
425 5th Avenue North
Nashville, TN 37243

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Denise N. George
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Sean Reyes
PO BOX 142320
Salt Lake City, UT 84114

**Vermont Attorney General**
T.J. Donovan
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Bob Ferguson
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
Patrick Morrisey
State Capitol Complex
Building 1, Room E-26
1900 Kanawha Blvd, E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice, State Capitol,
Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Bridget Hill
109 State Capitol
Cheyenne, WY 82002

**Northern Mariana Islands Attorney General**
Edward Manibusan
P.O. Box 10007
Administration Building
Saipan, MP 96950

Exhibit C

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306
(United States District Court Northern District of Illinois)

**IF YOU SCANNED YOUR FINGER ON A KRONOS-BRAND TIMECLOCK IN ILLINOIS AND HAD YOUR FINGER-SCAN DATA HOSTED BY KRONOS BETWEEN JANUARY 18, 2014 AND MARCH 20, 2022, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is a court-authorized notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.*
*Para una notificacion en Espanol, visitar www.kronosbipasettlement.com.*

- A proposed Settlement has been reached in a class action lawsuit between Kronos Incorporated ("Kronos" or "Defendant") and individuals who scanned their fingers on Kronos-brand timeclocks at their jobs in Illinois and whose finger-scan data was hosted by Kronos between January 18, 2014 and March 20, 2022. The lawsuit claims that Kronos collected and stored biometric data from workers through Kronos-brand timeclocks when Kronos provided "cloud" hosting for their employers. The lawsuit claims these activities required compliance with an Illinois law called the Illinois Biometric Information Privacy Act, and that Kronos did not comply. Kronos denies these allegations and that the law applies to Kronos. The Court has not decided who is right or wrong. The Settlement has been preliminarily approved by a federal court in Chicago.

- You are included in the Settlement if you scanned your finger on a Kronos-brand timeclock at your job in Illinois and your finger-scan data was hosted by Kronos between January 18, 2014, and March 20, 2022. If you received a notice of the Settlement in the mail or by email, records indicate that you are included in the Settlement, and you may submit a Claim Form online or by mail to receive a cash payment.

- If the Court approves the Settlement, members of the Class who submit valid, timely and approved claims will receive an equal share of a $15,276,227 settlement fund that Kronos has agreed to create, after all notice and administration costs, incentive award, and attorneys' fees have been paid. Individual payments to Settlement Class Members who submit a valid claim form are estimated to be $290-$580, depending on the number of approved claims.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue Kronos or certain related companies and individuals about the issues in this case. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Kronos about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

The Court authorized this notice to let you know about a proposed Settlement with Kronos. You have legal rights and options that you may act on before the Court decides whether to give final approval to the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Gary S. Feinerman of the United States District Court for the Northern District of Illinois is overseeing this class action. The case is called *Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306. The persons who filed the lawsuit, Charlene Figueroa and Jermaine Burton, are the Plaintiffs. The company they sued, Kronos Incorporated, is the Defendant.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which individuals called "Class Representatives" bring a single lawsuit on behalf of other people who they assert have similar legal claims. All of these people together are potential members of the "Class." When a Class is certified for settlement and the Settlement is finally approved by the Court, the Settlement resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

2

### THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

---

**3. What is this lawsuit about?**

---

The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., regulates the collection, storage, and/or use of a person's biometric data in Illinois, including requiring consent to the collection of biometric data. Biometric data includes fingerprints. This lawsuit alleges that Kronos as a provider of timekeeping devices with a finger-scanner and "cloud" hosting services collected and stored biometric data without authorization from individuals who scanned their fingers at employers that were using Kronos-brand timeclocks and cloud-hosting services. Kronos denies these allegations and denies that it was subject to or violated BIPA.

More information about Plaintiffs' complaint in the lawsuit and the Defendant's defenses can be found in the "Court Documents" section of the Settlement Website at www.kronosbipasettlement.com.

---

**4. Who is included in the Settlement Class?**

---

You are a member of the Settlement Class if you scanned your finger on a Kronos-brand timeclock at your job in Illinois, and that finger-scan data was hosted by Kronos, between January 18, 2014, and March 20, 2022. If you received a notice of the Settlement via email or in the mail, records indicate that you are a Class Member and are included in the Settlement. You may call or email the Settlement Administrator at 833-620-3585 or info@kronosbipasettlement.com to ask whether you are a member of the Settlement Class.

Pictured below are examples of Kronos-brand timeclocks with the finger-scan attachment:



THE SETTLEMENT BENEFITS

| 5.  What does the Settlement provide? |
| --- |

**Cash Payments.** If you're eligible, you can submit a claim to receive a cash payment. The amount of such payment is estimated to be $290-$580, depending on the number of approved claims. This is a *pro rata*, or equal, share of a $15,276,277 fund that Kronos has agreed to create, after the payment of settlement expenses, attorneys' fees, and any incentive award for the two Class Representatives in the litigation approved by the Court.

**Prospective Relief.** Under the settlement, Kronos has agreed to notify employers that use Kronos-brand timeclocks and use Kronos as a host for finger-scan data that they need to obtain written releases from individuals who scan their fingers on Kronos-brand timeclocks, make all BIPA-required disclosures, and establish and maintain a retention and destruction policy that is made available to the public.

HOW TO GET SETTLEMENT BENEFITS

| 6.  How do I get a payment? |
| --- |

If you are a Settlement Class Member and you want to get a payment, you must complete and submit a valid Claim Form by December 6, 2022. If you received an email notice, it contained a link to the online Claim Form, which is also available on this website **here** and can be filled out and submitted online. The online Claim Form lets you select to receive your payment by Venmo, Zelle, PayPal, or check. A paper Claim Form with pre-paid postage was attached to the postcard notice you may have received in the mail. Those who submit a paper Claim Form will receive a check by mail, if the claim is approved.

Depending on the number of approved claims , you may need to complete an IRS Form W-9 to satisfy IRS tax reporting obligations related to the payment. You may complete the Form W-9 now on the Settlement Website **here;** doing so now will ensure that you receive your full payment as soon as possible.

| 7.  When will I get my payment? |
| --- |

The hearing date to consider the fairness of the Settlement is scheduled for December 20, 2022 at 9:30 a.m CT. If the Court approves the Settlement, Class Members whose claims were approved by the Settlement Administrator and, if necessary, who have completed a Form W-9 on the Settlement Website will be issued a check or electronic payment (as chosen by the Settlement Class Member) within 60 days after the Settlement has been finally approved by the Court and/or after any appeals process is complete. Please be patient. Uncashed checks and electronic payments that are unable to be completed will expire and become void 120 days after they are issued and will be donated to Legal Aid Chicago and American Civil Liberties Union of Illinois, or such other not-for-profit organization(s) as the Court may order as *cy pres* recipient.

## THE LAWYERS REPRESENTING YOU

| **8. Do I have a lawyer in the case?** |
| --- |

Yes, the Court has appointed Jay Edelson and J. Eli Wade-Scott of Edelson PC and Ryan F. Stephan and James B. Zouras of Stephan Zouras, LLP as the attorneys to represent the Settlement Class. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiffs Charlene Figueroa and Jermaine Burton to serve as the Class Representatives. They are Settlement Class Members like you. Class Counsel can be reached by calling 1-866-354-3015.

| **9. Should I get my own lawyer?** |
| --- |

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

| **10. How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court for attorneys' fees and expenses of up to 33% of the Settlement Fund (after payment of notice and administration costs) and will also request an incentive award of $7,500 for each of the two Class Representatives from the Settlement Fund. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representatives. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

| **11. What happens if I do nothing at all?** |
| --- |

If you do nothing, you will receive no money from the Settlement Fund, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against Kronos or other Released Parties (defined in the Settlement Agreement) regarding any of the Released Claims. **Submitting Claim Form that is approved by the Settlement Administrator is the only way to receive a payment from this Settlement.**

To submit a Claim Form, or for information on how to request exclusion from the class or file an objection, please visit the Settlement Website, www.kronosbipasettlement.com, or call 833-620-3585.

| **12. What happens if I ask to be excluded?** |
| --- |

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Kronos and the Released Parties and are free to pursue whatever legal rights you may have by pursuing your own individual lawsuit against Kronos and the Released Parties at your own risk and expense.

### 13. How do I ask to be excluded?

You can mail or email a letter stating that you want to be excluded from the Settlement. Your letter must: (a) be in writing; (b) identify the case name, *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before December 6, 2022. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.)." You must mail or email your exclusion request no later than December 6, 2022 to:

Figueroa v. Kronos
c/o Kroll Settlement Administrator
PO Box 5324
New York, NY 10150-5324

-or-

info@kronosbipasettlement.com

You can't exclude yourself over the phone. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

### 14. If I don't exclude myself, can I sue Kronos for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Kronos and any other Released Party for the claims being resolved by this Settlement.

### 15. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not receive a payment.

### 16. How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306 (N.D. Ill.), no later than December 8, 2022. Your objection must be e-filed or delivered to the Court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Due to the COVID-19 pandemic, the Court is accepting filings from pro se litigants via email. Instructions on how to file via email can be found here.

The objection must be in writing, must be signed, and must include the following information: (a) your full name and current address, (b) a statement that you believe you are a member of the Settlement Class, (c) whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for your objection, (e) all documents or writings that you wish the Court to consider, (f) the name and contact information of any attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether you intend to appear at the Final Approval Hearing. If you hire an attorney in connection with making an objection, that attorney must file an appearance with the Court or seek *pro hac vice* admission to practice before the Court, and electronically file the objection through the Court's CM/ECF system by the objection deadline of December 8, 2022. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. Any objections by Settlement Class Members representing themselves that are filed in paper form will be placed on the docket by the Clerk of Court. If you exclude yourself from the Settlement, you cannot file an objection.

Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees and incentive awards on November 22, 2022.

## 17.  What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class as a Class Member. Excluding yourself from the Settlement Class is telling the Court that you don't want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 18.  When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing on December 20, 2022 at 9:30 a.m. CT before Judge Gary S. Feinerman in Room 2141 of the Northern District Court of Illinois, Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, or via remote means as instructed by the Court. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representatives.

**Note:** The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the Settlement Website, www.kronosbipasettlement.com.

## 19.  Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed on time and meets the other criteria described in the Court's Preliminary Approval Order, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

| 20.  May I speak at the hearing? |
|---|

Yes. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 16 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

GETTING MORE INFORMATION

| 21.  Where do I get more information? |
|---|

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents are available at www.kronosbipasettlement.com or at the Clerk's Office in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays and any closures as a result of the COVID-19 pandemic. You can also contact the Settlement Administrator at 833-620-3585 or Class Counsel at 1-866-354-3015 with any questions.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, THE DEFENDANT OR THE DEFENDANT'S LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF SETTLEMENT PAYMENTS.**

# Exhibit D

## AVISO DEL ACUERDO PROPUESTO PARA LA DEMANDA COLECTIVA

*Figueroa v. Kronos Incorporated*, caso No. 1:19-CV-01306
(Tribunal de Distrito de los Estados Unidos del Distrito Norte de Illinois)

### SI USTED ESCANEÓ SU DEDO EN UN RELOJ DE LA MARCA KRONOS EN ILLINOIS Y KRONOS ALMACENÓ LOS DATOS DE ESCANEO DE SUS DEDOS ENTRE EL 18 DE ENERO DE 2014 Y EL 20 DE MARZO DE 2022, USTED PUEDE TENER DERECHO A UN PAGO DE UN ACUERDO DE DEMANDA COLECTIVA.

*Esta es una notificación autorizada por el Tribunal. **No** está siendo demandado. Esto **no** es un anuncio para un abogado.*
*Para una notificación en español, visite www.kronosbipasettlement.com.*

- Se ha llegado a un acuerdo propuesto en una demanda colectiva entre Kronos Incorporated ("Kronos" o "Demandado") y las personas que escanearon sus dedos en relojes de la marca Kronos en sus trabajos en Illinois y cuyos datos de escaneo de dedos fueron almacenados por Kronos entre el 18 de enero de 2014 y el 20 de marzo de 2022. La demanda afirma que Kronos recopiló y almacenó datos biométricos de los trabajadores a través de relojes de la marca Kronos cuando Kronos proporcionó alojamiento "en la nube" para sus empleadores. La demanda afirma que estas actividades requerían el cumplimiento de una ley de Illinois llamada Ley de Privacidad de la Información Biométrica de Illinois, y que Kronos no cumplió. Kronos niega estas acusaciones y que la ley se aplique a Kronos. El Tribunal aún no ha decidido quién tiene razón o quién no. El Acuerdo ha sido aprobado preliminarmente por un tribunal federal en Chicago.

- Usted está incluido en el Acuerdo si usted escaneó su dedo en un reloj de la marca Kronos en su trabajo en Illinois y Kronos almacenó los datos de escaneo de su dedo entre el 18 de enero de 2014 y el 20 de marzo de 2022. Si recibió un aviso del Acuerdo por correo o por correo electrónico, los registros indican que está incluido en el Acuerdo y puede enviar un Formulario de Reclamo en línea o por correo para recibir un pago en efectivo.

- Si el Tribunal aprueba el Acuerdo, los miembros del Colectivo que presenten reclamos válidos, oportunos y aprobados recibirán una parte igual de un fondo de acuerdo de $15,276,227 que Kronos ha acordado crear, después de que se hayan pagado todos los costos de notificación y administración, gratificación de incentivo y honorarios de abogados. Los pagos individuales a los Miembros del Grupo del Acuerdo que presenten un formulario de reclamo válido se estiman en $290-$580, dependiendo del número de reclamos aprobados.

- Lea este aviso atentamente. Sus derechos legales se ven afectados, ya sea que actúe o no actúe.

| SUS DERECHOS Y OPCIONES LEGALES EN ESTE ACUERDO | |
|---|---|
| **ENVIAR UN FORMULARIO DE RECLAMO** | Esta es la única forma de recibir un pago. |
| **NO HACER NADA** | No recibirá ningún pago en virtud del Acuerdo y renunciará a sus derechos para demandar a Kronos o a ciertas compañías e individuos relacionados sobre los problemas en este caso. |
| **EXCLUIRSE A SÍ MISMO** | No recibirá ningún pago, pero conservará todo derecho que tenga actualmente para demandar a Kronos sobre las cuestiones en este caso. |
| **OBJECIÓN** | Escriba al Tribunal explicando por qué no está de acuerdo con el Acuerdo. |
| **ASISTIR A UNA AUDIENCIA** | Pedir hablar en el Tribunal sobre la imparcialidad del Acuerdo |

Estos derechos y opciones, **y los plazos para ejercerlos,** se explican en este aviso.

El Tribunal a cargo de este caso aún tiene que decidir si finalmente aprueba el Acuerdo. Los pagos se proporcionarán solo después de que se resuelvan los problemas con el Acuerdo. Por favor, sea paciente.

### INFORMACIÓN BÁSICA

### 1. ¿Qué es este aviso y por qué debo leerlo?

El Tribunal autorizó este aviso para informarle sobre un Acuerdo propuesto con Kronos. Usted tiene derechos y opciones legales sobre los que puede actuar antes de que el Tribunal decida si otorga la aprobación definitiva al Acuerdo propuesto. Usted puede ser elegible para recibir un pago en efectivo como parte del Acuerdo. Este aviso explica la demanda, el Acuerdo y sus derechos legales.

El Juez Gary S. Feinerman del Tribunal de Distrito de los Estados Unidos para el Distrito Norte de Illinois está supervisando esta demanda colectiva. El caso se llama *Figueroa v. Kronos Incorporated*, caso No. 1:19-CV-01306. Las personas que presentaron la demanda, Charlene Figueroa y Jermaine Burton, son los demandantes. La compañía que demandaron, Kronos Incorporated, es la demandada.

## 2. ¿Qué es una demanda colectiva?

Una demanda colectiva es una demanda en la que ciertas personas llamadas "Representantes del Colectivo" presentan una sola demanda en nombre de otras personas que, según afirman, tienen reclamaciones legales similares. Todas estas personas juntas son miembros potenciales del "Colectivo". Cuando un Colectivo está certificado para el acuerdo y el Acuerdo finalmente es aprobado por el Tribunal, el Acuerdo resuelve los problemas para todos los Miembros del Colectivo del Acuerdo, excepto para aquellos que se excluyan del mismo.

### LOS RECLAMOS EN LA DEMANDA Y EL ACUERDO

## 3. ¿De qué se trata esta demanda?

La Ley de Privacidad de la Información Biométrica de Illinois ("BIPA"), 740 ILCS 14/1, *et seq.*, regula la recopilación, el almacenamiento o el uso de los datos biométricos de una persona en Illinois, incluida la exigencia del consentimiento para la recopilación de datos biométricos. Los datos biométricos incluyen huellas dactilares. Esta demanda alega que Kronos, como proveedor de dispositivos de cronometraje con un escáner de dedos y servicios de alojamiento en la "nube", recopiló y almacenó datos biométricos sin autorización de personas que escanearon sus dedos con empleadores que usaban relojes de la marca Kronos y servicios de alojamiento en la nube. Kronos niega estas acusaciones y niega que haya estado sujeta a la BIPA o que la haya incumplido.

En la demanda puede encontrar más información sobre la queja del Demandante y las respuestas del Demandado en la sección "Documentos judiciales" del sitio web del Acuerdo en www.kronosbipasettlement.com.

## 4. ¿Quién está incluido en el Colectivo del Acuerdo?

Usted es un miembro del Colectivo del Acuerdo si usted escaneó su dedo en un reloj de la marca Kronos en su trabajo en Illinois y Kronos almacenó esos datos de escaneo de su dedo entre el 18 de enero de 2014 y el 20 de marzo de2022. Si recibió un aviso del Acuerdo por correo o por correo electrónico, los registros indican que usted es un Miembro del Colectivo y está incluido en el Acuerdo. Puede llamar o enviar un correo electrónico al Administrador del Acuerdo al 833-620-3585 o a info@kronosbipasettlement.com para preguntar si usted es miembro del Colectivo del Acuerdo.

A continuación, se muestran ejemplos de relojes de la marca Kronos con el accesorio de escaneo de dedos:



**BENEFICIOS DEL ACUERDO**

| 5. ¿Qué brinda el Acuerdo? |
|---|

**Pagos en efectivo.** Si usted es elegible, puede presentar un reclamo para recibir un pago en efectivo. El monto de dicho pago se estima en $290-$580, en función del número de reclamos aprobados. Este es una porción *prorrateada*, o igual, de un fondo de $15,276,277 que Kronos ha acordado crear, después del pago de los gastos del acuerdo, los honorarios de los abogados y cualquier incentivo otorgado para los dos Representantes del Colectivo en el litigio aprobado por el Tribunal.

**Posible alivio.** Según el acuerdo, Kronos ha acordado notificar a los empleadores que usen relojes de la marca Kronos y que usan Kronos como host para los datos de escaneo de dedos que necesitan obtener comunicados por escrito de personas que escanean sus dedos en relojes de la marca Kronos, hacer todas las divulgaciones requeridas por la BIPA y establecer y mantener una política de retención y destrucción que se ponga a disposición del público.

**CÓMO OBTENER BENEFICIOS DEL ACUERDO**

| 6. ¿Cómo recibo un pago? |
|---|

Si usted es un Miembro del Grupo de Acuerdo y desea recibir un pago, debe completar y enviar un Formulario de Reclamo válido a más tardar el 6 de diciembre de 2022. Si recibió un aviso por correo electrónico, contenía un enlace al Formulario de Reclamo en línea, que también está disponible en este sitio web aquí y se puede completar y enviar en línea. El Formulario de Reclamo en línea le permite seleccionar recibir su pago por Venmo, Zelle, PayPal o cheque. Se adjuntó un Formulario de Reclamo en papel con franqueo prepagado al aviso en forma de postal que puede haber recibido por correo. Aquellos que envíen un Formulario de Reclamo en papel recibirán un cheque por correo, si el reclamo es aprobado.

Según la cantidad de reclamos aprobados, es posible que deba completar un Formulario W-9 del IRS para satisfacer las obligaciones de declaración de impuestos del IRS relacionadas con el pago. Puede completar el Formulario W-9 ahora en el sitio web del acuerdo aquí; hacerlo ahora asegurará que reciba su pago completo lo antes posible.

4

| **7. ¿Cuándo recibiré mi pago?** |
|---|

La fecha de la audiencia para considerar la imparcialidad del Acuerdo está programada para el 20 de diciembre de 2022 a las 9:30 a.m. CT. Si el Tribunal aprueba el Acuerdo, a los Miembros del Colectivo cuyos reclamos fueron aprobados por el Administrador del Acuerdo y, si es necesario, que hayan completado un Formulario W-9 en el Sitio Web del Acuerdo se les emitirá un cheque o pago electrónico (según lo elegido por el Miembro del Colectivo del Acuerdo) dentro de los 60 días posteriores a que el Acuerdo haya sido finalmente aprobado por el Tribunal o después de que se complete cualquier proceso de apelación. Por favor, sea paciente. Los cheques no cobrados y los pagos electrónicos que no se puedan completar caducarán y se anularán 120 días después de su emisión y se donarán a Legal Aid Chicago y la Unión Americana de Libertades Civiles de Illinois, o cualquier otra organización sin fines de lucro que el Tribunal pueda ordenar como destinatario *cy pres*.

**LOS ABOGADOS QUE LO REPRESENTAN**

| **8. ¿Cuento con un abogado en el caso?** |
|---|

Sí, el Tribunal ha designado a Jay Edelson y J. Eli Wade-Scott de Edelson PC y Ryan F. Stephan y a James B. Zouras de Stephan Zouras, LLP como los abogados para representar al Colectivo del Acuerdo. Estos abogados se denominan "Abogados del Colectivo". Además, el Tribunal nombró a los Demandantes Charlene Figueroa y Jermaine Burton para actuar como Representantes del Colectivo. Son Miembros del Colectivo del Acuerdo como usted. Puede comunicarse con el abogado del Colectivo llamando al 1-866-354-3015.

| **9. ¿Debo contratar a mi propio abogado?** |
|---|

No necesita contratar a su propio abogado porque los Abogados del Colectivo trabajan en su nombre. Puede contratar a su propio abogado, pero, si lo hace, tendrá que pagarle a ese abogado.

| **10. ¿Cómo se pagará a los abogados?** |
|---|

Los Abogados del Colectivo le pedirán al Tribunal los honorarios y gastos de los abogados, que pueden ser de hasta el 33% del Fondo del Acuerdo (después del pago de los costos de aviso y administración) y también solicitará una gratificación de incentivo de $ 7,500 para cada uno de los dos Representantes del Colectivo del Fondo del Acuerdo. El Tribunal determinará la cantidad adecuada de honorarios y gastos de cualquier abogado para otorgarles a los Abogados del Colectivo y la cantidad adecuada de gratificación para los Representantes del Colectivo. El Tribunal podrá conceder cantidades inferiores a las solicitadas.

**SUS DERECHOS Y OPCIONES**

| **11. ¿Qué pasa si no hago nada?** |
|---|

Si no hace nada, no recibirá dinero del Fondo del Acuerdo, pero aún estará obligado por todas las órdenes y sentencias del Tribunal. A menos que se excluya del Acuerdo, no podrá presentar ni continuar una demanda contra Kronos u otras Partes Exoneradas (definidas en el Acuerdo de Conciliación) con respecto a cualquiera de las Reclamaciones Exoneradas. **Enviar un Formulario**

**de Reclamo aprobado por el Administrador del Acuerdo es la única forma de recibir un pago de este Acuerdo.**

Para enviar un Formulario de Reclamo o para obtener información sobre cómo solicitar la exclusión del colectivo o presentar una objeción, visite el sitio web del Acuerdo, www.kronosbipasettlement.com, o llame al 833-620-3585.

### 12. ¿Qué pasa si pido que me excluyan?

Usted puede excluirse del Acuerdo. Si lo hace, no recibirá ningún pago en efectivo, pero no renunciará a ninguna reclamación que pueda tener contra Kronos y las Partes Exoneradas y es libre de perseguir cualquier derecho legal que pueda tener presentando su propia demanda individual contra Kronos y las Partes Exoneradas bajo su propio riesgo y costo.

### 13. ¿Cómo pido ser excluido?

Puede enviar por correo o correo electrónico una carta que indique que desea ser excluido del Acuerdo. Su carta debe: (a) ser por escrito; (b) identificar el nombre del caso, *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.); (c) indicar el nombre completo y la dirección actual de la persona en el Colectivo del Acuerdo que busca la exclusión; (d) estar firmada por la persona que solicita la exclusión; y (e) ser matasellada o recibida por el Administrador del Acuerdo el 6 de diciembre de 2022 o antes. Cada solicitud de exclusión también debe contener una declaración similar a esta: "Por la presente, solicito que se me excluya del Colectivo del Acuerdo propuesto en *Figueroa v. Kronos Incorporated*, No. 19-cv-1306 (N.D. Ill.)". Debe enviar su solicitud de exclusión por correo o correo electrónico a más tardar el 6 de diciembre de 2022 a:

Figueroa v. Kronos
c/o Kroll Settlement Administrator
PO Box 5324
New York, NY 10150-5324

-o-

info@kronosbipasettlement.com

No puede excluirse por teléfono. Ninguna persona puede solicitar ser excluida del Colectivo del Acuerdo a través de bajas "masivas" o "colectivas".

### 14. Si no me excluyo, ¿puedo demandar a Kronos por lo mismo más adelante?

No. A menos que se excluya a sí mismo, usted renuncia al derecho de demandar a Kronos y a cualquier otra Parte Exonerada por los reclamos que resuelve este Acuerdo.

### 15. Si me excluyo, ¿puedo obtener algún beneficio de este Acuerdo?

No. Si usted se excluye, no recibirá un pago.

## 16. ¿Cómo objeto el Acuerdo?

Si no se excluye del Colectivo del Acuerdo, puede objetarlo si no está de acuerdo con alguna de sus partes. Al presentar una objeción puede dar razones por las que cree que el Tribunal debería negar la aprobación. Para objetar, debe presentar una carta o escrito al Tribunal que indique que usted se opone al Acuerdo en *Figueroa v. Kronos Incorporated*, caso No. 1:19-CV-01306 (N.D. Ill.), a más tardar el 8 de diciembre de 2022. Su objeción debe ser presentada electrónicamente o entregada al Tribunal en la siguiente dirección:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Debido a la pandemia de COVID-19, el Tribunal está aceptando presentaciones de litigantes pro se por correo electrónico. Se pueden encontrar instrucciones sobre cómo enviar una presentación por correo electrónico aquí.

La objeción debe ser por escrito, debe estar firmada y debe incluir la siguiente información: (a) su nombre completo y dirección actual; (b) una declaración de que cree que es miembro del Colectivo del Acuerdo; (c) si la objeción se aplica solo a usted, a un subconjunto específico del Colectivo del Acuerdo o a todo el Colectivo del Acuerdo; (d) los motivos específicos de su objeción; (e) todos los documentos o escritos que desea que el Tribunal considere; (f) el nombre y la información de contacto de cualquier abogado que lo represente, asesore o ayude de alguna manera en relación con la preparación o presentación de la objeción o que pueda beneficiarse de la búsqueda de la objeción, y (g) una declaración que indique si tiene la intención de comparecer en la Audiencia de Aprobación Definitiva. Si contrata a un abogado para hacer una objeción, ese abogado debe presentar una comparecencia ante el Tribunal o buscar admisión *pro hac vice* a la práctica ante el Tribunal, y presentar electrónicamente la objeción a través del sistema CM/ECF del Tribunal antes de la fecha límite de objeción el 8 de diciembre de 2022. Si contrata a su propio abogado, usted será el único responsable del pago de los honorarios y gastos en los que incurra el abogado en su nombre. El secretario del Tribunal colocara en el expediente cualquier objeción de los miembros de la clase del acuerdo que se representen a sí mismos y que se presente en forma impresa. Si se excluye del Acuerdo, no puede presentar una objeción.

Los Abogados del Colectivo presentarán ante el tribunal y publicarán en el sitio web del Acuerdo su petición de honorarios de abogados y gratificaciones de incentivo el 22 de noviembre de 2022.

## 17. ¿Cuál es la diferencia entre objetar y excluirse del Acuerdo?

Objetar es simplemente expresarle al Tribunal que no le agrada algo del Acuerdo. Solo puede objetar si permanece en el Colectivo del Acuerdo como Miembro del Colectivo. Excluirse del Colectivo del Acuerdo es expresarle al Tribunal que no quiere ser un Miembro del Colectivo del Acuerdo. Si se excluye, no tiene ningún fundamento para objetar porque el caso ya no lo afecta.

### AUDIENCIA DE APROBACIÓN DEFINITIVA DEL TRIBUNAL

## 18. ¿Cuándo y dónde decidirá el Tribunal si aprueba el Acuerdo?

El Tribunal celebrará la Audiencia de Aprobación Definitiva el 20 de diciembre de 2022 a las 9:30 a.m. CT ante El Jueza Gary S. Feinerman en la Sala 2141 del Tribunal del Distrito Norte de Illinois, Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, o a través de medios remotos según las instrucciones del Tribunal. El propósito de la audiencia es que el Tribunal determine si el Acuerdo es justo, razonable, adecuado y en el interés del Colectivo del Acuerdo. En la audiencia, el Tribunal escuchará toda objeción y argumento relacionado con la imparcialidad del Acuerdo propuesto, incluidos los relacionados con la cantidad solicitada por el Abogado del Colectivo para los honorarios y gastos de los abogados y la gratificación de incentivo a los Representantes del Colectivo.

**Nota:** la fecha y la hora de la Audiencia de Aprobación Definitiva están sujetas a cambios por Orden Judicial. Cualquier cambio se publicará en el sitio web del acuerdo, www.kronosbipasettlement.com.

### 19. ¿Tengo que concurrir a la audiencia?

No. Los Abogados del Grupo responderán las preguntas que el Tribunal desee realizar. Es bienvenido a venir por su propia cuenta. Si envía una objeción, no tiene que venir al Tribunal para hablar sobre ella. El Tribunal considerará su objeción por escrito, siempre y cuando se haya presentado o enviado por correo a tiempo y cumpla con los otros criterios descritos en la Orden de Aprobación Preliminar de los Tribunales. También puede pagarle a un abogado para que asista, pero no tiene que hacerlo.

### 20. ¿Puedo hablar en la audiencia?

Sí. Si no se excluye del Colectivo del Acuerdo, puede solicitar permiso al Tribunal para hablar en la audiencia con respecto a cualquier parte del Acuerdo propuesto. Si presentó una objeción (*consulte la* Pregunta 16 detallada anteriormente) y tiene la intención de comparecer en la audiencia, debe manifestar su intención de hacerlo en su objeción.

### OBTENER MÁS INFORMACIÓN

### 21. ¿Dónde puedo obtener más información?

Este aviso resume el Acuerdo propuesto. Hay más detalles, incluido el Acuerdo de Conciliación y otros documentos, disponibles en www.kronosbipasettlement.com o en la Oficina del Secretario en el Palacio de Justicia de los Estados Unidos Everett McKinley Dirksen, 219 South Dearborn Street, Chicago, Illinois 60604, entre las 8:30 a.m. y las 4:30 p.m., de lunes a viernes, excepto los días no hábiles del Tribunal y cualquier cierre como resultado de la pandemia de COVID-19. También puede comunicarse con el Administrador del Acuerdo al 833-620-3585 o los Abogados del Colectivo al 1-866-354-3015 si tiene alguna pregunta.

**POR FAVOR, <u>NO</u> SE COMUNIQUE CON EL TRIBUNAL, EL JUEZ, EL DEMANDADO O LOS ABOGADOS DEL DEMANDADO POR PREGUNTAS SOBRE EL ACUERDO O LA DISTRIBUCIÓN DE LOS PAGOS DEL ACUERDO.**

# Exhibit E

# *5140100000000*

5 1 4 0 1 0 0 0 0 0 0 0 0

*Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306

## CLAIM FORM

**Instructions**: You are eligible for a payment as part of the Settlement for this case if you meet the class definition. If you received notice in this case, our records indicate that you are a member of the class. Fill out each section of this form and sign where indicated. If you prefer to receive payment via , Venmo, PayPal, or Zelle please fill out a claim online at www.kronosbipasettlement.com. If you opt for payment via check and your Claim Form is approved, you will receive a check in the mail at the address you provide below. Depending on the number of valid claims submitted, you may need to complete an IRS Form W-9 to satisfy tax reporting obligations, which is available on this Settlement Website. Please complete the Form W-9 after you submit your Claim Form; doing so now will ensure that you receive your full payment as soon as possible. THIS CLAIM FORM MUST BE SUBMITTED BY DECEMBER 6, 2022 AND MUST BE FULLY COMPLETED (EXCEPT WHERE OPTIONAL), BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

The Settlement Administrator will review your Claim Form. If accepted, you will receive payment for an equal, or *pro rata*, share depending on the number of valid claim forms received. This process takes time; please be patient.

| First Name | | Last Name | |
|---|---|---|---|
| **Street Address** | | | |
| **City** | **State** | **ZIP Code** | |
| **Email Address** | | | |
| **Contact Phone #:** (You may be contacted if further information is required) | | | |

| Please provide the information in this box if you can do so. If you are not able to provide it, it will not impact your claim. | |
|---|---|
| Employer Where You Used Kronos Timeclock | Approximate Dates of Employment |

*Settlement Class Member Verification*: By submitting this Claim Form, I declare that I am an individual who scanned my finger on a Kronos-brand timeclock in Illinois between January 18, 2014, and March 20, 2022.

E- Signature: _____     Date: __ __/__ __/__ __

# Exhibit F

**COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

Figueroa v. Kronos Incorporated
c/o Kroll Settlement Administrator
PO Box 5324
New York, NY 10150-5324

RECORDS INDICATE YOU
SCANNED YOUR FINGER
ON A KRONOS-BRAND
TIMECLOCK IN ILLINOIS
AND ARE ENTITLED TO A
PAYMENT FROM A CLASS
ACTION SETTLEMENT.

By Order of the Court Dated: February 18, 2022

<<refnum barcode>>
**Postal Service Please do not mark barcode**

Class Member ID: <<refnum>>
<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

This notice is to inform you that a proposed Settlement has been reached in a class action lawsuit between Kronos Incorporated ("Kronos") and individuals who scanned their fingers on Kronos-brand timeclocks at work in Illinois. The case is called Figueroa v. Kronos Incorporated, Case No. 1:19-CV-01306. The lawsuit claims that Kronos violated an Illinois law called the Illinois Biometric Information Privacy Act when it collected and stored biometric data from workers through Kronos-brand timeclocks, without complying with the law's requirements. Kronos denies those allegations and if the law applies to Kronos. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

**Who is included in the Settlement Class?** Our records indicate that you are included in the Settlement Class. The Settlement Class includes all persons who scanned their finger on Kronos-brand timeclocks at work in Illinois, and whose finger-scan data was hosted by Kronos, between January 18, 2014 and March 20, 2022.

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can submit a claim to receive a cash payment. The payment amount is estimated to be approximately $290-$580, depending on the number of valid claims submitted. This amount is an equal share of a $15,276,227 fund that Kronos agreed to create, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award.

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www.kronosbipasettlement.com, and submit a Claim Form online. ***All Claim Forms must be postmarked or submitted online by December 6, 2022***.

**What are my other options?** You can do nothing, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue Kronos or certain related companies and individuals in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment but you'll keep your right to sue Kronos on the issues the Settlement concerns. You must contact the Settlement Administrator by mail or email to exclude yourself from the Settlement. ***All Requests for Exclusion must be received by December 6, 2022 and all Objections must be received by December 8, 2022***.

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firms Edelson PC and Stephan Zouras, LLP as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the total amount that Kronos agreed to pay to the Settlement Class Members, after payment of notice and administration costs. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Charlene Figueroa and Jermaine Burton—Class Members like you—to represent the Settlement Class as Class Representatives.

**When will the Court approve the Settlement?** The Court will hold a final approval hearing on December 20, 2022 at 9:30 a.m. C.T. before the Honorable Gary S. Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. Instructions for participating remotely may be posted on the Settlement Website. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 33% of the Settlement Fund, and an incentive award of $7,500 each for both Class Representatives. The request will be posted on the Settlement Website by November 22, 2022.

_____

_____

Fiqueroa v. Kronos Incorporate Settlement
c/o Settlement Administrator
P.O. Box 5324
New York, NY 10150-5324

Class Member ID: <<refnum>>

**CLAIM FORM**

THIS CLA M FORM MUST BE SUBMITTED ONL NE OR POSTMARKED BY DECEMBER 6, 2022 AND MUST BE FULLY COMPLETED (EXCEPT WHERE OPTIONAL), BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo, PayPal, or Zelle (instead of a check), you must submit a Claim Form online on the Settlement Website at www.kronosbipasettlement.com. If you submit this paper Claim Form by mail and it is approved, you will receive a check in the mail at the address you provide below. Depending on the number of valid claims submitted, you may need to complete an RS Form W-9 to satisfy tax reporting obligations. You may complete the Form W-9 now on the Settlement Website at www.kronosbipasettlement.com; doing so now will ensure that you receive your full payment as soon as possible.

If different than the preprinted data on the left, please print your correct information:

Class Member ID: <<refnum>>

<<firstname>> <<mi>> <<lastname>>
<<address1>> <<address2>>
<<City>>, <<State>> <<Zip>>

_____  __  _____
First Name                              MI   Last Name

_____
Address

_____  __ __  ____ ___ ___
City                                                   State        ZipCode

Email Address (optional): _____ @ _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required )

Please provide the information in this box if you can do so  If you are not able to provide it, it will not impact your claim

Employer Where You Used Kronos Timeclock:

_____

Approximate Date of Employment:

_____

**Settlement Class Member Verification: By submitting this Claim Form, I declare that I am an individual who scanned my finger on a Kronos-brand timeclock in Illinois between January 18, 2014 and March 20, 2022.**

Signature: _____ Date: ____ ____/ ____ ____/ ____ ____

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check for a pro rata share depending on the number of valid Claim Forms received. This process takes time, please be patient.

**Questions, visit www.kronosbipasettlement.com or call (833) 620-3585**

# Exhibit G

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

Your Class Member ID: <<Refnum>>

## RECORDS INDICATE YOU SCANNED YOUR FINGER ON A KRONOS-BRAND TIMECLOCK IN ILLINOIS AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*This is a court-authorized notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.*

*For more information, visit www.kronosbipasettlement.com*

*Para una notificacion en Espanol, visitar www.kronosbipasettlement.com*

This notice is to inform you that a proposed Settlement has been reached in a class action lawsuit between Kronos Incorporated ("Kronos") and all individuals who scanned their fingers on Kronos-brand timeclocks at work in Illinois and had their finger-scan data hosted by Kronos between January 18, 2014 and March 20, 2022. The case is called *Figueroa v. Kronos Incorporated*, Case No. 1:19-CV-01306. The lawsuit claims that Kronos violated an Illinois law called the Illinois Biometric Information Privacy Act when it collected and stored biometric data from workers through Kronos-brand timeclocks, without complying with the law's requirements. Kronos denies those allegations and that the law applies to Kronos. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

<u>**Who is included in the Settlement Class?**</u> Records indicate that you are included in the Settlement Class. The Settlement Class includes all persons who scanned their finger on Kronos-brand timeclocks at their job in Illinois, and whose finger-scan data was hosted by Kronos, between January 18, 2014 and March 20, 2022.

<u>**What can I get out of the Settlement?**</u> If you're eligible and the Court approves the Settlement, you can submit a claim to receive a cash payment. The payment amount is estimated to be approximately $290-$580, depending on the number of valid and timely claims approved. This amount is an equal share of a $15,276,227 fund that Kronos agreed to create, after any Court-approved payment of Settlement administration expenses, attorneys' fees, and any incentive award.

<u>**How do I get my payment?**</u> Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.kronosbipasettlement.com and download a paper Claim Form and submit it by mail. When submitting by mail, you will receive a check. By submitting online you can choose to receive your payment via check, Venmo, PayPal, or Zelle. ***All Claim Forms must be submitted online or postmarked by December 6, 2022.***

<u>**What are my other options?**</u> You can do nothing, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you

won't be able to sue Kronos or certain related companies and individuals in a future lawsuit about the claims addressed in the Settlement.

You can also object to the Settlement if you disagree with any of its terms by writing to the Court. You can only exclude yourself, not others. If you exclude yourself, you won't get a payment but you'll keep your right to sue Kronos on the issues the Settlement concerns. You must contact the Settlement Administrator by mail or email (info@kronosbipasettlement.com) to exclude yourself from the Settlement. ***All Requests for Exclusion must be received by December 6 and all Objections must be received by December 8, 2022.***

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firms Edelson PC and Stephan Zouras, LLP as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the total amount that Kronos agreed to pay to the Settlement Class Members after payment of notice and administration costs. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Charlene Figueroa and Jermaine Burton—Class Members like you—to represent the Settlement Class as Class Representatives.

**When will the Court approve the Settlement?** The Court will hold a final approval hearing on December 20, 2022 at 9:30 a.m. C.T. before the Honorable Gary S. Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. Instructions for participating remotely may be posted on the Settlement Website. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 33% of the Settlement Fund and an incentive award of $7,500 each for both Class Representatives. The request will be posted on the Settlement Website by November 22, 2022.

# Exhibit H

**Archived:** Thursday, December 1, 2022 11:59:16 AM
**From:** Christine Olson
**Sent:** Wed, 30 Nov 2022 11:30:41
**To:** info kronosbipasettlement
**Subject:** [EXTERNAL] Kronos Class Member #51401CBK2QNZ9
**Sensitivity:** Normal

---

I want to exclude myself, Christine Olson, as a class member.

Christine Olson



Kronos Class member #51401CBK2QNZ9

Christine Olson