IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>KRONOS INCORPORATED,<br><br>*Defendant*. | Case No. 1:19-cv-01306<br><br>Honorable Gary S. Feinerman |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter coming before the Court on Plaintiffs' Motion for and Memorandum in Support of Final Approval of Class Action Settlement, Doc. 377, between Plaintiffs Charlene Figueroa and Jermaine Burton ("Plaintiffs") and Defendant Kronos Incorporated ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties"), the terms of which are set forth in the Stipulation of Class Action Settlement (the "Settlement Agreement"), Doc. 377-1, and Plaintiffs' Motion and Memorandum of Law for Attorneys' Fees, Expenses, and Incentive Awards, Doc. 374, the Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on December 20, 2022,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

    1.    Unless defined herein, all capitalized terms in this order shall have the respective meanings ascribed to the same terms in the Settlement Agreement. Doc. 377-1.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members.

3. On February 18, 2022, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the following Settlement Class:

> All persons who used a Kronos brand time clock with a finger sensor attachment for timekeeping purposes in Illinois and whose finger-scan data was hosted by Kronos between January 18, 2014, and [March 20, 2022].[1]
>
> Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, (4) the legal representatives, successors, heirs, or assigns of any such excluded persons, (5) individuals who only scanned at (i) a State or local government agency; (ii) a banking institution subject to Title V of the federal Gramm-Leach Bliley Act of 1999; or (iii) a court of Illinois, a clerk of the court, or any judge or justice thereof, and (6) persons who were members of the settlement class in the *Diaz v. Greencore, Inc.*, 2017-CH-13198 (Cir. Ct. Cook Cnty.) and *Dixon v. Washington Jane Smith Home*, No. 17-cv-8033 (N.D. Ill.) settlements.

Doc. 358 at ¶ 3. The Court now confirms final certification of the Settlement Class for purposes of entering final judgment.

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice—which included direct notice via U.S. Mail and email, two rounds of reminder notices via email, and the creation of the Settlement Website—provided the best practicable notice under the circumstances reaching 95.4% of the Settlement Class; was reasonably calculated to apprise the

---

[1] For the avoidance of doubt, the Settlement Class does not encompass individuals who used finger sensors at employers who never used Kronos Cloud, nor does it encompass individuals who used finger sensors exclusively during a time frame that their employers did not use Kronos Cloud.

Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

5. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. *See* Doc. 377-2-2, ¶ 4. As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of Judge James F. Holderman (ret.) of JAMS Chicago who served as the Parties' mediator, and is supported by the Class Representatives and Class Counsel. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7. The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, the lack of any objections to the settlement by the Settlement Class, and the high

3

claims rate. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. The Court further finds that the Parties achieved excellent claims rates as a result of the Notice program: 26.78% of the Settlement Class submitted an Approved Claim. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d at 620, 629, 632 (N.D. Cal. 2021) (describing similar 22% claims rate in BIPA settlement with Facebook as "impressive" and "unprecedented").

9. No Settlement Class Members have objected to any of the terms of the Settlement Agreement. Only one member of the Settlement Class—Christine Olson—has submitted a request for exclusion. Christine Olson is excluded from the Settlement Class.

10. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and the Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

11. Other than as provided in the Settlement Agreement and this order, the Parties shall bear their own costs and attorneys' fees.

12. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this case on the merits and with prejudice.

13. Upon the Effective Date of the Settlement Agreement, and in consideration of the settlement relief and other consideration described in the Settlement Agreement, Plaintiffs and

4

each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents, and each of them, shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged Kronos, and its agents, subsidiaries and parents and their respective managers, employees, officers, directors, partners, members, owners, heirs, executors, predecessors, successors, assigns, insurers, agents, and attorneys from any and all past and present claims or causes of action related to BIPA, including, but not limited to, any claims arising out of BIPA, tort or privacy claims, or any other federal, state, or local statute, regulation, or common law, arising out of or related to the alleged possession, collection, capture, purchase, receipt through trade, obtaining, sale, lease, trade, profit from, disclosure, re-disclosure, dissemination, storage, transmittal, and/or protection from disclosure of alleged biometric information or biometric identifiers. For the avoidance of doubt, Defendant's customers, such as (1) Kronos's customers that are employers in Illinois, (2) Kronos's customers that use, contract for and/or utilize Kronos brand time clocks, and/or (3) Kronos Cloud Customers, are not included as Released Parties or covered by this release.

14. Accordingly, the Settlement Agreement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties.

15. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

16. The Court awards to Class Counsel $4,834,287.22 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees and reimbursable expenses associated with the Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement. In determining the attorneys' fee award, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent Settlement Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee award here, which equates to 33% of the Settlement Fund, less the amount paid for Settlement Administration Expenses and the incentive awards, is in line with fee awards provided in similar BIPA cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Class.

17. The Court awards to Plaintiff Charlene Figueroa an incentive award of $7,500 for her time and effort serving the Settlement Class in this Action. This amount shall be paid from the Settlement Fund pursuant to the terms in the Settlement Agreement.

18. The Court awards to Plaintiff Jermaine Burton an incentive award of $7,500 for his time and effort serving the Settlement Class in this Action. This amount shall be paid from the Settlement Fund pursuant to the terms in the Settlement Agreement.

19. The Court approves the appointment of Kroll Settlement Administration LLC as Settlement Administrator and approves the payment of all reasonable Settlement Administration Expenses to the Settlement Administrator, which shall not exceed $611,871.79. The final Settlement Administration Expenses shall be set forth in a final invoice to be approved by Class Counsel and shall be paid from the Settlement Fund.

20. To the extent that any check issued to a Settlement Class Member pursuant to the Settlement Agreement is not cashed within one hundred and twenty (120) days of issuance or an electronic deposit is unable to be processed within one hundred and twenty (120) days of the first attempt, such residual funds shall return to the Settlement Fund and shall be redistributed *pro rata* to Settlement Class Members who submitted Approved Claims, if feasible and in the interests of the Settlement Class. If redistribution is not feasible or if residual funds remain in the Settlement Fund after redistribution, such funds shall be paid, in equal amounts, to Legal Aid Chicago (earmarked for workers' rights representation) and the American Civil Liberties Union of Illinois (earmarked to support its Government Accountability and Personal Privacy efforts, which advocates to protect Illinoisans' privacy rights).

21. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order.

**IT IS SO ORDERED**.

December 20, 2022

JUDGE GARY S. FEINERMAN
UNITED STATES DISTRICT COURT